UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
*In re:*                                              :   **Chapter 11**
                                                      :
                                                      :   **Case No. 08-12229 (MFW)**
WASHINGTON MUTUAL, INC., et al.,                      :   **(Jointly Administered)**
                                                      :
                    Debtors.                          :   Hearing Date: April 6, 2010 at 2:00 p.m.
                                                      :   Objections Due: March 30, 2010 at 4:00 p.m.
------------------------------------------------------------x
------------------------------------------------------------x
OFFICIAL COMMITTEE OF                                 :
EQUITY SECURITY HOLDERS                               :   Adv. Proc. No. 10-50731(MFW)
                                                      :
Plaintiff,                                            :
                                                      :
v.                                                    :
                                                      :
WASHINGTON MUTUAL, INC.,                              :
                                                      :
Defendant.                                            :
------------------------------------------------------------x

**MEMORANDUM OF LAW OF THE OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

The Official Committee of Equity Security Holders (the "Equity Committee" or "Plaintiff") of Washington Mutual, Inc. ("WMI" and, together with its chapter 11 debtor-affiliate, WMI Investment Corp., the "Debtors"), by and through undersigned counsel, respectfully submits this memorandum of law in support of its motion for summary judgment, or in the alternative, to determine the automatic stay is not applicable or grant relief from the automatic stay to commence an action in Washington State court.

{00388596;v1}

## PRELIMINARY STATEMENT

The Equity Committee filed a straightforward Complaint seeking an order compelling WMI to convene a shareholder meeting as required by Washington State law and WMI's Bylaws. In contravention of Washington State law and its Bylaws, WMI has *not* held an annual meeting of its shareholders since April 15, 2008. Pursuant to Federal Rule of Civil Procedure 56(c),[1] the Equity Committee seeks summary judgment and an order directing WMI to: (1) convene a meeting of its shareholders in April 2010; (2) send notice to the shareholders of record as of March 3, 2010 (the date on which the Equity Committee filed its Complaint); (3) designate the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by WMI; and (4) enter further orders as are necessary to accomplish the purposes of the meeting. In the alternative, the Equity Committee seeks an order determining the automatic stay is not applicable or granting relief from the automatic stay to allow the Equity Committee to commence an action in Washington State court.

## FACTUAL BACKGROUND

WMI is a savings and loan holding company and formerly the owner of Washington Mutual Bank. See Exh. A: Declaration of Stewart M. Landefeld ¶1 (Oct. 10, 2008) ("Landefeld Decl.").[2] At one point, WMI was the largest savings association supervised by the United States Office of Thrift Supervision. See Press Release, United States Office of Thrift Services, Washington Mutual Acquired by JPMorgan Chase (Sept. 25, 2008) (on file with author). WMI is incorporated in the state of Washington and is headquartered in Seattle. See Landefeld Decl. ¶1. On September 25, 2008, the OTS seized Washington Mutual Bank from

---

[1] Federal Rule of Bankruptcy Procedure 7056 incorporates by reference Federal Rule of Civil Procedure 56(c). See Fed. R. Bankr. P. 7056.

2

{00388596;v1}

WMI and placed it into a Federal Deposit Insurance Corporation ("FDIC") receivership. The FDIC then sold substantially all of WMI's assets to JP Morgan Chase. See Landefeld Decl. ¶2. On September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") [Docket No. 1].

The Equity Committee represents the shareholders of WMI, including the beneficial owners of shares of preferred and common stock of WMI. WMI's shareholders are, among other things, entitled to vote in the election of WMI's board of directors at an annual meeting. Washington corporate law requires corporations like WMI to hold annual meetings of its shareholders. WASH. REV. CODE §23B.07.010 (2009). WMI's fiscal year follows the calendar year; therefore, WMI's fiscal year ended on December 31, 2007, December 31, 2008, and December 31, 2009, respectively. See Exh. B: Article X, WMI's Bylaws. In addition, Section 3.1 of WMI's Bylaws provides that WMI shall hold an annual meeting of the shareholders on the third Tuesday in April of each year. See Exh. C: Declaration of Joyce M. Presnall (Mar. 10, 2010) ("Presnall Decl."); Exh. B: Corporate Bylaws of WMI.[3]

As WMI's filings with the Securities & Exchange Commission ("SEC") indicate, WMI last held an annual shareholders' meeting on April 15, 2008. See. Exh. D: SEC Filing: WMI Schedule 14A (Mar. 14, 2008).[4]

In short, WMI has not held an annual meeting of its shareholders since April 2008; it has not sent notice to its shareholders of an annual meeting in more than two years; there is no

---

[2] The Equity Committee adopts only the statements of Mr. Landefeld cited in this memorandum of law.

[3] As with SEC documents, the court may take judicial notice of the bylaws of public corporations. See, e.g., Omaha Tribe of Nebraska v. Miller, 311 F.Supp. 2d 816, 819 n.3 (S.D. Iowa 2004) (taking judicial notice of the bylaws and corporate charter of affiliated corporations).

[4] The Court may also take judicial notice of WMI's public filings with the Securities & Exchange Commission ("SEC"). See In re NAHC, Inc. Secs. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (affirming district court's taking judicial notice of documents filed with the SEC (citing Fed. R. Evid. 201)). Accord Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 892-93 (D. Del. 1991) (holding "[j]udicial notice of public [SEC] filings is . . . appropriate under Rule 201(b)(2)).

meeting of WMI's shareholders currently scheduled. See Presnall Decl.[5]

## ARGUMENT

### A. Standard for Granting Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), the moving party is entitled to summary judgment where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment may be granted." In re IT Group, Inc., 377 B.R. 471, 475 (Bankr. D. Del. 2007) (Walrath, J.) (quoting Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). As this Court has recognized, "[s]ummary judgment . . . is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole which are designed to secure the just, speedy and inexpensive determination of every action." Bank of New York v. Epic Resorts-Palm Springs Marquis Villas, LLC (In re Epic Capital Corp.), 290 B.R. 514, 520 (Bankr. D. Del. 2003) (Walrath, J.) (quoting Celotex v. Catrett, 477 U.S. 317, 327 (1986)) (quotations omitted).

### B. Washington State Law Requires WMI To Hold An Annual Shareholders' Meeting.

Washington law provides that "a corporation shall hold a meeting of the shareholders annually for the election of directors at a time stated in or fixed in accordance with the bylaws." WASH. REV. CODE §23B.07.010(1) (2009). According to WMI's Bylaws, the annual shareholders' meeting is supposed to occur on the third Tuesday in April of each year. When a corporation fails to hold a meeting of its shareholders "within the earlier of six months after the

---

[5] WMI has not made any filings with the SEC indicating that an annual meeting has been held or scheduled since April 15, 2008. If a meeting had been held or scheduled, WMI should have filed proxy statements under Rule 14a-6 of the Securities Exchange Act of 1934 and also should have distributed an annual report to shareholders.

4

{00388596;v1}

end of the corporation's fiscal year or fifteen months after its last annual meeting," Washington law empowers the court, upon petition of a shareholder, to summarily order the corporation to hold an annual shareholders' meeting to elect directors. WAS. REV. CODE §23B.07.030(1) (2009).

WMI has entirely failed to abide by this statutory timeframe. It is undisputed that WMI last held an annual meeting of its shareholders to elect directors on or about April 15, 2008 – a period of nearly two years.

The fact that WMI operates as a debtor in possession does not obviate WMI's need to comply with the requirements of the laws of Washington State. Indeed, the Congress specifically requires that "a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager *according to the requirements of the valid laws of the State* in which the property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. §959 (emphasis added).

The Third Circuit and this Court have confirmed that a debtor in possession must abide by all state laws and may not transgress them. See City of New York v. Quanta Resources Corp. (In re Quanta Resources Group Corp.), 739 F.2d 912, 919 (3d Cir. 1984) ("Implicit in §959(b) is the notion that the goals of the federal bankruptcy laws, including rehabilitation of the debtor, do not authorize transgression of state laws setting requirements for the operation of the business even if the continued operation of the business would be thwarted by applying state laws."); ETS v. AT & T (In re PSA, Inc.), 335 B.R. 580, 587 (Bkrptcy. D. Del. 2005) (holding that "'a debtor in possession or an operating trustee in a case under the Code must comply with all applicable state laws that regulate any aspect of 'carrying on' a business. In this fundamental respect, federal bankruptcy law offers the estate representative no relief or exemption from state

regulatory law . . . .'" (quoting 1 COLLIER ON BANKRUPTCY ¶10.03 (15th ed. rev. 2005)). See also Hillis Motors, Inc. v. Hawaii Automobile Dealers'Ass'n, 997 F.2d 581, 593 (9th Cir. 1993) (finding that §959 "stands for the the uncontroversial proposition that a trustee must continue its operations in conformity with state law"). As clearly demonstrated, WMI has violated Washington corporate law by failing to hold an annual meeting to elect directors since April 2008.

Courts have recognized that a plaintiff who establishes that he is a shareholder in the company and that the company has not held a timely meeting has a "*virtually absolute*" right to hold a shareholder meeting to elect directors. See Saxon Indus., Inc. v. NKFW Partners, 488 A.2d 1298, 1301 (Del. 1984) (quoting Coaxial Communications, Inc. v. CAN Financial Corp, 367 A.2d 994 (Del. 1976)) (emphasis added); see also Newcastle Partners, L.P. v. Vesta Ins. Group, Inc., 887 A.2d 975, 979 (Del. Ch. 2005) (finding that "Delaware courts have repeatedly recognized that the policy justifications behind [the statute on annual shareholder meetings] are so strong that if the statutory elements are shown, *the right to relief is 'virtually absolute'*" (quoting Speiser v. Baker, 525 A.2d 1001 (Del. Ch. 1987)) (emphasis added).[6]

Courts also routinely have affirmed that a shareholder's state law right to have annual shareholder's meetings should not be disturbed regardless of a bankruptcy filing. In the analogous case of The Lionel Corp. v. Committee of Equity Security Holders of the Lionel Corp. (In re the Lionel Corp.), 30 B.R. 327 (Bankr. S.D.N.Y. 1983), an equity committee sought to have the directors call overdue annual shareholders' meetings, which the debtor opposed. See Lionel Corp., 30 B.R. at 328. Even though the debtor was in bankruptcy, the bankruptcy court agreed with the equity committee and affirmed its right to compel the directors "to honor their

---

[6] Like most states, Washington generally follows Delaware corporate law. See, e.g., Noble v. Lubrin, 114 Wash.App. 812, 818 (Wash. Ct. App. 2003) (noting with approval Delaware corporate law).

{00388596;v1}

fiduciary duty to the shareholder through the calling of the long overdue annual meetings . . . ." Id. at 330.

Likewise, in In re Saxon Indus., 39 B.R. 49 (Bankr. S.D.N.Y. 1984), the debtor-in-possession sought injunctive relief to enjoin the equity committee's attempt to require that an annual shareholders' meeting be held under state law. See In re Saxon Indus., 39 B.R. at 50. The bankruptcy court held: "This court will not preclude the equity committee from resorting to all available legal remedies including the state court proceeding as a vehicle for asserting their fundamental rights against Saxon...to elect directors of their choice." Id. Accord In re Marvel Entertainment Group, Inc., 209 B.R. 832, 838 (D. Del. 1997) ("The right of shareholders to be represented by directors of their choice and thus to control corporate policy is paramount")(citations omitted); see also In re Bush Terminal Co., 78 F.2d 662, 664 (2d Cir. 1935) (discussing a lack of evidence showing why shareholders should not be able to vote for a new board to be elected that will act in accordance with their wishes if they feel the current board is not acting in their best interest).

WMI violated Washington law by failing to hold an annual shareholder meeting in April 2009, and WMI has not scheduled an annual shareholder meeting for April 2010 as required by Washington law and WMI's Bylaws. And, because it is undisputed that it has been more than fifteen months since WMI last held a meeting of its shareholders, the Court may order WMI to hold an annual shareholder meeting.

Washington law also allows the Court to prescribe the general tenets of the meeting, and the Court may issue a variety of orders to, among other things:

> [F]ix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner form, and content of the meeting notice, fix the quorum required for specific

7

> matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

WASH. REV. CODE §23B.07.030(2). The Court, therefore, may issue any and all necessary orders to ensure that the meeting occurs and proceeds smoothly. The Equity Committee attaches hereto its proposed orders in accordance with the foregoing statute. See Exh. E: Proposed Orders.

Accordingly, because WMI has failed to hold a meeting as required Washington corporate law and its Bylaws, the Court should enter summary judgment in favor of the Equity Committee and enter an order compelling WMI to convene a meeting in accordance with and pursuant to the proposed orders attached hereto as Exhibit E.

### III. CONCLUSION

For the reasons stated above, the Court should grant summary judgment to the Equity Committee, and issue an order compelling WMI to: (1) convene an annual shareholders' meeting in April 2010; (2) send notice of the meeting to the shareholders of record as of March 3, 2010 (the date the Equity Committee filed its Complaint); (3) designate the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by WMI; and (4) enter further orders as necessary to accomplish the purposes of the meeting. In the alternative, the Court should determine that the automatic stay does not apply or grant relief from the automatic stay such that the Plaintiffs may seek such relief in Washington.

Dated: March 11, 2010

ASHBY & GEDDES, P.A.

*[signature]*

William P. Bowden (#2553)
Gregory A. Taylor (#4008)
Stacy L. Newman (#5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

*Proposed Delaware Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*

-and-

VENABLE LLP
Gregory A. Cross
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
gacross@venable.com

Jorian L. Rose
1270 Avenue of the Americas
New York, NY 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
jlrose@venable.com

*Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*

{00388596;v1}