IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------------------x
                                            :
In re:                                      :   Chapter 11
                                            :   Case No. 08-12229 (MFW)
WASHINGTON MUTUAL, INC., et al.,            :   (Jointly Administered)
                                            :
                       Debtors.             :
                                            :
----------------------------------------------------------------x
OFFICIAL COMMITTEE OF                       :
EQUITY SECURITY HOLDERS,                    :   Adv. Proc. No. 10-50731 (MFW)
                                            :
                       Plaintiff,           :
                                            :
           v.                               :
                                            :
WASHINGTON MUTUAL, INC.,                    :
                                            :
                       Defendant.           :
----------------------------------------------------------------x
```

**JOINDER TO THE OFFICIAL COMMITTEE OF EQUITY HOLDERS'
MOTION FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE MARY F. WALRATH,
UNITED STATES BANKRUPTCY JUDGE:

Daniel Hoffman, Morgan Bannister, Russell Endsley and Timothy Morris (the "Joining Shareholders"), by their counsel, Halperin Battaglia Raicht, LLP and Womble Carlyle Sandridge & Rice, PLLC, as and for their Joinder (this "Joinder") to the Motion For Summary Judgment Or In The Alternative, For Relief From The Automatic Stay (the "Motion") (Docket No. 3) filed by The Official Committee Of Equity Security Holders (the "Equity Committee") of Washington Mutual, Inc. (the "Debtor").

1. The Joining Shareholders hereby join the Motion. Further, and to that end, the Joining Shareholders have been authorized to represent to this Court that the 3,505 shareholders of the Debtor listed in schedule A to this Joinder also support the Motion.

2. The Debtor has not held a meeting of shareholders since 2008, and is about to skip a second consecutive annual meeting. The Debtor plans to avoid this meeting on the eve of filing a plan that professes there is no value for shareholders and will wipe them out, while leaving creditors with only the slightest of impairment. The Debtor posits that shareholder value eroded with remarkable speed prior to the chapter 11 filing, and that its plan – which will only "take a little off the top" for creditors while "scalping" shareholders -- is the best that can be done and is fair and reasonable. Until a settlement has been approved, the Debtor's board of directors (the "<u>Board</u>") has a fiduciary duty to maximize the value of the Debtor's Chapter 11 estate for the benefit of all stakeholders. These stakeholders include both creditors and shareholders of the Debtor.

3. The Board has a statutory duty, by both Washington State law and the Debtor's corporate bylaws, to conduct an annual shareholders' meeting. By failing to timely convene an annual shareholders' meeting, the Board has deprived the shareholders of their rights to participate in the governance of the Debtor at a time when the ability to exercise those rights is critical to protect their interests in Debtor's estate. The Joining Shareholders believe that their interests are not being promoted and protected by the Board and that to protect those interests the Joining Shareholders (and, generally, all shareholders) must be allowed the opportunity to replace the Board, by means of a shareholders' meeting, with a slate of directors which will fully represent their interests.

4. Shareholders need a fresh look at the Debtor and its bankruptcy case. Before they are told that this plan represents the best that can be done and is fair and reasonable, they are entitled to exercise their lawful corporate governance rights and decide whether a new board should be elected to take a fresh look at the Debtor, its case, and the propriety of the deal that has been cut with no input from the Equity Committee or the Debtor's shareholders to whom the board still has a fiduciary duty.

5. For the foregoing reasons, the Joining Shareholders respectfully urge this Court to grant the Motion, and grant such other and further relief as may be just and proper.

Dated: April 7, 2010

WOMBLE CARLYLE SANDRIDGE
& RICE, PLLC

By: *Ericka F. Johnson*
Steven K. Kortanek (DE Bar No. 3106)
Ericka F. Johnson (DE Bar No. 5024)
222 Delaware Avenue, Suite 1501
Wilmington, DE 19801
Telephone: 302-252-4363

and

HALPERIN BATTAGLIA RAICHT, LLP
Counsel to the Joining Shareholders
Alan D. Halperin
Robert D. Raicht
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: 212-765-9100

Counsel to the Joining Shareholders