UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---

*In re*

WASHINGTON MUTUAL, INC., et al.[1]

    Debtors.

---

OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS

    Plaintiff

- against -

WASHINGTON MUTUAL, INC.,

    Defendant

---

Chapter 11

Case No. 08-12229 (MFW)

Jointly Administered

Adversary Proceeding No. 10-50731 (MFW)

**DEBTOR'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT**

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The principal offices of the Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

# DEBTOR'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Washington Mutual, Inc. ("WMI" or the "Debtor"), by its undersigned counsel, in its Answer to the Complaint (the "Complaint") of the Official Committee of Equity Security Holders (the "Equity Committee") seeking an order compelling WMI to hold an annual meeting of its shareholders (the "Action"), hereby admits, denies and/or asserts as follows:

## GENERAL DENIAL

Except as otherwise expressly admitted, Debtor denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, prayer, headings, and subheadings of the Complaint. Pursuant to Federal Rule of Civil Procedure 8(b)(6), as made applicable to this action by Fed R. Bankr. P. 7008, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Debtor expressly reserves the right to seek to amend and/or supplement this Answer, as may be necessary.

> **Complaint 1:** This action is brought as a result of Debtor's failure to convene its annual shareholders' meeting for nearly two years. Debtor, a publicly traded company, has also failed to submit required annual and quarterly reports, including financial statements, with the U.S. Securities and Exchange Commission ("SEC") for two years. Consequently, Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors.

**Answer:** Debtor denies the allegations in Paragraph 1 of the Complaint, except Debtor states that the allegation that the Debtor has failed to file "required annual and quarterly reports, including financial statements" is a conclusion of law to which no response is required and is otherwise denied; and the allegations set forth in the final sentence of Paragraph 1 of the

2

Complaint and as to the Debtor's alleged status as a "publicly traded company" are too vague to require a response and are otherwise denied.

        **Complaint 2:** Plaintiff seeks an order pursuant to RCW 23B.07.030(1)(a) summarily compelling Debtor to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.07.030(2).

**Answer:** Debtor denies the allegations in Paragraph 2 of the Complaint, except states that the allegations purporting to describe Washington law state a legal conclusion as to which no response is required, and denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

        **Complaint 3:** This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 959, 1334, and Bankruptcy Rule 7001. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Answer:** The allegations set forth in Paragraph 3 of the Complaint state a conclusion of law to which no response is required, but, to the extent a response is required, the Debtor admits this Court has jurisdiction over this adversary proceeding, and respectfully refers the Court to 28 U.S.C. §§ 157, 959, 1334, Bankruptcy Rule 7001, and 28 U.S.C. § 157(b)(2) for the content thereof.

        **Complaint 4:** Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409.

**Answer:** Debtor states that the allegations set forth in Paragraph 4 of the Complaint state a conclusion of law as to which no response is required, but, to the extent a response is required, the Debtor admits venue of this adversary proceeding in this Court is proper , and respectfully refers the Court to 28 U.S.C. §§ 1408 and 1408 for the content thereof.

## PARTIES

**Complaint 5:** WMI is a corporation organized and existing under the laws of the State of Washington. It maintains its registered office in Thurston County, Washington. WMI's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

**Answer:** Debtor admits the allegations set forth in Paragraph 5 of the Complaint

**Complaint 6:** The Office of the United States Trustee appointed the Official Committee of Equity Security Holders on January 11, 2010 (the "Equity Committee") [Docket No. 2130]. On January 27, 2010, the Equity Committee filed an Application to Employ Venable LLP ("Venable") as counsel nunc pro tunc to January 11, 2010 [Docket No. 2256], and the Court entered an Order approving Venable's employment on February 22, 2010 [Docket No. 2404].

**Answer:** Debtor denies the allegations in Paragraph 6 of the Complaint, except respectfully refers the Court to the documents referenced for the content thereof.

## FACTUAL ALLEGATIONS

**Complaint 7:** WMI is a savings bank holding company and the owner of Washington Mutual Bank, which was the largest savings and loan association in the United States of America. On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized Washington Mutual Bank from WMI and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC sold the banking subsidiaries (minus unsecured debt or equity claim to JP Morgan Chase for $1.9 billion. The next day, September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States.

**Answer:** Debtor denies the allegations in Paragraph 7 of the Complaint, except admits OTS seized WMB on September 25, 2008 and placed it into the receivership of the FDIC; states the allegations that WMI is "a savings bank holding company and the owner of Washington Mutual Bank," that the "FDIC sold the banking subsidiaries (minus unsecured debt or equity claim to JP Morgan Chase for $1.9 billion)" and that "Debtor filed a voluntary petition

4

for relief under Chapter 11 of Title 11 of the United States" are conclusions of law to which no response is required, and otherwise denies except respectfully refers the Court to the Purchase and Assumption agreement between JP Morgan Chase ("JPMC") and the FDIC and the Debtor's petition for protection under chapter 11 for the full content therein.

> **Complaint 8:** WMI has issued approximately 3 million shares of Class R Preferred Stock, approximately 20 million shares of Class K preferred stock, and approximately 1.7 billion shares of common stock.

**Answer:** Debtor denies the allegations in Paragraph 8 of the Complaint, except admits WMI has issued approximately 3 million shares of Series R Non-Cumulative Perpetual Convertible Preferred Stock ("Series R Preferred Stock"), and admits WMI has issued approximately 1.7 billion shares of common stock.

> **Complaint 9:** Members of the Equity Committee are shareholders of WMI and the beneficial owners of shares of preferred and common stock of WMI. They are entitled to vote in the election of directors of WMI at an annual meeting.

**Answer:** Debtor denies the allegations in Paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore denies same, and states the second sentence of Paragraph 9 is a conclusion of law to which no response is required and is otherwise denied.

> **Complaint 10:** RCW 23B.07.030(1) provides that the superior court of the county in which a corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting, if an annual meeting was not held within the earlier of six months after the end of the corporation's fiscal year or fifteen months after

5

its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

**Answer:** Debtor states that the allegations set forth in Paragraph 10 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.030(1) for the content thereof.

**Complaint 11:** WMI's 2007 fiscal year follows the calendar year, and therefore ended on December 31, 2007.

**Answer:** Debtor admits the allegations in Paragraph 11 of the Complaint.

**Complaint 12:** WMI's last annual shareholder meeting was held on or about April 20, 2008.

**Answer:** Debtor denies the allegations in Paragraph 12 of the Complaint, and avers that WMI last held an annual meeting of its shareholders on April 15, 2008, and that it held a special meeting of its shareholders on June 24, 2008.

**Complaint 13:** WMI's 2008 fiscal year ended on December 31, 2008, and an annual WMI shareholders' meeting was not held within six months after the end of WMI's 2008 fiscal year.

**Answer:** Debtor admits the allegations in Paragraph 13 of the Complaint.

**Complaint 14:** An annual WMI shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

6

**Answer:** Debtor admits the allegations in Paragraph 14 of the Complaint.

**Complaint 15:** WMI's 2009 fiscal year ended December 31, 2009. WMI has not set a date for an annual meeting of shareholders in 2010, which, under WMI's Bylaws, would normally by [*sic*] held on April 20, 2010.

**Answer:** Debtor denies the allegations in Paragraph 15 of the Complaint, except admits WMI's 2009 fiscal year ended December 31, 2009, admits it has not set a date for an annual meeting of shareholders in 2010, and respectfully refers the Court to the WMI Bylaws for the content therein.

**Complaint 16:** WMI has not taken any action by written consent to elect WMI directors in lieu of an annual meeting.

**Answer:** The allegations set forth in Paragraph 16 of the Complaint, which fail to specify any time frame, are so generalized and vague as to require no response and are therefore denied.

**Complaint 17:** RCW 23B.07.010 provides that a corporation shall hold an annual meeting of shareholders for the purpose of electing directors.

**Answer:** Debtor states that the allegations set forth in Paragraph 17 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.010 for the content thereof.

**Complaint 18:** RCW 23B.07.030(2) provides that the court may, after notice to the corporation, fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for

7

RLF1 3557726v 1

> specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

**Answer:** Debtor states that the allegations set forth in Paragraph 18 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.030(2) for the content thereof.

> **Complaint 19:** WMI should be compelled to schedule and hold an annual shareholders' meeting on a date certain, pursuant to RCW 23B.07.030 and 23B.07.010.

**Answer:** Debtor denies the allegations in Paragraph 19 of the Complaint, and denies the Plaintiff is entitled to any relief whatsoever.

## **DEFENSES, AFFIRMATIVE DEFENSES, AND RESERVATION OF RIGHTS**

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. Debtor expressly reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense and/or affirmative defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend this Answer to assert any such defense and/or affirmative defense. Debtor hereby incorporates into this Answer and asserts any and all defenses asserted or pled in this proceeding by any other party to the extent the defenses are applicable to the Debtor under the facts and law.

Debtor has not knowingly or intentionally waived any applicable affirmative defenses. Debtor presently lacks sufficient knowledge or information on which to form a belief as to whether they may have as yet unstated affirmative defenses, and expressly reserves all

rights with respect to all affirmative defenses that may be revealed during the course of discovery or otherwise. Debtor further reserves all rights to assert any and all applicable defenses or affirmative defenses against Plaintiff.

Debtor asserts the following defenses and affirmative defenses, without assuming the burden of proof when the burden of proof would otherwise be on Plaintiff:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff is not a real party in interest with respect to some or all of its claims.

### Third Defense

Plaintiff lacks standing to assert some or all of its claims.

### Fourth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105 and Washington law RCW 23B.07.030.

### Fifth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105.

### Sixth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to Washington law RCW 23B.07.030.

### Seventh Defense

Requested relief should be denied because it constitutes "clear abuse" as defined under relevant case law.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with applicable procedures under federal securities law, Washington law, or the Debtor's corporate regulations, including but not limited to its Amended Articles of Incorporation, Bylaws, or board resolutions.

### Ninth Defense

Some or all of the Plaintiff's claims and requested relief should be denied as seeking to obtain substantive rights the Plaintiff does not presently have--either under the law, via contract, or otherwise--and which the Court does not have authority in law or equity to grant.

### Tenth Defense

Requested relief should be denied as improper because granting it could force the Debtor to violate federal securities laws.

### Eleventh Defense

Plaintiff's claims are not justiciable.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by waiver.

### Fourteenth Defense

By virtue of its conduct, Plaintiff is estopped from asserting the claims in the Complaint.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unlawful conduct.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the release of Plaintiff's claims.

### Seventeenth Defense

Plaintiff's claims, in whole or in part, have been or will be discharged in the bankruptcy.

### Eighteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Nineteenth Defense

Plaintiff's Complaint is barred, in whole or in part, for failure to comply with applicable rules under the Federal Rules of Bankruptcy Procedure.

### Twentieth Defense

Requested relief should be denied pursuant to the automatic stay provisions under 11 U.S.C. § 362(a), relief from which is unwarranted and without a showing of "cause," which the Plaintiff has not even attempted to make.

### Twenty-First Defense

Relief requested should be denied under the court's equitable and/or inherent authorities.

### Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Twenty-Third Defense

Plaintiff's requested relief should be denied as impossible to implement in the timeframe requested.

### Twenty-Fourth Defense

Debtor reserves the right to assert additional affirmative defenses of which it becomes aware during the course of the litigation of this matter.

# DEBTOR'S COUNTERCLAIM

The Debtor, through its undersigned counsel, brings the following Counterclaim against the Equity Committee. The Debtor asserts and expressly reserves all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery, including the right to amend to assert any counterclaims or cross-claims that may hereafter be revealed during discovery.

## NATURE OF ACTION

1. This suit is brought to protect the integrity, equity and progress to date of the Debtor's chapter 11 proceedings, to avoid waste of the assets of the Debtor's estate, and in pursuit of an efficient and equitable distribution of the Debtor's assets to the benefit of all parties in interest, which is the purpose of these chapter 11 proceedings.

2. The Debtor seeks an order, pursuant to 11 U.S.C. § 105, enjoining the Equity Committee from bringing suit or prosecuting an action, in any forum, that seeks to compel a meeting of WMI shareholders.

## JURISDICTION AND VENUE

3. This is an action pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 541, 544, 547, 548, and 550.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

5. Venue is proper in this Court under 28 U.S.C. § 1409(b).

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PARTIES

7. Counterclaim-Plaintiff Washington Mutual, Inc. ("WMI" or the "Debtor") is a corporation organized under the laws of the State of Washington with its principal place of business located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

8. Counterclaim-Defendant the Official Committee of Equity Security Holders (the "Equity Committee") was appointed by the U.S. Trustee.

## FACTUAL ALLEGATIONS

9. Since the Petition Date, the Debtor has worked diligently to maximize the value of its estate, pursuing billions of dollars in claims through complex litigation, and filing thirty omnibus claims objections to date.

10. The Debtor, the Creditors' Committee, JPMC, the FDIC and other significant parties in interest have engaged in protracted and hard-fought negotiations seeking to reach a global resolution of the many issues of dispute among the parties. On March 12, 2010, these efforts bore fruit, as the Debtor, JPMC, the FDIC, and several of the Debtor's significant creditor constituencies reached a global agreement (the "Agreement").

11. On March 26, 2010, the final day to file during the exclusivity period, the Debtor filed its Plan, referencing and incorporating the Agreement, and a disclosure statement in connection therewith (the "Disclosure Statement"). The Debtor anticipates seeking Court-approval of the Disclosure Statement as soon as the final terms of the Agreement are documented.

12. Under the Plan, the preferred shareholders of WMI are out of the money by over $400 million, and the common shareholders of WMI are more than $8 billion further out of the money than the preferred shareholders.

13. Under the WMI Amended Articles of Incorporation, under no circumstances at an annual meeting of shareholders could preferred shareholders have a right to vote, as a group, for more than two directors, which would be added to the current total of nine directors (of the eleven authorized seats) now serving on the WMI board. Therefore, only common shareholders have voting rights sufficient to precipitate a change in control of WMI via the election of directors at an annual meeting.

14. The U.S. Trustee formed the Equity Committee so that the interests of shareholders of the Debtor would have a voice in these chapter 11 cases. Yet, just two months after its formation, the Equity Committee seeks to abandon this sensible and balanced approach, and seize a dominant position over the other parties, and the entire rehabilitation process, by reconstituting the board of the Debtor with their own nominees for director.

15. In pursuit of this design, the Equity Committee seeks to compel the Debtor to hold an annual meeting of its shareholders for the purpose of election of directors beholden to the Plaintiffs. It does so in order to see the Debtor withdraw the Plan, repudiate the Agreement, and undo the tremendous progress toward rehabilitation of the Debtor and repayment of creditors made over the past 18 months of these chapter 11 proceedings and over one year of negotiation of the Agreement.

16. Through its Action and the relief it requests, the Equity Committee seeks to exercise control over property of the Debtor's estate.

17. The Equity Committee has publicly stated its opposition to the Agreement and the Plan.

18. Permitting the Equity Committee to call such a meeting poses a serious threat and real jeopardy to the Agreement, the Plan, and the Debtor's reorganization. The Plan and the Debtor's reorganization are based upon the Agreement, which is sufficiently tentative and tenuous such that it

will not survive the dislocation engendered by a shareholders meeting. The Agreement was reached only after many compromises by the Debtor, its creditors, the FDIC, and JPMC. If the Agreement is upset, the Plan will likely not be confirmed, and the chapter 11 cases will be disrupted significantly. The current negotiating postures of the parties will change significantly. This will most certainly mean a return to aggressive positions held previously in the chapter 11 cases, erasing over a year's worth of progress toward a negotiated settlement.

19. Pursuant to Washington law, a WMI common shareholder could have applied to the court seeking an order to compel an annual meeting at any time since July 15, 2009. Yet, prior to filing of the Equity Committee's Complaint, neither the Equity Committee, any of its individual members, any WMI shareholder, nor any party had done so. The Equity Committee's motion for summary judgment on its Complaint (the "Motion") was filed less than 24 hours prior to announcement before this Court that the Agreement had been reached, and that under its terms equity would receive no recovery.

20. The Equity Committee has requested the Court compel an annual meeting on April 24, 2010, less than three weeks from the deadline for responding to its Motion. *See* Proposed Order at ¶ 2, attached to Plaintiff's Memorandum of Law in support of the Motion.

21. The Equity Committee has asked the Court to compel the Debtor to distribute the Equity Committee's (as yet unnamed) nominees for director with the Debtor's own proxy materials. *See* Proposed Order at ¶ 2j, attached to Plaintiff's Memorandum of Law in support of the Motion.

22. Compelling an issuer of public securities to include a dissident slate of directors on its own proxy disclosure statement and proxy ballot is contrary to applicable federal law.

23. The Equity Committee requested the Court "[d]irect that the votes represented at the [annual] meeting constitute a quorum." See Proposed Order at ¶ 2f, attached to Plaintiff's Memorandum of Law in support of the Motion.

24. Under the WMI Bylaws, the director candidates receiving a plurality of votes are to be seated as directors. See Bylaws section 3.11.2.

25. If a shareholder meeting is called, creditor constituencies are likely to move for appointment of a chapter 11 trustee, causing substantial delay and leading to submission of competing plans. The problems and complexities of the proceedings would increase exponentially. These events would have a deleterious effect on the Chapter 11 cases, causing significant diminution in value and forcing creditors to go without recovery for a significantly longer period of time than already endured.

26. Shareholders of WMI have a voice in the confirmation process of the Plan via the Equity Committee.

27. 11 U.S.C. § 105 grants this court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

28. The Court also has discretionary authority pursuant to Revised Code of Washington ("RCW") section 23B.07.030, which states: "The superior court of the county in which the corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held .... On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting ...." (emphasis added).

16

RLF1 3557726v 1

## COUNTERCLAIM

### Legal Action By Plaintiff That Seeks To Compel a Meeting of WMI Shareholders Should Be Stayed Pursuant to Court's Authority Under 11 U.S.C. § 105(a)

29. Debtor repeats and re-alleges each and every allegation contained in the preceding paragraphs 1-28.

30. In a desperate, self-interested, and reckless attempt to scuttle the Plan, which leaves its constituents out of the money, the Equity Committee seeks to seize control of the Debtor. Plaintiff's scheme is to convince this Court to compel a hasty annual meeting, force the Debtor (contrary to law) to bear the cost of a proxy contest by including the Plaintiff's slate of hand-picked directors on the Debtor's proxy materials, and gain a waiver of quorum. In combination, these series of requests could, within a matter of weeks, allow a handful of common shareholders – who are over $8 billion out of the money – to seize control of the Debtor, withdraw the Plan, and terminate the Agreement, erasing 18 months of progress in these proceedings and doing irreparable harm to the Debtor and its creditors – the true parties in interest of these Chapter 11 proceedings.

31. To allow this result would be antithetical to very purpose and principles of the Bankruptcy Code--equitable and efficient distribution of a debtor's assets and a fresh start for the debtor. In order to protect the integrity and equity of these Chapter 11 cases, preserve this Court's expertise and management over the settlement process, and maintain the delicate balance of interests among the stakeholders that would be jeopardized by a change in control of the Debtor at this critical juncture in the proceedings, this Court should stay Plaintiff's Action and/or otherwise bar the Equity Committee from seeking relief in Washington state court, or any other forum, in order to compel a WMI shareholders meeting.

## **PRAYER FOR RELIEF**

WHEREFORE, Debtor WMI respectfully requests that the Court enter judgment in favor of Debtor, and:

    (a) Issue an Order staying Plaintiff's Action and/or otherwise enjoining Plaintiff from bringing suit, or otherwise seeking judicial relief in any forum, to compel a WMI shareholders meeting.

    (b) Granting Debtor such other legal or equitable relief as is just and proper.


Dated: April 7, 2010
       Wilmington, Delaware

/s/

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-- and --

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007