IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| *In re* <br><br> WASHINGTON MUTUAL, INC., et al.[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 08-12229 (MFW) <br><br> Jointly Administered |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, <br><br> Plaintiff <br><br> - against - <br><br> WASHINGTON MUTUAL, INC., <br><br> Defendant | Adversary Proceeding No. 10-50731 (MFW) |

## DECLARATION OF BRIAN S. ROSEN IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, BRIAN S. ROSEN, hereby declares, under penalty of perjury, as follows:

1. I am a member of the bars of the State of New York and the Commonwealth of Massachusetts and a member of the law firm of Weil, Gotshal & Manges LLP, attorneys for Washington Mutual, Inc. ("WMI") and WMI Investment Corp. (with WMI, the "Debtors") in this adversary proceeding. I submit this declaration pursuant to Federal Rule of Civil Procedure 56(f), applicable herein pursuant to Federal Rule of Bankruptcy Procedure

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

7056, in support of the Debtors' opposition (the "Opposition") to the motion of Plaintiff, the Official Committee of Equity Security Holders (the "Equity Committee") for entry of an order granting summary judgment (the "Motion").[2]

2. The Equity Committee filed the Motion on March 11, 2010, shortly after commencing this Action on March 3, 2010. There has been no discovery conference in this Action. The Debtors have not yet had the opportunity to take any discovery of the Equity Committee. The Opposition establishes genuine disputed issues of fact that require denial of the Motion. However, in the alternative and, at a minimum, the Debtors require discovery in order to establish further factual disputes and fully and properly oppose the Motion.

3. The Debtors' Opposition asserts that the Equity Committee's actions, in seeking to call a shareholders meeting, constitutes a clear abuse of the Chapter 11 Cases and exhibits its intent and willingness to jeopardize the compromise and settlement among the Debtors, JPMorgan Chase, N.A. ("JPMC"), the Federal Deposit Insurance Corp. (in its capacity as receiver for Washington Mutual Bank and in its corporate capacity, the "FDIC"), and certain other parties in interest (the "Agreement"), the recently-filed Joint Plan of Affiliated Debtors (the "Plan"), and the Debtors' reorganization. In the alternative, however, discovery is appropriate to further demonstrate that: (a) the Equity Committee has commenced the Action because it is seeking to undermine the Agreement, the Plan, and the Debtors' reorganization; (b) the Equity Committee has not properly considered the fragile nature of the Agreement before commencing the Action; and (c) the Equity Committee does not believe that there is any alternative, confirmable plan of reorganization that it would support and does not believe there is an alternative litigation strategy that will be effective in improving the value of the Debtors' estates.

---

[2] Capitalized terms not immediately defined shall have the meanings ascribed to them in the Motion.

Discovery is also appropriate to determine: (a) if the Equity Committee has the resources to nominate a slate of directors or issue its own proxy statement; (b) to identify which individuals the Equity Committee intends to have included on any putative slate of directors; and (c) the qualifications of any such putative directors and whether they would be fit or otherwise suitable to carry out fiduciary duties to all of the Debtors' stakeholders, including creditors.

4. The Opposition also establishes that, at a minimum, there is a genuine dispute of fact concerning the Debtors' insolvency. In the alternative, discovery is appropriate to demonstrate that the Equity Committee has no basis for placing inflated values on the Debtors' assets, including the causes of action that have been asserted for the estates' benefit.

5. In addition to document production, depositions of the members of the Equity Committee (and/or their constituents and/or their professionals and other agents) will be necessary.

I certify that the foregoing statements are true and correct to the best of my knowledge information and belief.

Dated: New York, New York
April 7, 2010

/s/ Brian Rosen
Brian S. Rosen