# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adv. Pro. No. 10-50731 (MFW)<br><br>Related Docket Nos. 1, 3, 4, 7, 8, 9, 11, 14, 15, 19, 20, 26 |

## APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ORAL ARGUMENT

Pursuant to Rule 7007-3 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, plaintiff the Official Committee of Equity Security Holders (the "Equity Committee or "Plaintiff"), by and through their respective attorneys, respectfully requests that the Court schedule oral argument in connection with *The Official Committee of Equity Security Holders' Motion for Summary Judgment, or In the Alternative, for Relief from the Automatic Stay* [Adv. D.I. 3] (the "Motion for Summary Judgment") as soon as the Court's calendar permits, and in support of this Application, the Equity Committee respectfully states as follow:

---

[1] Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

{00398721;v1}

1. On March 3, 2010, the Equity Committee filed its Complaint against debtor Washington Mutual Inc. ("WMI") commencing Adv. Pro. No. 10-50731 (MFW) in which the Equity Committee seeks an order from this Court compelling WMI to hold a long overdue annual shareholders meeting (Adv. Dkt. No. 1). On March 11, 2010, the Equity Committee filed the Motion for Summary Judgment, which has been fully briefed as reflected on the *Notice of Completion of Briefing* contemporaneously filed with this Application.

2. On April 21, 2010, the Court granted, in part, the Equity Committee's Motion for Summary Judgment concluding that the automatic stay does not preclude the filing or prosecution of an action by shareholders of WMI in Washington state court to compel WMI to convene an annual shareholders meeting.[2] The Court entered an Order on April 26, 2010 (Adv. Dkt. No. 20) memorializing the Court's April 21st ruling.

3. On April 26, 2010, two WMI shareholders ("Plaintiffs") filed a Complaint to Compel Shareholders' Meeting (the "Shareholders' Complaint") in the Superior Court for the State of Washington for the County of Thurston commencing Case No. 10-2-00854-1 (the "Shareholder Action"). On May 5, 2010, Plaintiffs filed a *Motion to Compel Shareholders' Meeting* that was scheduled to be considered by the Washington state court on June 11, 2010.

4. On May 13, 2010, WMI filed a *Notice of Removal of the Shareholder Action* ("Notice of Removal") to the United States District Court for the Western District of Washington, and by reference and applicable local rules, to the United States Bankruptcy Court for the Western District of Washington. A copy of WMI's Notice of Removal is attached hereto as **Exhibit A**. In support of the Notice of Removal, WMI submitted the Declaration of William C. Rava, a copy of which is attached hereto as **Exhibit B**.

---

[2] Transcript of Hearing, Apr. 21, 2010 (Dkt. No. 3593), at 64-65.

5. In its Notice of Removal, WMI made arguments in support of federal jurisdiction under the Bankruptcy Code that are almost identical to the arguments it unsuccessfully made in this Court when it opposed relief that would permit shareholders to commence a state-court action in Washington for the purpose of compelling a shareholders meeting.

6. Also on May 14, 2010, WMI filed in the Washington Bankruptcy Court, to which it had removed the Shareholder Action, its *Motion to Transfer, Stay, or Dismiss the Instant Action* (the "Motion to Transfer"), a copy of which is attached hereto as **Exhibit C**. In the Motion to Transfer, WMI argues that the Shareholder Action "should be transferred, stayed, or dismissed, so that Plaintiff's claim can be litigated in the context of the Adversary Proceeding in the Delaware Bankruptcy Court." (Motion to Transfer 1) The Motion to Transfer is scheduled to be considered by the Washington Bankruptcy Court on June 11, 2010. In order to expedite a decision on the merits of the Shareholder Action, Plaintiffs advised WMI that they would consent to the immediate transfer of the Shareholder Action to this Court, which was one of the alternative forms of relief that WMI requested in its Motion to Transfer. WMI, however, *refused to consent to entry of an order granting the relief it requested.* Thus, it quickly became apparent that WMI's goal is not to obtain a decision on the merits of the Shareholder Action in the forum it believes to be most appropriate, but rather to do everything possible to delay *any decision at all*.

7. Thus, in a nutshell, what has happened is this: This Court held that notwithstanding the pendency of this bankruptcy case, WMI shareholders were permitted to commence a state-court action for the purpose of exercising their state-law statutory rights to participate in the governance of WMI – specifically to seek an order compelling WMI to hold a shareholders meeting at which equity owners would have the opportunity to vote for directors. In

the face of that order, and in a transparent effort to delay any such meeting while continuing to push forward in this Court with its proposed Global Settlement and proposed Plan of Reorganization, WMI has removed the state court action to bankruptcy court and moved to have it transferred to this Court - despite the Court's prior decision allowing the action to proceed in state court – but to create even further delay has refused to stipulate to an immediate transfer order.

8. As this Court is well aware, time is of the essence if a shareholder meeting is to have any real meaning for WMI's owners. The Equity Committee's Motion for Summary Judgment is fully briefed and seeks essentially the same relief as sought by Plaintiffs in the Shareholder Action. WMI has asserted that this Court is the appropriate forum to decide the claims asserted in the Shareholder Action, and therefore the Equity Committee now asks this Court to decide those claims in order to avoid any further delay in obtaining a decision on the ultimate requested relief. Accordingly, the Equity Committee respectfully requests that the Court schedule argument on the Motion for Summary Judgment as soon as the Court's calendar permits so that a decision on the merits of the claims asserted therein may be obtained without any further undue delay.

Dated: May 20, 2010

**ASHBY & GEDDES, P.A.**

*/s/ William P. Bowden*
William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
E-mail:  wbowden@ashby-geddes.com
 gtaylor@ashby-geddes.com
 snewman@ashby-geddes.com

*Co-Counsel to the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*

-And-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
E-mail:
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-mail:
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel for the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*