# **EXHIBIT A**

RECEIVED
MAY 13 2010
SCHWABE, WILLIAMSON & WYATT

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC.,<br><br>Debtor. | Case No. 08-12229-MFW<br>District of Delaware<br><br>Chapter 11 |
| ESOPUS CREEK VALUE LP and<br>MICHAEL WILLINGHAM<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adversary No. _____<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure, Rule 101(e) of the Local Civil Rules of the U.S. District Court for the Western District of Washington (the "District Court"), and Local Bankruptcy Rule 9027-1 of the U.S. Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"), and without waiving any and all applicable defenses at law and in equity to the

NOTICE OF REMOVAL – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18307356.1

Case 10-04136-PBS    Doc 1    Filed 05/13/10    Entered 05/13/10 12:36:07    Page 1 of 13

claim asserted in the Washington State Action (as defined below), defendant Washington Mutual, Inc. ("WMI") hereby gives notice that it has removed the Washington State Action from the Superior Court of the State of Washington, for the County of Thurston, to the District Court, and, by reference and local rules, from the District Court to the Bankruptcy Court.[1] This notice is supported by the Declaration of William C. Rava ("Rava Decl.") and exhibits attached thereto. In support thereof, WMI states as follows:

1. On September 26, 2008, WMI and WMI Investment Corp. (collectively, "Debtors") each filed cases under title 11 of chapter 11 of the U.S. Code in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") (Chapter 11 Case No. 08-12229, Jointly Administered (Walrath, J.)).

2. On March 26, 2010, Debtors filed a proposed joint plan of reorganization (the "Plan"). The Plan's confirmation hearing is scheduled for July 20, 2010. A key component of the Plan is the proposed global settlement (the "Settlement") of Debtors' multi-billion dollar claims against, *inter alia*, JPMorgan Chase, N.A. ("JPMC") and the Federal Deposit Insurance Corp. ("FDIC"), arising from the sale of assets pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008. the provisions of the Settlement have been agreed to by WMI, JPMC and significant creditor groups of WMI, as of this date, the FDIC has some remaining concerns. However, discussions among the parties are ongoing, and they are hopeful that such agreement will be obtained in the near future.

3. On March 3, 2010, the Official Committee of WMI Equity Security Holders (the "Equity Committee") filed an adversary proceeding (the "Adversary Proceeding")

---

[1] At the same time as the filing of this Notice of Removal, WMI is separately moving under 28 U.S.C. § 1412 to transfer the Washington State Action from this Court to the U.S. District Court for the District of Delaware.

NOTICE OF REMOVAL – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18307356.1

(Adversary Proceeding Case No. 10-50731 (Walrath, J.)) in the Delaware Bankruptcy Court seeking an order under Revised Code of Washington (the "RCW") 23B.07.030 and 23B.01.010 compelling WMI to expend substantial estate resources to immediately convene and hold an annual WMI shareholders' meeting for the nomination and election of WMI's board of directors. The Equity Committee's adversary complaint alleges that the Adversary Proceeding constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b). Rava Decl., Ex. A, ¶ 3. The Equity Committee's stated purpose in filing the Adversary Proceeding is to replace WMI's current board of directors with a slate of directors that will oppose the Plan and Settlement, under which WMI's shareholders will not receive economic distributions.

4. On March 11, 2010, the Equity Committee filed a motion for summary judgment under Federal Rule of Bankruptcy Procedure 7056 or, in the alternative, for relief from the automatic stay. Rava Decl., Ex. B.

5. On April 7, 2010, WMI opposed the Equity Committee's summary judgment motion, Rava Decl., Ex. C; answered the Equity Committee's adversary complaint and asserted a counterclaim for relief under 11 U.S.C. § 105(a), alleging, *inter alia*, that because WMI was insolvent and the Equity Committee's attempt to force WMI to convene and hold an annual WMI shareholders' meeting constitutes "clear abuse," the Delaware Bankruptcy Court should "stay" the Adversary Proceeding "and/or otherwise bar the Equity Committee from seeking relief in Washington state court, or any other forum, in order to compel a WMI shareholders meeting." Rava Decl., Ex. D ¶ 31.

6. On April 26, 2010, after finding that it had jurisdiction over the Adversary Proceeding under 28 U.S.C. §§ 157 and 1334 and that the Adversary Proceeding constituted a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2), the Delaware Bankruptcy

NOTICE OF REMOVAL – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18307356.1

Case 10-04136-PBS    Doc 1    Filed 05/13/10    Entered 05/13/10 12:36:07    Page 3 of 13

Court found the automatic stay "inapplicable to an action by any one or more shareholders of WMI . . . seeking to compel WMI to hold an annual shareholders meeting. . . ." Rava Decl., Ex. E ¶ 1. The Delaware Bankruptcy Court made clear, however, that the "foregoing is without prejudice to the rights of WMI to contest the relief requested in any such action in any such court" and that the "relief granted herein does not affect, nor is it intended to affect, the rights of WMI with respect to the Counterclaim. . . ." *Id.* ¶ 2. Thus, the Counterclaim is still pending in the Delaware Bankruptcy Court.

7. On April 26, 2010, plaintiffs Esopus Creek Value LP and Michael Willingham (collectively, "Plaintiffs") sued WMI in the Superior Court of the State of Washington, for the County of Thurston (Case No. 10-2-00854-1) (the "Washington State Action"), asserting the same claim seeking the same relief as the Equity Committee in the Adversary Proceeding. Rava Decl., Ex. F. On May 4, 2010, Plaintiffs amended this complaint, asserting the same claim seeking the same relief against the same defendant as in the original complaint. Rava Decl., Ex. G.

8. On May 5, 2010, Plaintiffs moved to compel the holding of a WMI annual shareholders' meeting. Rava Decl., Ex. H.

9. 28 U.S.C. § 1452(a) permits removal of "any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if [the] district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Under 28 U.S.C. § 1334(b), district courts have original (but not exclusive) jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).

10. The Washington State Action is "related to" WMI's chapter 11 case and constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The

NOTICE OF REMOVAL – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18307356.1

pleadings filed in the Washington State Action and the state court docket sheet are attached to the Report of State Court Proceedings, to be filed herein. Further, in accordance with Bankruptcy Rules 9027(b) and 9027(c), WMI will serve a copy of this Notice of Removal on all parties to the Washington State Action and will file a copy of this Notice of Removal with the clerk for the Superior Court of the State of Washington, for the County of Thurston.

WHEREFORE WMI removes the action in its entirety now pending in the Superior Court of the State of Washington, for the County of Thurston, styled *Esopus Creek Value LP and Michael Willingham v. Washington Mutual, Inc.* (Case No. 10-2-00854-1), to the District Court and, by reference and local rules, from the District Court to the Bankruptcy Court.

DATED: May 13, 2010

PERKINS COIE LLP

By: /s/ John S. Kaplan
John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
Penny Fields, WSBA No. 36024
PFields@perkinscoie.com
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Washington Mutual, Inc.

NOTICE OF REMOVAL – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

53000-0005/LEGAL18307356.1

Case 10-04136-PBS    Doc 1    Filed 05/13/10    Entered 05/13/10 12:36:07    Page 6 of 13

# Exhibit A

4. Plaintiffs seek an order pursuant to RCW 23B.070.030(1)(a), summarily compelling Defendant to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.070.030(2).

## II. PARTIES

5. Michael Willingham is an individual who resides in Pittsburg, Texas.

6. Michael Willingham is the beneficial owner of approximately 1,030,000 shares of common stock in WaMu.

7. Michael Willingham is a shareholder of WaMu.

8. Michael Willingham is entitled to vote in the election of directors of WaMu at an annual meeting.

9. Esopus Creek Value LP ("Esopus") is a limited partnership organized and existing under the laws of the State of Delaware.

10. Esopus maintains its principal place of business at 150 JFK Parkway, Suite 100, Short Hills, New Jersey 07078.

11. Esopus is the beneficial owner of the following equity securities of WaMu: approximately 100,000 shares of common stock and approximately 15,000 shares of preferred stock.

12. Esopus is a shareholder of WaMu.

13. Esopus is entitled to vote in the election of directors of WaMu at an annual meeting.

14. WaMu's fiscal year is the same as the calendar year and ends on December 31.

15. WaMu's last annual shareholder meeting was held on or about April 15, 2008.

16. WaMu is a corporation organized and existing under the laws of the State of Washington.

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

PDX/121991/175276/CJF/5932052.1

Case 10-04136-PBS    Doc 1    Filed 05/13/10    Entered 05/13/10 12:36:07    Page 9 of 13

17. WaMu maintains its registered office in Thurston County, Washington.

18. WaMu's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

19. WaMu is a savings bank holding company and the owner of Washington Mutual Bank, which was the largest savings and loan association in the United States of America.

20. On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized Washington Mutual Bank from WaMu and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC").

21. The FDIC sold WaMu's banking subsidiaries (minus unsecured debt or equity claim) to JP Morgan Chase for $1.9 billion.

22. The holding company, WaMu, was left with $33 billion in assets and $8 billion in debt after being stripped of its banking subsidiary by the FDIC.

23. On September 26, 2008, Defendant filed for Chapter 11 voluntary bankruptcy in Delaware.

24. On April 21, 2010, the Honorable Mary Walrath held that the automatic bankruptcy stay did not apply to bar shareholders from exercising their corporate governance rights.

### III. VENUE AND JURISDICTION

25. This court has jurisdiction over this matter pursuant to RCW 23B.07.030 and Washington law.

26. WaMu's registered office is in Thurston County, Washington.

27. Venue is proper in Thurston County.

### IV. CAUSE OF ACTION

28. Washington statute, at RCW 23B.07.030(1), provides that the superior court of the county in which a corporation's registered office is located may, after notice to the

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

PDX/121991/175276/CJF/5932052.1

Case 10-04136-PBS    Doc 1    Filed 05/13/10    Entered 05/13/10 12:36:07    Page 10 of 13

corporation, summarily order a meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting, if an annual meeting was not held within the earlier of six months after the end of the corporation's fiscal year or fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if: (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

29. Plaintiffs are shareholders of WaMu, and Plaintiffs are entitled to vote in the election of directors of WaMu at an annual meeting.

30. WaMu's registered office is in Thurston County, Washington.

31. WaMu's fiscal year runs from January 1 to December 31.

32. WaMu has not held an annual shareholders' meeting since April 15, 2008.

33. WaMu held a special shareholders meeting on or about June 24, 2008. The special shareholders meeting was for the purpose of raising capital.

34. An annual WaMu shareholders' meeting was not held within six months after the end of WaMu's 2008 fiscal year.

35. An annual WaMu shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

36. Washington statute, at RCW 23B.07.030(2), also provides that the court may, after notice to the corporation, fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for specific matters to be considered at

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

1 the meeting, or direct that the votes represented at the meeting constitute a quorum for
2 approval of those matters, and enter other orders necessary to accomplish the purpose or
3 purposes of the meeting.

4     37. WaMu has not set a date for an annual meeting of shareholders in 2010.

5     38. WaMu did not hold an annual meeting within 15 months after its last annual
6 meeting.

7     39. WaMu has not taken any action by written consent to elect WaMu directors in
8 lieu of an annual meeting.

9     40. WaMu should be compelled to schedule and hold an annual shareholders'
10 meeting on a date certain, pursuant to RCW 23B.07.030.

11     WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

12     A. Directing Defendant to promptly convene and hold an annual shareholders'
13 meeting for the nomination and election of directors;

14     B. Designating the time and place of the annual meeting, as well as the form of
15 notice of the meeting to be delivered to all shareholders by Defendant; and

16     C. Entering further orders as necessary to accomplish the purposes of the
17 meeting.

18     Dated this 4th day of May, 2010.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____
Bert W. Markovich, WSBA #13580
Colin Folawn, WSBA #34211
Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

PDX/121991/175276/CJF/5932052.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2010, I caused to be served the foregoing FIRST AMENDED COMPLAINT TO COMPEL SHAREHOLDERS' MEETING on the following parties at the following address:

Tom Boeder
William Rava
PERKINS COIE
1201 Third Avenue, Ste 4800
Seattle, WA 98101
Tel: 206.359.8000
Fax: 206.359.9000
Email: tboeder@perkinscoie.com
Email: wrava@perkinscoie.com

*Counsel for Defendant*

by:

- [ ] U.S. Postal Service, ordinary first class mail
- [ ] U.S. Postal Service, certified or registered mail, return receipt requested
- [x] hand delivery
- [ ] facsimile
- [x] electronic service
- [ ] other (specify) _____

_____
Mary A. Williams

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 6

PDX/121991/175276/CJF/5932052.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460