availability of the statement to all shareholders at least 40 calendar days prior to the annual

meeting date, *see* 17 C.F.R.§ 240.14a-16. Kosturos Dec. ¶ 15.

In recognition of this federal law, other courts have allowed for a reasonable delay of an

annual meeting in order to permit issuers in arrears on production of audited financials sufficient

time to comply with the SEC proxy rules. *See e.g., In re Allied Holdings, Inc.,* 2007 Bankr.

LEXIS 1598 (Bankr. N.D. Ga. Apr. 19, 2007) (denying motion to compel debtor to hold a

shareholders' meeting to the extent debtor would be required to do so without complying with

applicable federal securities regulations); *see also Newcastle Partners,* 887 A.2d at 977

(affording company 90 days to comply with securities laws).

So that WMI may comply with federal securities laws, if the Court were somehow

inclined to grant the Motion, WMI should be afforded at least 180 days to procure audited

financial statements for 2008 and 2009 to be issued with the requisite proxy statements.

2. ***Request To Have The Equity Committee's Director Slate Included On Debtors' Proxy Statements Should Be Denied***

Indicating it is either unable or unprepared to assume the cost of its insurgent proxy

battle, the Equity Committee asks this Court to require WMI to include the Equity Committee's

hand-picked slate of board nominees on WMI's "meeting notice, proxy materials, including

proxies (if any), and on the agenda of the annual meeting." (Proposed Order at 2j). This

extraordinary request violates well-settled law: (1) companies are not required to include

dissident candidates in their proxy materials and (2) companies are not required to fund the costs

of a contested board election.

---

$5.64 per copy   72 F.R. 42222-01, 42231, SEC Release No. 34-56135 (17 CFR PART 240, Final Rule, July 26, 2007).

RLF1 3557711v 2

**Exhibit C
C-51**

Federal securities law provides WMI an indisputable statutory right to refuse to include a dissident slate of shareholder nominees for director in its own proxy materials. Under paragraph (i)(8) of rule 14a-8 of the Exchange Act, a company may exclude from its own proxy statement any shareholder proposal that "relates to a nomination or an election for membership on the company's board of directors or analogous governing body or a procedure for such nomination or election." 17 C.F.R. § 240.14a-8(i)(8).[21]

While shifting the financial burden would be beneficial to the Equity Committee, it simply has no legal support in any context. It is the shareholders themselves, not the Debtors' estates, who must bear the costs associated with a contested election. *See Trap Rock*, 138 B.R. at 424 ("In the event that the Equity Committee succeeds on the merits, and an annual meeting is directed, counsel for the Equity Committee may not be compensated for any services performed beyond the adversary proceeding in connection with the shareholders' meeting. All shareholder costs and expenses with respect to [the debtor's] annual meeting must be borne by the shareholders themselves").[22] The Equity Committee offers no authority for its unsupportable request, slipped into its proposed order and unreferenced in its brief.

---

[21] *See also* Thomas Lee Hazen, 3 TREATISE ON THE LAW OF SECURITIES REGULATION 273 (6th ed. 1995) ("The broadly stated rule provides that a proposal may be excluded if it 'relates to an election for membership on the company's board of directors or analogous governing body '"); *id*. at 281 ("Management may exclude shareholder proposals relating to a specific election and the nominees running for office ..."). Indeed, "in November 2007 the SEC reaffirmed its longstanding position that companies may exclude from their proxy materials any Rule 14a-8 proposals (whether binding or precatory) that relate to 'shareholder access' – a procedure allowing shareholders to place the names of their board nominees directly on the company's proxy card." 1721 PLI/Corp 241, "Inching Towards A New Proxy Environment: Recent Developments" 247 & n.6 (February 18, 2009).

[22] *See also* 1791 PLI/Corp 299, "Regulatory Reform and Developments in the Areas of Proxy" (February 17, 2010) ("A shareholder may prepare and distribute its own proxy materials, obtaining a list of shareholders from the issuer ... *all at the shareholders' cost*") (emphasis added); Blake Smith, "Proxy Access and the Internet Age: Using Electronic Shareholder Forums to Improve Corporate Governance," 2008 Columbia Bus. L Rev. 111, 1114 (2008) ("The SEC rules enumerate thirteen categories of shareholder proposals that a corporation may elect to exclude from its proxy materials," including "a

Exhibit C
C-52

In short, there is simply no legal support for the dramatic cost-shifting of an insurgent proxy contest that the Equity Committee demands. After trial, if the Equity Committee is successful in replacing WMI's board, it will always be able to file an application to this Court to have its expenses allowed as administrative claims pursuant to section 503(b)(3)(D) of the Bankruptcy Code. Particularly given the fact that shareholders are out of the money, the estates should not be forced to include the Equity Committee's slate on their proxy and should not be forced to bear the costs of the Equity Committee's proxy campaign. For this reason, too, the relief requested in the Motion should be denied.[23]

### D. Plaintiff's Request for Alternative Relief is Improper, the Automatic Stay Applies, and, In Any Event, the Court Should Stay this Action

#### 1. The Equity Committee's Request for a Ruling on the Applicability of the Automatic Stay Should Be Denied As An Improper Request for an Advisory Opinion

Although it commenced this Action, the Equity Committee has alternatively asked this court, "to determine the automatic stay is not applicable or grant relief from the automatic stay to commence an action in Washington State court." (Pl. Memo. at 1). Having filed its Motion requesting summary judgment here, this Court has a "virtually unflagging obligation" to exercise

---

shareholder proposal 'if the proposal related to ... an election for membership on the company's board of directors or analogous governing body.'").

[23] Again without briefing or discussion, the Equity Committee has asked the Court to alter the quorum requirement for taking action at a shareholder meeting as defined in WMI's Bylaws to "direct that the votes represented at the meeting constitute a quorum." Proposed Order at 2.f.[1] Quorums are generally altered if there is concern that a large shareholder may frustrate a shareholder meeting by refusing to attend. *See* Model Business Corporations Act, section 7.03, Official Comment No. 4 (2005) (reasoning that quorum altering is designed to "prevent[] a holder of the majority of the votes (who may not desire that a meeting be held) from frustrating the court-ordered meeting by not attending to prevent the existence of a quorum.") The Equity Committee has stated no such cause. Rather, by pursuing this requested relief, the Equity Committee seeks to effectively empower itself with the power to unilaterally direct the Debtors' course. Such a concentration of power is inappropriate and beyond the contemplation of the U.S. Trustee or this Court in refusing to disband the Equity Committee. Waiver of quorum is therefore neither necessary or appropriate, and the request should be denied.

**Exhibit C**
**C-53**

the jurisdiction given it. *Colo. River Water Conservation Dist. v United States*, 424 U.S. 800, 817 (U.S. 1976). The Equity Committee's request for stay relief is made in the alternative – there is no real case or controversy for the Court to resolve prior to ruling on summary judgment. Evincing the fact that it's request for a ruling on the automatic stay is not ripe, the Equity Committee's "briefing" is limited to one sentence found in the introductory and conclusion paragraphs of its brief, asserting in conclusory fashion that, "[i]n the alternative, the Court should determine that the automatic stay does not apply or grant relief from the automatic stay such that Plaintiffs may seek such relief in Washington." (Pl. Mem. at 8). This is an improper request for an advisory opinion that should be rejected. *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410 (3d Cir. 1992) ("The ripeness doctrine stems from the requirements of Article III of the U.S. Constitution, which prohibits federal courts from issuing advisory opinions.").

  2. *The Automatic Stay Applies and the Equity Committee Has Failed to Show Cause For Relief Therefrom*

  The automatic stay offers debtors a "breathing spell" by stopping *all actions* asserted against them, permitting debtors the time and resources necessary to formulate a plan for reorganization or rehabilitation, and repayment of creditors. *See McCartney v. Integra National Bank North*, 106 F.3d 506, 509 (3d Cir. 1997). The plain text of section 362(a)(3) provides for the automatic stay of "any act . . . to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Here, the Equity Committee seeks to replace the Debtors' board of directors in order to garner "control" and dominion over the management of *all* the estates' assets. Thus, the plain language of the automatic stay instructs that the Equity Committee's action is indeed stayed. *See Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

  Courts have found that attempts by stakeholders to exercise their rights to elect directors to a debtor in possession's board constitute attempts "to exercise control over property of the

**Exhibit C**
**C-54**

estate." *See, e.g., In re Fairmont Communications Corp.*, No. 92-B-44861 (slip op.)

(Bankr. S.D.N.Y. Mar. 3, 1993); *In re Bicoastal Corp.*, 1989 Bankr. LEXIS 2046 (Bankr. M.D.

Fla. 1989). Although these decisions are based in part upon the shareholders' joint status as

creditors, the language of the statute does not call for an assessment of what the "act ... to

exercise control over property of the estate" arises out of or for what it is motivated. Rather, the

Bankruptcy Code stays automatically "*any* act" and applies to "*all* entities." 11 U.S.C.

§ 362(a)(3) (emphasis added).[24]

Assuming *arguendo* the automatic stay applies, the Equity Committee does not make a

single argument in support of its request to lift the automatic stay and thus, by definition, falls far

short of establishing "cause." 11 U.S.C. § 362(d)(1). As discussed above, the Equity

Committee's "briefing" is limited to one conclusory sentence in its brief. It cannot be said that

the Equity Committee has satisfied its "heavy and possibly insurmountable burden of proving

that the balance of hardships tips significantly in favor of granting relief." *In re W.R. Grace &

Co.*, 2007 WL 1129170, at *2 (Bankr. D. Del. Apr. 13, 2007) (the party seeking relief from

automatic stay bears the burden). Failure by the Equity Committee to carry its burden alone

---

[24] In *In re Marvel Entertainment Group, Inc.*, 209 B.R. 832 (D. Del. 1997), a decision that is not binding authority on this Court, the court found that "the automatic stay provisions of the Bankruptcy Code are not implicated by the exercise of shareholders' corporate governance rights." *Id.* at 838. However, the key "exercise control" language of section 362(a)(3) was not in the Bankruptcy Code until it was added by the 1984 Amendment to the Bankruptcy Code. *See* Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. No. 98-353, § 441(a)(2), 98 Stat. 333 (1984). As a result, this language was not applicable in *any* of the cases cited by *Marvel*, including *Manville*, 801 F.2d at 60. Thus, *Marvel's* finding was based entirely upon cases that had not considered the Bankruptcy Code as currently effective. *Marvel* did conclude that the "exercise control" language was inapplicable based upon its assessment of legislative intent, determining that "if Congress had intended such a marked departure from well-established law, the legislative history of the 1984 amendment would contain some indication of that intention." *Marvel*, 209 B.R. at 838. However, the Supreme Court has stated that "statutory interpretation begins with the language of the statute itself," *Pennsylvania Dep't of Pub. Welfare v Davenport*, 495 U.S. 552, 557-58 (1990), and "time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Germain*, 503 U.S. at 253-54.

Exhibit C
C-55

"requires a denial of the requested relief." *Id.*; *see also, e.g., In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990) ("If the movant fails to make an initial showing of cause... the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.").

The Equity Committee has waived any argument that it may show cause for stay-relief. "A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *See International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir. 1992) (refusing to consider an issue raised for the first time in a reply brief); *see also Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 204-05 n. 29 (3d Cir. 1990). The stay should remain in full force and effect and the Action should not proceed.

### 3. If Inapplicable, the Automatic Stay Should be Extended Pursuant to the Exercise of this Court's Equitable Powers

Even if this Court were to find that the automatic stay were not applicable in the first instance, it should extend the stay using its power under section 105 of the Bankruptcy Code and enjoin further prosecution of this Action in any forum. The Third Circuit has endorsed the extension of the automatic stay where such litigation "could interfere with the reorganization of the debtor, or would interfere with, deplete or adversely affect property of the estates or which would frustrate the statutory scheme of chapter 11 or diminish the debtor's ability to formulate a plan of reorganization." *Gerard v. W.R. Grace & Co. (In re W.R. Grace & Co.)*, 115 Fed. Appx. 565, 570 (3d Cir. 2004) (*citing In re A. H. Robins Co.*, 828 F.2d 1023, 1026 (4th Cir. 1987) (staying action against debtor's insurer because action "will put a substantial burden on [the debtor and] it will detract from the reorganization process") and *Johns-Manville Corp. v. Asbestos Litig. Group (In re Johns-Manville Corp.)*, 26 B.R. 420, 436 (Bankr. S.D.N.Y. 1983)

**Exhibit C
C-56**

*vacated in part*, 41 B.R. 926 (S.D.N.Y. 1984) (extending the automatic stay under § 362

pursuant to § 105(a) against non-debtors)) (internal citation omitted).[25]  While these grounds

alone are sufficient to demand extension of the stay, the Debtors have a right to enhanced

protection from the interference and distraction of outside litigation during the exclusivity

period. *See In re I Burack, Inc.*, 132 B.R. 814, 817-818 (Bankr. S.D.N.Y. 1991) ("It is

generally recognized that during the exclusivity period ... [a] claimholder should not be

permitted to pursue litigation against the debtor in another court unless extraordinary

circumstances are shown.") (internal citation omitted).

Moreover, the Third Circuit has held that the automatic stay may be extended where

"unusual circumstances" exist, including where the action will have an adverse impact on the

debtor's ability to accomplish reorganization. *See McCartney v. Integra Nat'l Bank North*, 106

F.3d 506, 509-10 (3d Cir. 1997). Here, for all the reasons adopted by the Third Circuit, there can

be no question that unusual circumstances exist that justify extending the automatic stay.

Beyond simply threatening to "interfere with the reorganization" of the Debtors, if the Action

were allowed to proceed, the Equity Committee will seek to replace the Debtors' board of

directors and almost certainly withdraw support of the Plan and Agreement, risking everything

accomplished to date in the Chapter 11 Cases. The value that the Plan and Agreement provide to

be recovered for the benefit of the Debtors' estates would be depleted and replaced with a "swing

for the fences" litigation strategy that very likely will only further deplete value and delay

distributions to creditors. At best, if the Action were to proceed, the Equity Committee would no

doubt attempt to extract a recovery for shareholders, notwithstanding that creditors will not be

---

[25]  *See also Belcufine v. Aloe*, 112 F.3d 633, 637 n.5 (3d Cir. 1997) (stating that the *Robbins* rationale for
extending the automatic stay "has since been adopted by this Circuit").

**Exhibit C**
**C-57**

paid in full, thus frustrating the statutory scheme of chapter 11. *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3d Cir. 1998) provides a clear example of the adverse impact the Action threatens to impose on the Chapter 11 Cases. After certain bondholders foreclosed upon common stock and removed and replaced the Marvel board, the chapter 11 case spiraled out of control. There were ever-escalating litigations and disputes, and an overarching "lack of confidence all creditors had in the [new board's] ability to act as fiduciaries." *Id* at 473. Less than six months after the new board took control, the district court withdrew the reference and ordered the appointment of a chapter 11 trustee to replace the board, and the Third Circuit affirmed. *Id.* at 467-69, 478. It took the chapter 11 trustee another seven expensive months to stabilize Marvel and confirm a plan of reorganization. *See In re Marvel Entertainment Group*, 234 B.R. 21, 23 (D. Del. 1999).

Additionally, as of April 7, 2010, in its Answer to the Equity Committee's Complaint, the Debtors will have asserted a counterclaim, requesting that the Court enjoin further prosecution of this Action – in any forum – pursuant to its inherent power under section 105 of the Bankruptcy Code (the "Counterclaim"). Such authority has been exercised in similar circumstances in the past and is fully appropriate here. *See Trap Rock*, 138 B.R. at 424 (court enjoined prosecution of an action to compel a shareholder meeting in any forum other than in the bankruptcy court); *see also In re Phila. Newspapers, LLC*, 407 B.R. 606, 618 (E.D. Pa. 2009) (affirming bankruptcy court's grant of injunction enjoining suit against non-debtors); *Lane v. Phila. Newspapers, LLC (In re Phila. Newspapers, LLC)*, 2010 U.S. Dist. LEXIS 1881, *15 (E.D. Pa. Jan. 11, 2010) (same). In view of the fact that this Court will, presumably, adjudicate the Debtors' Counterclaim -- a core proceeding over which a Washington state court would have no

Exhibit C
C-58

jurisdiction -- judicial economy alone precludes authorizing the Equity Committee to take up this

Action in state court.

### CONCLUSION

For the reasons stated, the Motion should be denied.

Dated: April 7, 2010
       Wilmington, Delaware

                    /s/ Mark D. Collins

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-- and --

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**Exhibit C**
**C-59**

# Exhibit D

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

———————————————————— X
)
*In re*                                         )
)                    Chapter 11
WASHINGTON MUTUAL, INC., et al.[1]              )
)                    Case No. 08-12229 (MFW)
Debtors.                     )
)                    Jointly Administered
)
———————————————————— )
)
OFFICIAL COMMITTEE OF EQUITY              )
SECURITY HOLDERS                         )                    Adversary Proceeding No. 10-50731 (MFW)
)
Plaintiff        )                    **DEBTOR'S ANSWER AND**
)                    **COUNTERCLAIM**
- against -       )                    **TO PLAINTIFF'S COMPLAINT**
)
WASHINGTON MUTUAL, INC.,                  )
)
Defendant       )
———————————————————— X

---

[1]    The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The principal offices of the Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

**Exhibit D**
**D-61**

RLF1 3557726v 1



0812229100407000000000025

## DEBTOR'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Washington Mutual, Inc. ("WMI" or the "Debtor"), by its undersigned counsel, in its Answer to the Complaint (the "Complaint") of the Official Committee of Equity Security Holders (the "Equity Committee") seeking an order compelling WMI to hold an annual meeting of its shareholders (the "Action"), hereby admits, denies and/or asserts as follows:

### GENERAL DENIAL

Except as otherwise expressly admitted, Debtor denies each and every allegation in the Complaint, including, without limitation, any allegations contained in the preamble, prayer, headings, and subheadings of the Complaint. Pursuant to Federal Rule of Civil Procedure 8(b)(6), as made applicable to this action by Fed R. Bankr. P 7008, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. Debtor expressly reserves the right to seek to amend and/or supplement this Answer, as may be necessary.

**Complaint 1:** This action is brought as a result of Debtor's failure to convene its annual shareholders' meeting for nearly two years. Debtor, a publicly traded company, has also failed to submit required annual and quarterly reports, including financial statements, with the U.S. Securities and Exchange Commission ("SEC") for two years. Consequently, Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors.

**Answer:** Debtor denies the allegations in Paragraph 1 of the Complaint, except Debtor states that the allegation that the Debtor has failed to file "required annual and quarterly reports, including financial statements" is a conclusion of law to which no response is required and is otherwise denied; and the allegations set forth in the final sentence of Paragraph 1 of the

**Exhibit D**
**D-62**

Complaint and as to the Debtor's alleged status as a "publicly traded company" are too vague to require a response and are otherwise denied.

> **Complaint 2:** Plaintiff seeks an order pursuant to RCW 23B.07.030(1)(a) summarily compelling Debtor to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.07.030(2).

**Answer:** Debtor denies the allegations in Paragraph 2 of the Complaint, except states that the allegations purporting to describe Washington law state a legal conclusion as to which no response is required, and denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

> **Complaint 3:** This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 959, 1334, and Bankruptcy Rule 7001. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Answer:** The allegations set forth in Paragraph 3 of the Complaint state a conclusion of law to which no response is required, but, to the extent a response is required, the Debtor admits this Court has jurisdiction over this adversary proceeding, and respectfully refers the Court to 28 U.S.C. §§ 157, 959, 1334, Bankruptcy Rule 7001, and 28 U.S.C. § 157(b)(2) for the content thereof.

> **Complaint 4:** Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409.

**Answer:** Debtor states that the allegations set forth in Paragraph 4 of the Complaint state a conclusion of law as to which no response is required, but, to the extent a response is required, the Debtor admits venue of this adversary proceeding in this Court is proper , and respectfully refers the Court to 28 U.S.C. §§ 1408 and 1408 for the content thereof.

**Exhibit D**
**D-63**

RLF1 3557726v 1

## PARTIES

**Complaint 5:** WMI is a corporation organized and existing under the laws of the State of Washington. It maintains its registered office in Thurston County, Washington. WMI's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

**Answer:** Debtor admits the allegations set forth in Paragraph 5 of the Complaint

**Complaint 6:** The Office of the United States Trustee appointed the Official Committee of Equity Security Holders on January 11, 2010 (the "Equity Committee") [Docket No. 2130]. On January 27, 2010, the Equity Committee filed an Application to Employ Venable LLP ("Venable") as counsel nunc pro tunc to January 11, 2010 [Docket No. 2256], and the Court entered an Order approving Venable's employment on February 22, 2010 [Docket No. 2404].

**Answer:** Debtor denies the allegations in Paragraph 6 of the Complaint, except

respectfully refers the Court to the documents referenced for the content thereof.

## FACTUAL ALLEGATIONS

**Complaint 7:** WMI is a savings bank holding company and the owner of Washington Mutual Bank, which was the largest savings and loan association in the United States of America. On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized Washington Mutual Bank from WMI and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC sold the banking subsidiaries (minus unsecured debt or equity claim to JP Morgan Chase for $1.9 billion. The next day, September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States.

**Answer:** Debtor denies the allegations in Paragraph 7 of the Complaint, except

admits OTS seized WMB on September 25, 2008 and placed it into the receivership of the FDIC;

states the allegations that WMI is "a savings bank holding company and the owner of

Washington Mutual Bank," that the "FDIC sold the banking subsidiaries (minus unsecured debt

or equity claim to JP Morgan Chase for $1.9 billion)" and that "Debtor filed a voluntary petition

**Exhibit D**
**D-64**

4

for relief under Chapter 11 of Title 11 of the United States" are conclusions of law to which no response is required, and otherwise denies except respectfully refers the Court to the Purchase and Assumption agreement between JP Morgan Chase ("JPMC") and the FDIC and the Debtor's petition for protection under chapter 11 for the full content therein.

**Complaint 8:** WMI has issued approximately 3 million shares of Class R Preferred Stock, approximately 20 million shares of Class K preferred stock, and approximately 1.7 billion shares of common stock.

**Answer:** Debtor denies the allegations in Paragraph 8 of the Complaint, except admits WMI has issued approximately 3 million shares of Series R Non-Cumulative Perpetual Convertible Preferred Stock ("Series R Preferred Stock"), and admits WMI has issued approximately 1.7 billion shares of common stock.

**Complaint 9:** Members of the Equity Committee are shareholders of WMI and the beneficial owners of shares of preferred and common stock of WMI. They are entitled to vote in the election of directors of WMI at an annual meeting.

**Answer:** Debtor denies the allegations in Paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore denies same, and states the second sentence of Paragraph 9 is a conclusion of law to which no response is required and is otherwise denied.

**Complaint 10:** RCW 23B.07.030(1) provides that the superior court of the county in which a corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting, if an annual meeting was not held within the earlier of six months after the end of the corporation's fiscal year or fifteen months after

· 5 ·

its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

**Answer:** Debtor states that the allegations set forth in Paragraph 10 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.030(1) for the content thereof.

**Complaint 11:** WMI's 2007 fiscal year follows the calendar year, and therefore ended on December 31, 2007.

**Answer:** Debtor admits the allegations in Paragraph 11 of the Complaint.

**Complaint 12:** WMI's last annual shareholder meeting was held on or about April 20, 2008.

**Answer:** Debtor denies the allegations in Paragraph 12 of the Complaint, and avers that WMI last held an annual meeting of its shareholders on April 15, 2008, and that it held a special meeting of its shareholders on June 24, 2008.

**Complaint 13:** WMI's 2008 fiscal year ended on December 31, 2008, and an annual WMI shareholders' meeting was not held within six months after the end of WMI's 2008 fiscal year.

**Answer:** Debtor admits the allegations in Paragraph 13 of the Complaint.

**Complaint 14:** An annual WMI shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

**Exhibit D**
**D-66**

6

**Answer:**    Debtor admits the allegations in Paragraph 14 of the Complaint.


**Complaint 15:** WMI's 2009 fiscal year ended December 31, 2009. WMI has not set a date for an annual meeting of shareholders in 2010, which, under WMI's Bylaws, would normally by [sic] held on April 20, 2010.

**Answer:**    Debtor denies the allegations in Paragraph 15 of the Complaint, except admits WMI's 2009 fiscal year ended December 31, 2009, admits it has not set a date for an annual meeting of shareholders in 2010, and respectfully refers the Court to the WMI Bylaws for the content therein.


**Complaint 16:** WMI has not taken any action by written consent to elect WMI directors in lieu of an annual meeting.

**Answer:**    The allegations set forth in Paragraph 16 of the Complaint, which fail to specify any time frame, are so generalized and vague as to require no response and are therefore denied.


**Complaint 17:** RCW 23B.07.010 provides that a corporation shall hold an annual meeting of shareholders for the purpose of electing directors.

**Answer:**    Debtor states that the allegations set forth in Paragraph 17 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.010 for the content thereof.


**Complaint 18:** RCW 23B.07.030(2) provides that the court may, after notice to the corporation, fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for

7

> specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

**Answer:** Debtor states that the allegations set forth in Paragraph 18 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.030(2) for the content thereof.

> **Complaint 19:** WMI should be compelled to schedule and hold an annual shareholders' meeting on a date certain, pursuant to RCW 23B.07.030 and 23B.07.010.

**Answer:** Debtor denies the allegations in Paragraph 19 of the Complaint, and denies the Plaintiff is entitled to any relief whatsoever.

## DEFENSES, AFFIRMATIVE DEFENSES, AND RESERVATION OF RIGHTS

The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon Plaintiff. Debtor expressly reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense and/or affirmative defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend this Answer to assert any such defense and/or affirmative defense. Debtor hereby incorporates into this Answer and asserts any and all defenses asserted or pled in this proceeding by any other party to the extent the defenses are applicable to the Debtor under the facts and law.

Debtor has not knowingly or intentionally waived any applicable affirmative defenses. Debtor presently lacks sufficient knowledge or information on which to form a belief as to whether they may have as yet unstated affirmative defenses, and expressly reserves all

**Exhibit D**
**D-68**

RLF1 3557726v 1

rights with respect to all affirmative defenses that may be revealed during the course of discovery or otherwise. Debtor further reserves all rights to assert any and all applicable defenses or affirmative defenses against Plaintiff.

Debtor asserts the following defenses and affirmative defenses, without assuming the burden of proof when the burden of proof would otherwise be on Plaintiff:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff is not a real party in interest with respect to some or all of its claims.

### Third Defense

Plaintiff lacks standing to assert some or all of its claims.

### Fourth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105 and Washington law RCW 23B.07.030 .

### Fifth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105.

### Sixth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to Washington law RCW 23B.07.030.

### Seventh Defense

Requested relief should be denied because it constitutes "clear abuse" as defined under relevant case law.

**Exhibit D**
**D-69**

RLF1 3557726v 1

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with applicable procedures under federal securities law, Washington law, or the Debtor's corporate regulations, including but not limited to its Amended Articles of Incorporation, Bylaws, or board resolutions.

### Ninth Defense

Some or all of the Plaintiff's claims and requested relief should be denied as seeking to obtain substantive rights the Plaintiff does not presently have--either under the law, via contract, or otherwise--and which the Court does not have authority in law or equity to grant.

### Tenth Defense

Requested relief should be denied as improper because granting it could force the Debtor to violate federal securities laws.

### Eleventh Defense

Plaintiff's claims are not justiciable.

### Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by waiver.

### Fourteenth Defense

By virtue of its conduct, Plaintiff is estopped from asserting the claims in the Complaint.

### Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unlawful conduct.

### Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the release of Plaintiff's claims.

### Seventeenth Defense

Plaintiff's claims, in whole or in part, have been or will be discharged in the bankruptcy.

**Exhibit D**
**D-70**

RLF1 3557726v 1

## Eighteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## Nineteenth Defense

Plaintiff's Complaint is barred, in whole or in part, for failure to comply with applicable rules under the Federal Rules of Bankruptcy Procedure.

## Twentieth Defense

Requested relief should be denied pursuant to the automatic stay provisions under 11 U.S.C. § 362(a), relief from which is unwarranted and without a showing of "cause," which the Plaintiff has not even attempted to make.

## Twenty-First Defense

Relief requested should be denied under the court's equitable and/or inherent authorities.

## Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## Twenty-Third Defense

Plaintiff's requested relief should be denied as impossible to implement in the timeframe requested.

## Twenty-Fourth Defense

Debtor reserves the right to assert additional affirmative defenses of which it becomes aware during the course of the litigation of this matter.

## DEBTOR'S COUNTERCLAIM

The Debtor, through its undersigned counsel, brings the following Counterclaim against the Equity Committee. The Debtor asserts and expressly reserves all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery, including the right to amend to assert any counterclaims or cross-claims that may hereafter be revealed during discovery.

### NATURE OF ACTION

1.  This suit is brought to protect the integrity, equity and progress to date of the Debtor's chapter 11 proceedings, to avoid waste of the assets of the Debtor's estate, and in pursuit of an efficient and equitable distribution of the Debtor's assets to the benefit of all parties in interest, which is the purpose of these chapter 11 proceedings.

2.  The Debtor seeks an order, pursuant to 11 U.S.C. § 105, enjoining the Equity Committee from bringing suit or prosecuting an action, in any forum, that seeks to compel a meeting of WMI shareholders.

### JURISDICTION AND VENUE

3.  This is an action pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 541, 544, 547, 548, and 550.

4.  The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

5.  Venue is proper in this Court under 28 U.S.C. § 1409(b).

6.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Exhibit D**
**D-72**

RLF1 3557726v 1

## THE PARTIES

7.     Counterclaim-Plaintiff Washington Mutual, Inc. ("WMI" or the "Debtor") is a corporation organized under the laws of the State of Washington with its principal place of business located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

8.     Counterclaim-Defendant the Official Committee of Equity Security Holders (the "Equity Committee") was appointed by the U.S. Trustee.

## FACTUAL ALLEGATIONS

9.     Since the Petition Date, the Debtor has worked diligently to maximize the value of its estate, pursuing billions of dollars in claims through complex litigation, and filing thirty omnibus claims objections to date.

10.     The Debtor, the Creditors' Committee, JPMC, the FDIC and other significant parties in interest have engaged in protracted and hard-fought negotiations seeking to reach a global resolution of the many issues of dispute among the parties. On March 12, 2010, these efforts bore fruit, as the Debtor, JPMC, the FDIC, and several of the Debtor's significant creditor constituencies reached a global agreement (the "Agreement").

11.     On March 26, 2010, the final day to file during the exclusivity period, the Debtor filed its Plan, referencing and incorporating the Agreement, and a disclosure statement in connection therewith (the "Disclosure Statement"). The Debtor anticipates seeking Court-approval of the Disclosure Statement as soon as the final terms of the Agreement are documented.

12.     Under the Plan, the preferred shareholders of WMI are out of the money by over $400 million, and the common shareholders of WMI are more than $8 billion further out of the money than the preferred shareholders.

**Exhibit D**
**D-73**

RLF1 3557726v 1

13. Under the WMI Amended Articles of Incorporation, under no circumstances at an annual meeting of shareholders could preferred shareholders have a right to vote, as a group, for more than two directors, which would be added to the current total of nine directors (of the eleven authorized seats) now serving on the WMI board. Therefore, only common shareholders have voting rights sufficient to precipitate a change in control of WMI via the election of directors at an annual meeting.

14. The U.S. Trustee formed the Equity Committee so that the interests of shareholders of the Debtor would have a voice in these chapter 11 cases. Yet, just two months after its formation, the Equity Committee seeks to abandon this sensible and balanced approach, and seize a dominant position over the other parties, and the entire rehabilitation process, by reconstituting the board of the Debtor with their own nominees for director.

15. In pursuit of this design, the Equity Committee seeks to compel the Debtor to hold an annual meeting of its shareholders for the purpose of election of directors beholden to the Plaintiffs. It does so in order to see the Debtor withdraw the Plan, repudiate the Agreement, and undo the tremendous progress toward rehabilitation of the Debtor and repayment of creditors made over the past 18 months of these chapter 11 proceedings and over one year of negotiation of the Agreement.

16. Through its Action and the relief it requests, the Equity Committee seeks to exercise control over property of the Debtor's estate.

17. The Equity Committee has publicly stated its opposition to the Agreement and the Plan.

18. Permitting the Equity Committee to call such a meeting poses a serious threat and real jeopardy to the Agreement, the Plan, and the Debtor's reorganization. The Plan and the Debtor's reorganization are based upon the Agreement, which is sufficiently tentative and tenuous such that it

**Exhibit D**
**D-74**

14

will not survive the dislocation engendered by a shareholders meeting. The Agreement was reached only after many compromises by the Debtor, its creditors, the FDIC, and JPMC. If the Agreement is upset, the Plan will likely not be confirmed, and the chapter 11 cases will be disrupted significantly. The current negotiating postures of the parties will change significantly. This will most certainly mean a return to aggressive positions held previously in the chapter 11 cases, erasing over a year's worth of progress toward a negotiated settlement.

19.     Pursuant to Washington law, a WMI common shareholder could have applied to the court seeking an order to compel an annual meeting at any time since July 15, 2009. Yet, prior to filing of the Equity Committee's Complaint, neither the Equity Committee, any of its individual members, any WMI shareholder, nor any party had done so. The Equity Committee's motion for summary judgment on its Complaint (the "Motion") was filed less than 24 hours prior to announcement before this Court that the Agreement had been reached, and that under its terms equity would receive no recovery.

20.     The Equity Committee has requested the Court compel an annual meeting on April 24, 2010, less than three weeks from the deadline for responding to its Motion. *See* Proposed Order at ¶ 2, attached to Plaintiff's Memorandum of Law in support of the Motion.

21.     The Equity Committee has asked the Court to compel the Debtor to distribute the Equity Committee's (as yet unnamed) nominees for director with the Debtor's own proxy materials. *See* Proposed Order at ¶ 2j, attached to Plaintiff's Memorandum of Law in support of the Motion.

22.     Compelling an issuer of public securities to include a dissident slate of directors on its own proxy disclosure statement and proxy ballot is contrary to applicable federal law.

**Exhibit D**
**D-75**

15

23.     The Equity Committee requested the Court "[d]irect that the votes represented at the [annual] meeting constitute a quorum." *See* Proposed Order at ¶ 2f, attached to Plaintiff's Memorandum of Law in support of the Motion.

24.     Under the WMI Bylaws, the director candidates receiving a plurality of votes are to be seated as directors. *See* Bylaws section 3.11.2.

25.     If a shareholder meeting is called, creditor constituencies are likely to move for appointment of a chapter 11 trustee, causing substantial delay and leading to submission of competing plans. The problems and complexities of the proceedings would increase exponentially. These events would have a deleterious effect on the Chapter 11 cases, causing significant diminution in value and forcing creditors to go without recovery for a significantly longer period of time than already endured.

26.     Shareholders of WMI have a voice in the confirmation process of the Plan via the Equity Committee.

27.     11 U.S.C. § 105 grants this court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

28.     The Court also has discretionary authority pursuant to Revised Code of Washington ("RCW") section 23B.07.030, which states: "The superior court of the county in which the corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held ... On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting ...." (emphasis added).

**Exhibit D**
**D-76**

16

## COUNTERCLAIM

### Legal Action By Plaintiff That Seeks To Compel a Meeting of WMI Shareholders Should Be Stayed Pursuant to Court's Authority Under 11 U.S.C. § 105(a)

29. Debtor repeats and re-alleges each and every allegation contained in the preceding paragraphs 1-28.

30. In a desperate, self-interested, and reckless attempt to scuttle the Plan, which leaves its constituents out of the money, the Equity Committee seeks to seize control of the Debtor. Plaintiff's scheme is to convince this Court to compel a hasty annual meeting, force the Debtor (contrary to law) to bear the cost of a proxy contest by including the Plaintiff's slate of hand-picked directors on the Debtor's proxy materials, and gain a waiver of quorum. In combination, these series of requests could, within a matter of weeks, allow a handful of common shareholders – who are over $8 billion out of the money – to seize control of the Debtor, withdraw the Plan, and terminate the Agreement, erasing 18 months of progress in these proceedings and doing irreparable harm to the Debtor and its creditors – the true parties in interest of these Chapter 11 proceedings.

31. To allow this result would be antithetical to very purpose and principles of the Bankruptcy Code—equitable and efficient distribution of a debtor's assets and a fresh start for the debtor. In order to protect the integrity and equity of these Chapter 11 cases, preserve this Court's expertise and management over the settlement process, and maintain the delicate balance of interests among the stakeholders that would be jeopardized by a change in control of the Debtor at this critical juncture in the proceedings, this Court should stay Plaintiff's Action and/or otherwise bar the Equity Committee from seeking relief in Washington state court, or any other forum, in order to compel a WMI shareholders meeting.

**Exhibit D**
**D-77**

RLF1 3557726v 1

**PRAYER FOR RELIEF**

WHEREFORE, Debtor WMI respectfully requests that the Court enter judgment in favor of Debtor, and:

(a) Issue an Order staying Plaintiff's Action and/or otherwise enjoining Plaintiff from bringing suit, or otherwise seeking judicial relief in any forum, to compel a WMI shareholders meeting.

(b) Granting Debtor such other legal or equitable relief as is just and proper.

Dated: April 7, 2010
        Wilmington, Delaware

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-- and --

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

**Exhibit D
D-78**

RLF1 3557726v 1

# Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------x
                                     :
In re:                               :   Chapter 11
                                     :
WASHINGTON MUTUAL, INC., et al.,     :   Case No. 08-12229 (MFW)
                                     :   (Jointly Administered)
                        Debtors.     :
                                     :   Related Dkt. No. 2501
-------------------------------------x
-------------------------------------x
                                     :
OFFICIAL COMMITTEE OF                :
EQUITY SECURITY HOLDERS,             :   Adv. Proc. No. 10-50731(MFW)
                                     :
                        Plaintiff,   :
                                     :
        v.                           :   Related Dkt. No. 3//9
WASHINGTON MUTUAL, INC.,             :
                                     :
                        Defendant,   :
                                     :
-------------------------------------x
```

<u>ORDER</u>

Upon the motion, dated March 11, 2010 (the "Motion"), of the Official Committee of

Equity Security Holders (the "Equity Committee"), the plaintiff herein, for an order granting

summary judgment, or in the alternative, for relief from the automatic stay, and a memorandum

of law in support thereof; and the Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; and the relief granted herein being a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

Washington Mutual, Inc. ("WMI"), the defendant herein, having (1) answered the complaint

herein and filed a counterclaim (the "Counterclaim") with respect thereto, and (2) interposed an

opposition to the Motion and the relief requested therein (the "Opposition"); and the Equity

**Exhibit E**
**E-80**

{00400326;V2}US_ACTIVE:M337455702\79831.0003



0812229100504000000000011

Committee having filed a reply to the Opposition (the "Reply"); and the Court having scheduled

a hearing for April 21, 2010 (the "Hearing") to consider solely the issue of the applicability of

the automatic stay imposed by operation of section 362 of title 11 of the United States Code (the

"Bankruptcy Code"); and the Court having duly considered the relevant portions of the Motion,

the Opposition and the Reply, and the testimony and the arguments presented at the Hearing; and

the Court having determined that section 362 of the Bankruptcy Code is inapplicable to the relief

requested in the Motion; upon due deliberation, good and sufficient cause appearing therefore, it

is hereby **ORDERED** that:

1. The automatic stay imposed by operation of section 362 of the Bankruptcy Code is

inapplicable to an action by any one or more shareholders of WMI including, without limitation,

members of the Equity Committee, in the state courts of the State of Washington seeking to

compel WMI to hold an annual shareholders meeting and any relief related to such action;

provided, however, that the foregoing is without prejudice to the rights of WMI to contest the

relief requested in any such action and in any such court.

2. The relief granted herein does not affect, nor is it intended to affect, the rights of WMI

with respect to the Counterclaim and the Equity Committee to oppose the relief requested in the

Counterclaim.

3. The Court retains jurisdiction to enter further orders as necessary to accomplish the

purposes of this Order.

Dated: Wilmington, Delaware
    April 16, 2010

_____
The Honorable Mary F. Walrath
United States Bankruptcy Court Judge

# Exhibit F

```
☐ EXPEDITE
✓ No hearing set
☐ Hearing is set:
   Date:
   Time.
   Judge/Calendar:
```

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF THURSTON

| | |
|---|---|
| MICHAEL WILLINGHAM and ESOPUS CREEK VALUE LP, <br><br>        Plaintiffs, <br><br>   vs. <br><br> WASHINGTON MUTUAL, INC., a Washington corporation, <br><br>        Defendant. | No. <br><br> [Clerk's Action Required] <br><br> COMPLAINT TO COMPEL SHAREHOLDERS' MEETING |

Plaintiffs Michael Willingham and Esopus Creek Value LP ("Plaintiffs"), shareholders of defendant Washington Mutual, Inc. ("Defendant" or "WaMu"), bring this action pursuant to RCW 23B.07.030 to compel a WaMu shareholders' meeting.

## I.   NATURE OF ACTION

1.   This action is brought as a result of Defendant's failure, for more than two years, to convene its annual shareholders' meeting.

2.   During the last two years, defendant, a publicly traded company, also has failed to submit certain annual, quarterly, and other periodic reports, including financial statements, required to be filed with the U.S. Securities and Exchange Commission ("SEC").

3.   By failing to hold an annual shareholders' meeting, Defendant has deprived Plaintiffs and other shareholders from nominating and voting for WaMu directors.

COMPLAINT TO COMPEL SHAREHOLDERS'
MEETING - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 58101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit F**
**F-83**

1      4.    Plaintiffs seek an order pursuant to RCW 23B.070.030(1)(a), summarily

2  compelling Defendant to hold the required shareholders' meeting on a date certain, to be

3  fixed by the Court, in accordance with Washington law, and to issue additional orders

4  pursuant to RCW 23B.070.030(2).

5                **II.**    **PARTIES**

6      5.    Michael Willingham is an individual who resides in Pittsburg, Texas.

7      6.    Michael Willingham is the beneficial owner of approximately 1,030,000

8  shares of common stock in WaMu.

9      7.    Michael Willingham is a shareholder of WaMu.

10      8.    Michael Willingham is entitled to vote in the election of directors of WaMu at

11  an annual meeting.

12      9.    Esopus Creek Value LP ("Esopus") is a limited partnership organized and

13  existing under the laws of the State of Delaware.

14      10.    Esopus maintains its principal place of business at 150 JFK Parkway, Suite

15  100, Short Hills, New Jersey 07078.

16      11.    Esopus is the beneficial owner of the following equity securities of WaMu:

17  approximately 100,000 shares of common stock and approximately 15,000 shares of

18  preferred stock.

19      12.    Esopus is a shareholder of WaMu.

20      13.    Esopus is entitled to vote in the election of directors of WaMu at an annual

21  meeting.

22      14.    WaMu's 2007 fiscal year follows the calendar year, and ended on December

23  31, 2007.

24      15.    WaMu's last shareholder meeting was held on or about April 20, 2008.

25      16.    WaMu is a corporation organized and existing under the laws of the State of

26  Washington.

COMPLAINT TO COMPEL SHAREHOLDERS'
MEETING - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit F**
**F-84**

1      17.    WaMu maintains its registered office in Thurston County, Washington.

2      18.    WaMu's registered agent for service of process in Washington is Corporation

3 Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

4      19.    WaMu is a savings bank holding company and the owner of Washington

5 Mutual Bank, which was the largest savings and loan association in the United States of

6 America.

7      20.    On September 25, 2008, the United States Office of Thrift Supervision

8 ("OTS") seized Washington Mutual Bank from WaMu and placed it into the receivership of

9 the Federal Deposit Insurance Corporation ("FDIC").

10      21.    The FDIC sold WaMu's banking subsidiaries (minus unsecured debt or equity

11 claim) to JP Morgan Chase for $1.9 billion.

12      22.    The holding company, WaMu, was left with $33 billion in assets and $8

13 billion in debt after being stripped of its banking subsidiary by the FDIC.

14      23.    On September 26, 2008, Defendant filed for Chapter 11 voluntary bankruptcy

15 in Delaware.

16      24.    On April 21, 2010, the Honorable Mary Walrath held that the automatic

17 bankruptcy stay did not apply to bar shareholders from exercising their corporate governance

18 rights.

19         **III.   VENUE AND JURISDICTION**

20      25.    This court has jurisdiction over this matter pursuant to RCW 23B.07.030 and

21 Washington law.

22      26.    WaMu's registered office is in Thurston County, Washington.

23      27.    Venue is proper in Thurston County.

24         **IV.   CAUSE OF ACTION**

25      28.    Washington statute, at RCW 23B.07.030(1), provides that the superior court

26 of the county in which a corporation's registered office is located may, after notice to the

COMPLAINT TO COMPEL SHAREHOLDERS'
MEETING - 3

PDX/121991/175276/CJF/5898380.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit F**
**F-85**

1  corporation; summarily order a meeting to be held: (a) On application of any shareholder of

2  the corporation entitled to vote in the election of directors at an annual meeting, if an annual

3  meeting was not held within the earlier of six months after the end of the corporation's fiscal

4  year or fifteen months after its last annual meeting or approval of corporate action by

5  shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who

6  executed a demand for a special meeting valid under RCW 23B.07.020, if: (i) Notice of the

7  special meeting was not given within thirty days after the date the demand was delivered to

8  the corporation's secretary; or (ii) The special meeting was not held in accordance with the

9  notice.

10     29.     Plaintiffs are shareholders of WaMu, and Plaintiffs are entitled to vote in the

11  election of directors of WaMu at an annual meeting.

12     30.     WaMu's registered office is in Thurston County, Washington.

13     31.     WaMu's fiscal year runs from January 1 to December 31.

14     32.     WaMu has not held a shareholders' meeting since April 20, 2008.

15     33.     An annual WaMu shareholders' meeting was not held within six months after

16  the end of WaMu's 2008 fiscal year.

17     34.     An annual WaMu shareholders' meeting was not held within fifteen months

18  after its last annual meeting or approval of corporate action by shareholder consent in lieu of

19  such a meeting.

20     35.     Washington statute, at RCW 23B.07.030(2), also provides that the court may,

21  after notice to the corporation, fix the time and place of the meeting, determine the shares

22  and shareholders entitled to participate in the meeting, specify a record date for determining

23  shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and

24  content of the meeting notice, fix the quorum required for specific matters to be considered at

25  the meeting, or direct that the votes represented at the meeting constitute a quorum for

26

COMPLAINT TO COMPEL SHAREHOLDERS'
MEETING - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit F**
**F-86**

1  approval of those matters, and enter other orders necessary to accomplish the purpose or

2  purposes of the meeting.

3       36.    WaMu has not set a date for an annual meeting of shareholders in 2010.

4       37.    WaMu did not hold an annual meeting within 15 months after its last annual

5  meeting.

6       38.    WaMu has not taken any action by written consent to elect WaMu directors in

7  lieu of an annual meeting.

8       39.    WaMu should be compelled to schedule and hold an annual shareholders'

9  meeting on a date certain, pursuant to RCW 23B.07.030.

10      WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

11      A.    Directing Defendant to promptly convene and hold an annual shareholders'

12 meeting for the nomination and election of directors;

13      B.    Designating the time and place of the annual meeting, as well as the form of

14 notice of the meeting to be delivered to all shareholders by Defendant; and

15      C.    Entering further orders as necessary to accomplish the purposes of the

16 meeting.

17      Dated this 26th day of April, 2010.

18                      SCHWABE, WILLIAMSON & WYATT, P.C.

19

20                By:         _34211_

21                     Bert W. Markovich, WSBA #13580

22                     Colin Folawn, WSBA #34211
                      Attorneys for Plaintiffs

23

24

25

26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3010
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit F**
**F-87**

# Exhibit G

☐ EXPEDITE
✓ No hearing set
☐ Hearing is set:
   Date:
   Time.
   Judge McPhee/Civil

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF THURSTON

| | |
|---|---|
| MICHAEL WILLINGHAM and ESOPUS CREEK VALUE LP,<br><br>        Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, INC., a Washington corporation,<br><br>        Defendant. | No. 10-2-00854-1<br><br>FIRST AMENDED COMPLAINT TO COMPEL SHAREHOLDERS' MEETING |

Plaintiffs Michael Willingham and Esopus Creek Value LP ("Plaintiffs"), shareholders of defendant Washington Mutual, Inc. ("Defendant" or "WaMu"), bring this action pursuant to RCW 23B.07.030 to compel a WaMu shareholders' meeting.

## I.  NATURE OF ACTION

1.      This action is brought as a result of Defendant's failure, for more than two years, to convene its annual shareholders' meeting.

2.      During the last two years, defendant, a publicly traded Washington corporation, also has failed to submit certain annual, quarterly, and other periodic reports, including financial statements, required to be filed with the U.S. Securities and Exchange Commission ("SEC").

3.      By failing to hold an annual shareholders' meeting, Defendant has deprived Plaintiffs and other shareholders from nominating and voting for WaMu directors.

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

Exhibit G
G-89

1    4.    Plaintiffs seek an order pursuant to RCW 23B.070.030(1)(a), summarily
2 compelling Defendant to hold the required shareholders' meeting on a date certain, to be
3 fixed by the Court, in accordance with Washington law, and to issue additional orders
4 pursuant to RCW 23B.070.030(2).

5                              II.    **PARTIES**

6    5.    Michael Willingham is an individual who resides in Pittsburg, Texas.

7    6.    Michael Willingham is the beneficial owner of approximately 1,030,000
8 shares of common stock in WaMu.

9    7.    Michael Willingham is a shareholder of WaMu.

10    8.    Michael Willingham is entitled to vote in the election of directors of WaMu at
11 an annual meeting.

12    9.    Esopus Creek Value LP ("Esopus") is a limited partnership organized and
13 existing under the laws of the State of Delaware.

14    10.    Esopus maintains its principal place of business at 150 JFK Parkway, Suite
15 100, Short Hills, New Jersey 07078.

16    11.    Esopus is the beneficial owner of the following equity securities of WaMu:
17 approximately 100,000 shares of common stock and approximately 15,000 shares of
18 preferred stock.

19    12.    Esopus is a shareholder of WaMu.

20    13.    Esopus is entitled to vote in the election of directors of WaMu at an annual
21 meeting.

22    14.    WaMu's fiscal year is the same as the calendar year and ends on December
23 31.

24    15.    WaMu's last annual shareholder meeting was held on or about April 15, 2008.

25    16.    WaMu is a corporation organized and existing under the laws of the State of
26 Washington.

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.822.1711 Fax 206.292.0460

**Exhibit G**
**G-90**

1     17.    WaMu maintains its registered office in Thurston County, Washington.

2     18.    WaMu's registered agent for service of process in Washington is Corporation

3    Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

4     19.    WaMu is a savings bank holding company and the owner of Washington

5    Mutual Bank, which was the largest savings and loan association in the United States of

6    America.

7     20.    On September 25, 2008, the United States Office of Thrift Supervision

8    ("OTS") seized Washington Mutual Bank from WaMu and placed it into the receivership of

9    the Federal Deposit Insurance Corporation ("FDIC").

10     21.    The FDIC sold WaMu's banking subsidiaries (minus unsecured debt or equity

11   claim) to JP Morgan Chase for $1.9 billion.

12     22.    The holding company, WaMu, was left with $33 billion in assets and $8

13   billion in debt after being stripped of its banking subsidiary by the FDIC.

14     23.    On September 26, 2008, Defendant filed for Chapter 11 voluntary bankruptcy

15   in Delaware.

16     24.    On April 21, 2010, the Honorable Mary Walrath held that the automatic

17   bankruptcy stay did not apply to bar shareholders from exercising their corporate governance

18   rights.

19               **III.   VENUE AND JURISDICTION**

20     25.    This court has jurisdiction over this matter pursuant to RCW 23B.07.030 and

21   Washington law.

22     26.    WaMu's registered office is in Thurston County, Washington.

23     27.    Venue is proper in Thurston County.

24               **IV.   CAUSE OF ACTION**

25     28.    Washington statute, at RCW 23B.07.030(1), provides that the superior court

26   of the county in which a corporation's registered office is located may, after notice to the

---

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit G**
**G-91**

1 corporation, summarily order a meeting to be held: (a) On application of any shareholder of

2 the corporation entitled to vote in the election of directors at an annual meeting, if an annual

3 meeting was not held within the earlier of six months after the end of the corporation's fiscal

4 year or fifteen months after its last annual meeting or approval of corporate action by

5 shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who

6 executed a demand for a special meeting valid under RCW 23B.07.020, if: (i) Notice of the

7 special meeting was not given within thirty days after the date the demand was delivered to

8 the corporation's secretary; or (ii) The special meeting was not held in accordance with the

9 notice.

10      29.     Plaintiffs are shareholders of WaMu, and Plaintiffs are entitled to vote in the

11 election of directors of WaMu at an annual meeting.

12      30.     WaMu's registered office is in Thurston County, Washington.

13      31.     WaMu's fiscal year runs from January 1 to December 31.

14      32.     WaMu has not held an annual shareholders' meeting since April 15, 2008.

15      33.     WaMu held a special shareholders meeting on or about June 24, 2008. The

16 special shareholders meeting was for the purpose of raising capital.

17      34.     An annual WaMu shareholders' meeting was not held within six months after

18 the end of WaMu's 2008 fiscal year.

19      35.     An annual WaMu shareholders' meeting was not held within fifteen months

20 after its last annual meeting or approval of corporate action by shareholder consent in lieu of

21 such a meeting.

22      36.     Washington statute, at RCW 23B.07.030(2), also provides that the court may,

23 after notice to the corporation, fix the time and place of the meeting, determine the shares

24 and shareholders entitled to participate in the meeting, specify a record date for determining

25 shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and

26 content of the meeting notice, fix the quorum required for specific matters to be considered at

FIRST AMENDED COMPLAINT TO COMPEL
SHAREHOLDERS' MEETING - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit G**
**G-92**

PDX/121991/175276/CJF/5932052.1

1 the meeting, or direct that the votes represented at the meeting constitute a quorum for
2 approval of those matters, and enter other orders necessary to accomplish the purpose or
3 purposes of the meeting.

4      37.    WaMu has not set a date for an annual meeting of shareholders in 2010.

5      38.    WaMu did not hold an annual meeting within 15 months after its last annual
6 meeting.

7      39.    WaMu has not taken any action by written consent to elect WaMu directors in
8 lieu of an annual meeting.

9      40.    WaMu should be compelled to schedule and hold an annual shareholders'
10 meeting on a date certain, pursuant to RCW 23B.07.030.

11      WHEREFORE, Plaintiffs respectfully request that the Court enter an Order:

12      A.    Directing Defendant to promptly convene and hold an annual shareholders'
13 meeting for the nomination and election of directors;

14      B.    Designating the time and place of the annual meeting, as well as the form of
15 notice of the meeting to be delivered to all shareholders by Defendant; and

16      C.    Entering further orders as necessary to accomplish the purposes of the
17 meeting.

18      Dated this 4th day of May, 2010.

19                           SCHWABE, WILLIAMSON & WYATT, P.C.

20

21                       By:

22                           Bert W. Markovich, WSBA #13580
                            Colin Folawn, WSBA #34211
23                             Attorneys for Plaintiffs

24

25

26

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit G
G-93**

# Exhibit H

□ EXPEDITE
□ No hearing set
☒ Hearing is set:
   Date: June 11, 2010
   Time: 9:00 A.M.
   Judge McPhee/Civil

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF THURSTON

MICHAEL WILLINGHAM and ESOPUS
CREEK VALUE LP,

        Plaintiffs,

   vs.

WASHINGTON MUTUAL, INC., a
Washington corporation,

        Defendant.

No. 10-2-00854-1

MOTION FOR ORDER TO COMPEL
SHAREHOLDERS' MEETING

## I.    INTRODUCTION AND RELIEF REQUESTED

Plaintiffs move the Court for an order to compel a shareholders' meeting pursuant to RCW 23B.07.030. Plaintiffs are shareholders of WaMu and are entitled to ask this Court to compel a shareholders' meeting pursuant to statute.

All elements of the statute are met. Defendant Washington Mutual, Inc. ("WaMu"), should be ordered to hold a shareholders' meeting as set forth in the attached proposed order.

## II.    FACTS

Michael Willingham is the beneficial owner of approximately 1,030,000 shares of common stock in WaMu.[1] Esopus is a limited partnership.[2] It is the beneficial owner of the

---

[1] Declaration of Michael Willingham in Support of Motion for Order to Compel Shareholders' Meeting ("Willingham Decl.") at ¶ 2.

[2] Declaration of Andrew Sole in Support of Motion for Order to Compel Shareholders' Meeting ("Sole Decl.") at ¶ 2.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

Exhibit H
H-95

1   following equity securities of WaMu: approximately 100,000 shares of common stock and

2   approximately 15,000 shares of preferred stock.[3] As shareholders of WaMu, Esopus and

3   Michael Willingham are entitled to vote in the election of directors of WaMu at an annual

4   meeting.[4]

5        WaMu is a corporation organized and existing under the laws of the State of

6   Washington.[5] WaMu's registered office is in Thurston County, Washington.[6] WaMu is a

7   savings bank holding company and the owner of Washington Mutual Bank, which was the

8   largest savings and loan association in the United States of America.[7]

9        On September 25, 2008, the United States Office of Thrift Supervision ("OTS")

10   seized Washington Mutual Bank from WaMu and placed it into the receivership of the

11   Federal Deposit Insurance Corporation ("FDIC").[8] The FDIC sold the banking subsidiaries

12   (minus unsecured debt or equity claim) to JP Morgan Chase for $1.9 billion.[9] The holding

13   company, Defendant Washington Mutual, Inc., was left with $33 billion assets, and $8

14   billion debt after being stripped of its banking subsidiary by the FDIC.[10] The next day,

15   September 26, 2008, Defendant filed for Chapter 11 voluntary bankruptcy in Delaware.[11]

16        WaMu's fiscal year is the same as the calendar year.[12] WaMu's last annual

17   shareholder meeting was held on April 15, 2008.[13] WaMu has not held an annual

18   ―――――――――――――――――――――――

[3] *Id.*

19   [4] Sole Decl. at ¶ 3; Willingham Decl. at ¶ 2.

20   [5] Sole Decl. at ¶ 4.

21   [6] *Id.*

    [7] *Id.*

22   [8] *Id.* at ¶ 5.

23   [9] *Id.*

24   [10] *Id.*

    [11] *Id.* at ¶ 6.

25   [12] *See id.* at ¶ 7.

26   [13] *Id.*

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

1  shareholders' meeting since April 15, 2008.[14] An annual WaMu shareholders' meeting was
2  not held within the earlier of six months after the end of WaMu's 2008 fiscal year or fifteen
3  months after its last annual meeting or approval of corporate action by shareholder consent in
4  lieu of such a meeting ("the Statutory Period").[15]

5      WaMu has not set a date for an annual meeting of shareholders in 2010.[16] WaMu has
6  not held an annual meeting within the Statutory Period.[17] WaMu has not taken any action by
7  written consent to elect WaMu directors in lieu of an annual meeting.[18]

8      On Wednesday, April 21, 2010, the Honorable Mary F. Walrath ruled that the
9  automatic bankruptcy stay is inapplicable and does not affect an action by any one or more
10  shareholders to compel a shareholders' meeting. Plaintiffs timely initiated this lawsuit and
11  filed this motion.

12  **III.    EVIDENCE RELIED UPON**
13      1.    Declaration of Andrew Sole.
14      2.    Declaration of Michael Willingham, with attached exhibit.
15      3.    Court records and files therein.

16  **IV.    ISSUE PRESENTED**
17      Washington statute expressly provides that the superior court may, after notice to the
18  corporation, summarily order a shareholders' meeting when an annual shareholders' meeting
19  was not held within the earlier of six months after the end of the corporation's fiscal year or
20  fifteen months after its last annual meeting or approval of corporate action by shareholder
21  consent in lieu of such a meeting.[19] No such annual meeting has been held. Defendant has

---

22  [14] *Id.* A special meeting was held on June 24, 2008. *Id.*
23  [15] *See id.* at ¶ 8.
24  [16] *Id.* at ¶ 9.
     [17] *See id.*
25  [18] *Id.* at ¶ 10.
26  [19] *See* RCW 23B.07.030.

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit H
H-97**

1  been provided notice. Plaintiffs timely initiated this action and filed this motion. Should this

2  Court compel a shareholders' meeting as set forth in the attached proposed order? **Yes**.

### V.  ARGUMENT AND AUTHORITY

A.  **The Court should compel a shareholders' meeting to elect a Board of Directors, because there has been no shareholders' meeting for almost two years and shareholders' meetings must be conducted.**

6  The ability of shareholders to elect a board of directors at an annual shareholders'

7  meeting is fundamental to all concepts of good corporate governance.[20] The WaMu

8  shareholders should not be denied their basic rights of democratic corporate governance.

9  Shareholder rights are exercised through annual shareholder meetings and the election of a

10 board of directors. WaMu has not held an annual shareholders' meeting since April 15, 2008.

11 Under Washington statute, this Court should compel a shareholders' meeting on a date

12 certain and as set forth in the attached proposed order.

13 Washington law provides that the superior court of the county of a corporation's

14 registered office may, after notice to the corporation, "summarily order a meeting to be

15 held[.]"[21] This may be done on application of a shareholder who is entitled to vote in the

16 annual election of directors at an annual meeting,

17      if an annual meeting was not held within the earlier of six months after the
18      end of the corporation's fiscal year or fifteen months after its last annual
         meeting or approval of corporate action by shareholder consent in lieu of such
19      a meeting[.][22]

20 After notice to the corporation,[23] the superior court may:

---

21 [20] *See generally Washington State Labor Council v. Federated American Ins. Co.*, 78 Wn.2d
    263, 271, 474 P.2d 98 (1970); *State ex rel. Lidral v. Superior Court for King County*, 198
22 Wash. 610, 89 P.2d 501 (1939); *cf.* 5 WILLIAM MEADE FLETCHER, ET AL., FLETCHER
    CYCLOPEDIA OF THE LAW OF CORPORATIONS § 2025 (perm. ed., rev. vol. 2010)
23 (characterizing the right of a qualified shareholder to vote for directors who are to manage
    corporate affairs as, *inter alia*, "one of the most important rights incident to stock
24 ownership").

25 [21] RCW 23B.07.030(1).

    [22] RCW 23B.07.030(1)(a).

26 [23] The statute does not set a specific notice period, reinforcing the expedient nature of the

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

PDX/121991/175276/CJF/5704513.2

**Exhibit H
H-98**

fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.[24]

WaMu's fiscal year is the same as the calendar year.[25] WaMu's last annual shareholder meeting was held on April 15, 2008.[26] WaMu has not held an annual shareholders' meeting to elect directors since that date.[27] An annual WaMu shareholders' meeting was not held within the Statutory Period.[28] WaMu did not conduct an annual shareholders' meeting in fiscal year 2009.[29] WaMu has not set a date for an annual meeting of shareholders in 2010.[30] WaMu did not hold an annual meeting within 15 months after its last annual meeting.[31] WaMu has not taken any action by written consent to elect WaMu directors in lieu of an annual meeting.[32]

The Washington Business Corporation Act mandates that all Washington corporations "hold a meeting of shareholders annually for the election of directors at a time stated in or fixed in accordance with the bylaws."[33] WaMu has not done this for over two

---

action.

[24] RCW 23B.07.030(2).

[25] Sole Decl. at ¶ 7.

[26] Id.

[27] Id.

[28] See id. at ¶ 8.

[29] Id. at ¶ 9.

[30] Id.

[31] Id.

[32] Id. at ¶ 10.

[33] RCW 23B.07.010(1). There are narrow exceptions for investment companies and consents in lieu of meetings, neither of which applies in this case. See RCW 23B.07.010(2), (5).

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

Exhibit H
H-99

years. When a board of directors fails to hold an annual shareholders' meeting, Washington

statute provides a remedy.[34] The statute permits a shareholder to seek an order that the

meeting be held. This is so that shareholders are not deprived of the basic right to elect

directors at an annual shareholders' meeting. The shareholders are entitled to vote on a board

of directors. This Court should uphold those fundamental rights of democratic corporate

governance and compel a shareholders' meeting, with the provisions set forth in the attached

order.

**B.    An order should issue promptly, compelling a shareholders' meeting.**

The right to hold a shareholders' meeting is expressly protected by Washington

statute.[35] For several decades, Washington policy has strongly favored and defended the right

of shareholders to vote: "The right of a qualified shareholder in a corporation to vote, either

personally or by proxy, for the directors who are to manage the corporate affairs is a valuable

and vested property right."[36] The right to participate in the election of the governing board of

a corporation is one of the most important rights incident to stock ownership.[37] Commentary

is in accord: "The right to participate in the election of a board is one of the most important

rights incident to stock ownership, and courts will try not to deprive shareholders of this

fundamental right."[38]

This right is also given preeminence in Delaware.[39] The shareholders' right "to be

---

[34] *See* RCW 23B.07.030.

[35] *See* RCW 23B.07.030.

[36] *Washington State Labor Council v. Federated American Ins. Co.*, 78 Wn.2d 263, 271, 474 P.2d 98 (1970).

[37] *See id.; see also State ex rel. Lidral v. Superior Court for King County*, 198 Wash. 610, 89 P.2d 501 (1939).

[38] STEWARD M. LANDEFELD, BARRY M. KAPLAN & STEPHEN M. GRAHAM, WASHINGTON CORPORATION LAW & PRACTICE § 6.10 (Supp. 1999) (citing *State ex rel. Lidral v. Superior Court for King County*, 198 Wash. 610, 89 P.2d 501 (1939)).

[39] *See, e.g., In RE Marvel Entertainment Group, Inc.*, 209 B.R. 832, 838 (D. Del. 1997) (holding, *inter alia*, that "It is well settled that the right of shareholders to compel a

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 6

PDX/121991/175276/CJF/5704513.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

**Exhibit H
H-100**

1    represented by directors of their choice and thus to control corporate policy is paramount."[40]

2    Shareholders "should have the right to be adequately represented in the conduct of a debtor's

3    affairs, particularly in such an important matter as the reorganization of the debtor."[41] In

4    interpreting Delaware's statute, Delaware courts have held that, "a stockholder's right to

5    have a meeting convened to elect directors is 'virtually absolute.'"[42]

6        Once a shareholder makes out a prima facie case that he or she is entitled to a

7    shareholders' meeting, courts have rarely declined to convene a shareholders' meeting, or

8    refused to require a meeting to be held as scheduled.[43] "[G]iven the importance of an annual

9    meeting of stockholders in the administration of corporate affairs, 'prompt' relief is

10    essential."[44] So long as the shareholders' meeting is not sought for a purpose that is unlawful

11    or against public policy, the court should "jealously protect[] the right of a stockholder to

12    seek an order compelling an annual stockholder meeting" when he or she has met the

13    statutory requirements.[45]

14        Even if a shareholders' meeting could potentially have an adverse effect upon a

15

---

16    shareholders' meeting for the purpose of electing a new board of directors subsists during

17    reorganization proceedings" and citing *In RE Johns-Manville Corp.*, 801 F.2d 60, 64 (2d Cir. 1986)).

18    [40] *In RE Marvel Entertainment Group, Inc.*, 209 B.R. at 838 (quoting *In RE Potter Instrument Co., Inc.*, 593 F.2d 470, 475 (2d Cir. 1979) (quoting *In RE J.P. Linahan, Inc.*, 111

19    F.2d 590, 592 (2d Cir. 1940))).

20    [41] *In RE Marvel Entertainment Group, Inc.*, 209 B.R. at 838 (quoting *In RE Johns-Manville*, 801 F.2d at 65 (quoting *In RE Bush Terminal Co.*, 78 F.2d 662, 664 (2nd Cir. 1935))).

21    [42] *Saxon Industries, Inc. v. NKFW Partners*, 488 A.2d 1298, 1301 (Del. 1984) (citing *Coaxial Communications, Inc. v. CNA Financial Corp.*, 367 A.2d 994 (Del. 1976); *Prickett*

22    *v. American Steel and Pump Corp.*, 251 A.2d 576 (Del. 1969)); *see also Speiser v. Baker*, 525 A.2d 1001, 1005–06 (Del. 1987); *Opportunity Partners, L.P. v. Transtech Serv.*

23    *Partners, Inc.*, __ A.2d __, 2009 Del. Ch. LEXIS 49 at *11 (Del. Ch. Apr. 14, 2009).

24    [43] *See id; Coaxial*, 367 A.2d at 998; *Savin Business Machines Corp. v. Rapifax Corp.*, 375 A.2d 469 (Del. 1977).

25    [44] *Coaxial*, 367 A.2d at 998.

26    [45] *Opportunity Partners, L.P. v. Transtech Serv. Partners, Inc.*, __ A.2d __, 2009 Del. Ch. LEXIS 49 at *11 (Del. Ch. Apr. 14, 2009); *Speiser v. Baker*, 525 A.2d at 1005.

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave, Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

Exhibit H
H-101

reorganization plan or if the future financial condition of the corporation is uncertain, that will not outweigh a shareholder's right to compel a shareholders' meeting.[46] For example, in *Saxon*, a corporation filed for Chapter 11 reorganization and subsequently elected new directors, without a shareholders' meeting.[47] After more than 31 months had elapsed since the last annual shareholders' meeting, shareholders sued to compel an annual meeting.[48] The corporation argued that a shareholders' meeting might adversely affect the corporation's Chapter 11 reorganization plan, and that bankruptcy court was a more appropriate forum for considering the competing demands of shareholders and creditors.[49] The Delaware Supreme Court rejected those arguments and ordered a shareholders' meeting, explaining:

> Certainly an appropriate balance must be struck between the Bankruptcy Code and our General Corporation Law. But given the strong Delaware policy behind the free exercise of a stockholder's right to elect directors, and the absence of that focus in the pending bankruptcy proceedings, the scales necessarily tip in favor of the former. Moreover, we must conclude that the alleged harm portrayed by Saxon on this record is too ethereal to constitute an adequate affirmative defense to a section 211 action.[50]

In this case, the bankruptcy court has already ruled that this particular action may go forward, notwithstanding the WaMu bankruptcy proceedings. The Honorable Mary F. Walrath ruled in open court as follows:

> I think that it is clear, not only under *Marvel* but under *Johns-Manville* itself, that the automatic stay does not bar shareholders from exercising their corporate governance rights. It just is not at all encompassed by 362. It's well settled law that the rights of shareholders to compel a shareholders meeting for purposes of electing a new board continues, notwithstanding bankruptcy. And that's a quote from *Johns-Manville*.[51]

---

[46] *Saxon*, 488 A.2d at 1302–03.

[47] *Id.* at 1300.

[48] *Id.*

[49] *Id.*

[50] *Id.* at 1301–02.

[51] Willingham Decl., Exh. A (Transcript of Hearing on April 21, 2010) at 64:20–65:2.

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

1    WaMu attempted to argue that such an action was improper, but Judge Walrath expressly

2    held that WaMu failed to make such a showing of clear abuse, stating as follows:

3
> In order to enjoin shareholders from doing that[,] the courts look to whether
> there's clear abuse. There is none shown on the record before me. There's not

4
> even a motion to enjoin the shareholders. Before the debtor files any motion
> to enjoin and makes me have a hearing, I think it's clear from the case law

5
> that you need more than just the fact that the shareholders disagree with what

6
> the debtor may have done.

7
>    ....

8
> The courts have also said the mere desire to get more bargaining power in the

9
> bankruptcy reorganization is not clear abuse. Not enough that they want to
> elect board members who have a different opinion as to how the bankruptcy

10
> case should proceed. I just don't see any basis to find clear abuse here or any
> basis to stop the shareholders from exercising their state law rights.[52]

11
   This is a simple case. Plaintiffs merely seek a shareholders' meeting to exercise their

12
fundamental and vested right to elect a new board of directors. This right should not be

13
ignored by WaMu any longer. The Court should compel a shareholders' meeting.

14

15              **VI.**    **CONCLUSION**

   Washington statute and extrajurisidictional authorities demonstrate that shareholders

16 must be given the ability to exercise their right to elect directors at shareholders' meetings.

17 The elements of the statute are plainly satisfied, and this Court should compel a

18 shareholders' meeting.

19    The shareholders are entitled to elect a board of directors and be adequately

20 represented during the reorganization of WaMu. The Court should grant Plaintiffs' motion

21 and compel a shareholders' meeting. A proposed order is attached.

22

23

24

25

26    [52] *Id.* at 65:3–24.

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 9

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 205.622.1711 Fax 206.292.0460

**Exhibit H
H-103**

Dated this 5th day of May, 2010.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____
Ben Markovich, WSBA #13580
Colin Folawn, WSBA #34211
Attorneys for Plaintiffs

MOTION FOR ORDER TO COMPEL SHAREHOLDERS'
MEETING - 10

PDX/121991/175276/CJF/5704513.2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
US Bank Centre
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone 206.622.1711 Fax 206.292.0460

Exhibit H
H-104