# EXHIBIT C

The Honorable Paul B. Snyder
Chapter 11
Location: Courtroom H, Tacoma
Hearing Date: Friday, June 11, 2010
Hearing Time: 9:00 a.m.
Response Date: Friday, June 4, 2010

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC.,<br><br>Debtor. | Case No. 08-12229-MFW<br>District of Delaware<br><br>Chapter 11 |
| ESOPUS CREEK VALUE LP and<br>MICHAEL WILLINGHAM<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adversary No. 10-04136<br><br>**DEFENDANT WASHINGTON MUTUAL INC.'S MOTION TO TRANSFER, STAY, OR DISMISS THE INSTANT ACTION** |

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF CONTENTS

I.     INTRODUCTION AND REQUESTED RELIEF ...................................................... 1

II.    BACKGROUND .................................................................................................... 3

       A.     Debtors' Chapter 11 Filings ............................................................................. 3

       B.     The Adversary Proceeding ............................................................................... 4

       C.     The State Action ............................................................................................... 6

       D.     Removal of the State Case ................................................................................ 7

III.   ARGUMENT .......................................................................................................... 7

       A.     The Instant Action Should Be Transferred, Stayed, or
            Dismissed Under the First-to-File Rule ........................................................... 7

       B.     Alternatively, the Instant Action Should Be
            Transferred to the Delaware District Court Under 28
            U.S.C. § 1412 .................................................................................................. 8

       C.     The Interests of Justice Support Transfer ....................................................... 9

       D.     The Convenience of the Parties Supports Transfer ....................................... 14

IV.    CONCLUSION .................................................................................................... 16

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**Cases**

*A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384 (9th Cir. 1974) ...................................................................................................... 11

*A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.)*, 227 B.R. 311 (Bankr. N.D. Ala. 1998) .......................................................................................... 8

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622 (9th Cir. 1991) .................................. 2, 7

*Buck v. OrthAlliance, Inc.*, 2006 U.S. Dist. LEXIS 98128 (N.D. Tex. Nov. 20, 2006) ........................................................................................................... 9

*Butner v. United States*, 440 U.S. 48 (1979) ...................................................................... 14

*Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218 (D. Conn. 2003) .................................................................................................. 16

*Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738 (9th Cir. 1979) ................................................................................................................... 7

*Clergy Fin., LLC v. Clergy Fin. Servs., Inc.*, 598 F. Supp. 2d 989 (D. Minn. 2009) ........................................................................................................... 13

*Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19 (1960) ................................................ 10

*Cooper v. Daimler AG*, 2009 U.S. Dist. LEXIS 114260 (N.D. Ga. Dec. 3, 2009) ............................................................................................................ 9

*Creekridge Cap., LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623 (D. Minn. 2009) ........................................................................................................... 8

*Digeo, Inc. v. Gemstar-TV Guide Int'l, Inc.*, 2007 U.S. Dist. LEXIS 6255 (W.D. Wash. Jan. 29, 2007) ......................................................... 11, 13, 15

*FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307 (N.D. Ill. 1993) ................................................................................................................... 16

*In re Butcher*, 46 B.R. 109 (Bankr. N.D. Ga. 1985) ............................................................. 9

*In re F5 Networks, Inc. Derivative Litig.*, 166 Wn.2d 229 (2009) ...................................... 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*In re Harnischveger Indus., Inc.*, 246 B.R. 421 (Bankr. N.D. Ala. 2000)........................................................................................................9

*JCA v. Tredit Tire & Wheel Co.*, 2006 U.S. Dist LEXIS 57215 (W.D. Wash. Aug. 14, 2006)..........................................................................15

*Johns-Mansville Corp. v. Equity Sec. Holders Comm. (In re Johns-Manville Corp.)*, 801 F.2d 60 (2d Cir. 1986) ..................................10

*Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir. 1989) ...................................10

*Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141 (C.D. Cal. 2009) ........................................12

*Pac. Coast Fed'n v. Gutierrez*, 2006 U.S. Dist. LEXIS 97853 (N.D. Cal. Jan. 24, 2006)............................................................11, 12

*Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984)........................................................10

*Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, 2008 U.S. Dist. LEXIS 14748 (N.D. Cal. Feb. 14, 2008)................8, 9

*Senorx, Inc. v. Coudert Bros., LLP*, 2007 U.S. Dist. LEXIS 66065 (N.D. Cal. Aug. 27, 2007) .................................................................8

*Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446 (E.D. Pa. 2004).................................................................11

*Shatzki v. Abrams*, 2010 U.S. Dist. LEXIS 7987 (E.D. Cal. Jan. 11, 2010)......................................................................................................14

*United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 2007 U.S. Dist. LEXIS 85148 (C.D. Cal. Nov. 13, 2007) ...............................................................................12

*Vehimax, Int'l, LLC v. Jui Li Enter. Co.*, 2010 U.S. Dist. LEXIS 42801 (C.D. Cal. Mar. 16, 2010) ..................................................12

*Walker v. Progressive Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 7871 (W.D. Wash. May 9, 2003) .........................................................7

*Zhang v. China Gate, Inc.*, 2007 U.S. Dist. LEXIS 66642 (W.D. Wash. Sept. 7, 2007) ......................................................................7

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – iii
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF AUTHORITIES
## (continued)

*Zhang v. Rothrock*, 2006 U.S. Dist. LEXIS 5272 (S.D. Tex. Jan. 25, 2006)...................................................................................................9

**Statutes**

11 U.S.C. § 105 ...............................................................................5, 10

28 U.S.C. § 1334 ......................................................................................7

28 U.S.C. § 1404(a) ..........................................................................passim

28 U.S.C. § 1412 ..............................................................................passim

28 U.S.C. § 1452(a) ..................................................................................7

28 U.S.C. § 157(b)(2)(A) ..........................................................................7

RCW 23B.07.010 .....................................................................................4

RCW 23B.07.030 ...................................................................................4, 6

**Regulations and Rules**

Fed. R. Civ. P. 42(a)..........................................................................11, 12

**Other Authorities**

1989 Wash. Sess. Laws 2977-3112 cmts. ...................................................6

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# I. INTRODUCTION AND REQUESTED RELIEF

Defendant Washington Mutual, Inc. ("WMI") hereby moves this Court for an order transferring, staying, or dismissing the instant action (removed from the Superior Court of the State of Washington, County of Thurston, on May 13, 2010) in favor of the first-filed adversary proceeding in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), pursuant to the first-to-file rule. Alternatively, pursuant to 28 U.S.C. § 1412, WMI moves this Court for an order transferring the instant action to the U.S. District Court for the District of Delaware (the "Delaware District Court").

Plaintiffs Michael Willingham and Esopus Creek Value LP ("Esopus" and, together with Mr. Willingham, "Plaintiffs") (or their affiliates) are 2 of 7 members of WMI's Official Committee of Equity Security Holders (the "Equity Committee"), which recently filed a core adversary proceeding (the "Adversary Proceeding") against WMI in the Delaware Bankruptcy Court. In the Adversary Proceeding, the Equity Committee seeks an order forcing WMI to immediately convene and hold an annual shareholders' meeting for the nomination and election of WMI's board of directors. Seeking to double their chance at success, 54 days later, Plaintiffs filed a separate action (the "State Action") asserting the same claim seeking the same relief under the same statute against the same defendant (WMI) in the Superior Court of the State of Washington, for the County of Thurston, nearly 3,000 miles from Delaware, where WMI's chapter 11 case has been pending for more than 19 months. On two independent grounds, the instant action should be transferred, stayed, or dismissed, so that Plaintiffs' claim can be litigated in the context of the Adversary Proceeding in the Delaware Bankruptcy Court.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 1
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

First, under the first-to-file rule, the instant action should be transferred, stayed, or dismissed in favor of the Adversary Proceeding. The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Here, the Adversary Proceeding was filed 54 days before the State Action, and both the Adversary Proceeding and the State Action involve the same claim and virtually the same parties: WMI is the defendant in both actions, the Equity Committee is the plaintiff in the Adversary Proceeding, and two Equity Committee members (or their affiliates) are plaintiffs in the State Action. Thus, under the first-to-file rule, the instant action should be transferred, stayed, or dismissed in favor of the Adversary Proceeding. *See*, *infra*, Point I.

Second, and in the alternative, under 28 U.S.C. § 1412, both the interests of justice and the convenience of all the parties weigh heavily in favor of transferring the instant action to the Delaware District Court (for referral to the Delaware Bankruptcy Court and consolidation with the Adversary Proceeding). Courts routinely presume that the "home court" of a chapter 11 case is the appropriate forum for the adjudication of related proceedings. The instant action is, at a minimum, "related to" WMI's chapter 11 case: Plaintiffs seek to replace WMI's current board of directors with directors who may withdraw support for Debtors' proposed plan of reorganization and thereby attempt to fundamentally alter the course of WMI's reorganization. Thus, the District of Delaware is the appropriate forum for this dispute.

Moreover, the efficient administration of WMI's estate strongly supports transferring the instant action to the Delaware District Court. It would be highly inefficient for WMI to simultaneously litigate the same two cases at the same time in two separate federal courts.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 2
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

In contrast, transferring the instant action to the Delaware District Court (which has jurisdiction over Plaintiffs and WMI and could enforce a judgment against WMI) would allow the instant action to be consolidated with the Adversary Proceeding. *See*, *infra*, Point II.A.

The convenience of the parties provides an additional, independent ground for transferring the instant action to the Delaware District Court. It would be highly (and unnecessarily) inconvenient for WMI and its employees (some of whom likely will be WMI trial witnesses) to simultaneously litigate the same two cases in two separate courts separated by thousands of miles. Likewise, Plaintiffs—which do not allege that they have Washington contacts, much less Washington domiciles—could not reasonably argue that they could not conveniently litigate the instant action in the District of Delaware. Indeed, the Equity Committee has already chosen to sue WMI in Delaware. Thus, both the interests of justice and the convenience of the parties favor transferring this case to the Delaware District Court. *See*, *infra*, Point II.B.

For all the foregoing reasons, the instant action should be transferred, stayed, or dismissed under the first-to-file rule or, alternatively, transferred pursuant to § 1412.

This motion is based on the pleadings and the following points and authorities.

## II.    BACKGROUND

### A.    Debtors' Chapter 11 Filings

On September 26, 2008, WMI and one of its affiliates (collectively, "Debtors") filed cases under title 11, chapter 11, of the U.S. Code in the Delaware Bankruptcy Court. These cases were assigned to U.S. Bankruptcy Judge Mary F. Walrath. *See* Declaration of Charles Edward Smith ("Smith Decl.") ¶ 3.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 3
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

On March 26, 2010, Debtors filed a proposed joint plan of reorganization (the "Plan"), a key component of which is the proposed global settlement (the "Settlement") of Debtors' claims against, *inter alia*, JPMorgan Chase, N.A. ("JPMC") and the Federal Deposit Insurance Corp. ("FDIC") arising from the sale of assets pursuant to that certain Purchase and Assumption Agreement, Whole Bank, dated September 25, 2008. Although the provisions of the Settlement have been agreed to by WMI, JPMC, and significant creditor groups of WMI, as of this date the FDIC has some remaining concerns. However, discussions among the parties are ongoing, and they are hopeful that such agreement will be obtained in the near future. *See* Smith Decl. ¶ 5. The Plan's confirmation hearing is currently scheduled for July 20, 2010. *See* Declaration of William C. Rava ("Rava Decl.") ¶ 3.

**B.      The Adversary Proceeding**

On March 3, 2010, the Equity Committee filed the Adversary Proceeding seeking an order under RCW 23B.07.030 and 23B.07.010 compelling WMI to immediately hold an annual shareholders' meeting for the election of WMI's board of directors. Rava Decl. Ex. 1. Like Debtors' chapter 11 cases, the Adversary Proceeding has been assigned to Judge Walrath. Rava Decl. ¶ 2. The Equity Committee has publicly opposed the Plan and Settlement. Rava Decl. Ex. 3, p. 35. Thus, the Equity Committee seeks to replace WMI's current board of directors with directors who may oppose the Plan and Settlement (under which WMI's shareholders will not receive economic distributions).

On March 11, 2010—less than 1 day before WMI announced the Settlement to the Delaware Bankruptcy Court—the Equity Committee moved for summary judgment or, alternatively, for relief from the automatic stay. Rava Decl. Ex. 2.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 4
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

On April 7, 2010, WMI answered the Equity Committee's adversary complaint and opposed the Equity Committee's summary judgment motion. Rava Decl. Exs. 3, 4. WMI also asserted a counterclaim for relief under 11 U.S.C. § 105(a), alleging, *inter alia*, that because the Equity Committee's attempt to force WMI to convene and hold an annual WMI shareholders' meeting constitutes "clear abuse," the Delaware Bankruptcy Court should "stay" the Adversary Proceeding "and/or otherwise bar the Equity Committee from seeking relief in Washington state court, or any other forum, in order to compel a WMI shareholders meeting." Rava Decl. Ex. 5, ¶ 31.

As a result of the Delaware Bankruptcy Court's procedures, Judge Walrath heard only the automatic stay (and not the summary judgment) portion of the Equity Committee's motion. Thus, Judge Walrath did not determine that the Equity Committee's claim was <u>not</u> properly before Her Honor. In fact, the Equity Committee's claim is still pending in the Delaware Bankruptcy Court.

Accordingly, on April 26, 2010, the Delaware Bankruptcy Court issued an order finding that the automatic stay was "inapplicable to an action by any one or more shareholders of WMI . . . seeking to compel WMI to hold an annual shareholders meeting . . ." yet making clear that the "foregoing is without prejudice to the rights of WMI to contest the relief requested in any such action in any such court" and that the "relief granted herein does not affect, nor is it intended to affect, the rights of WMI with respect to the Counterclaim. . . ." Rava Decl. Ex. 8, ¶¶ 1, 2.

On April 30, the Equity Committee answered WMI's counterclaim, denying that WMI is entitled to relief under § 105. Rava Decl. Ex. 7.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 5
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## C.     The State Action

Fifty-four days after the Equity Committee filed the Adversary Proceeding, on April 26, 2010, Plaintiffs filed the State Action against WMI in the Superior Court of the State of Washington, for the County of Thurston, asserting the same claim for the same relief as in the Adversary Proceeding. *See* Rava Decl. Ex. 8, p. 96.  On May 4, 2010, Plaintiffs filed an amended complaint asserting the same claim seeking the same relief against WMI. *See* Rava Decl. Ex. 9.  Plaintiffs have not demanded a jury trial.

Plaintiff Esopus allegedly is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in Short Hills, New Jersey. *See id.*, p. 103.  Esopus allegedly is the beneficial owner of 115,000 shares of WMI stock and managed by Esopus Creek Value LLC, a member of the Equity Committee.  *Id.*

Plaintiff Willingham allegedly resides in Pittsburg, Texas and owns 1,020,000 shares of WMI stock.  *See id.*  Mr. Willingham is a member of, and chairs, the Equity Committee. Rava Decl. Ex. 7.

On May 5, 2010, Plaintiffs filed a motion to compel WMI to hold a shareholders' meeting.  Rava Decl. Ex. 11.  Under RCW 23B.07.030(1), the court has discretion whether to order the holding of an annual shareholders' meeting. *See* RCW 23B.07.030(1) ("the superior court . . . may, after notice to the corporation, summarily order a [shareholder] meeting to be held" (emphasis added)); *see also* 1989 Wash. Sess. Laws 2977-3112 cmts. (the "court has discretion . . . since the language of the statute is that the court 'may summarily order' that a meeting be held" (quoting RCW 23B.07.030(1)) (emphasis added)). As set out in WMI's opposition to the Equity Committee's motion for summary judgment in the Adversary Proceeding, whether such relief will be granted will turn on a number of factual and legal issues related to, among other things, WMI and its chapter 11 case. *See*

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 6
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Rava Decl. Ex. 4, pp. 56-70. Hence, the decision whether to grant such relief will require familiarity with, among other things, WMI and its chapter 11 case.

**D.      Removal of the State Case**

On May 13, 2010, WMI timely removed the State Action to this Court, pursuant to 28 U.S.C. §§ 1334 and 1452(a). Rava Decl. Ex. 12. As set out in the Notice of Removal, the State Action is "related to" WMI's chapter 11 case and constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2). *Id.*, pp. 126-127.

## III.      ARGUMENT

**A.      The Instant Action Should Be Transferred, Stayed, or Dismissed Under the First-to-File Rule**

"The first-to-file rule was developed to 'serve[] the purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade*, 946 F.2d at 625 (quoting *Church of Scientology v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)). The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Id.* at 623; *see also Zhang v. China Gate, Inc.*, 2007 U.S. Dist. LEXIS 66642, at *5 (W.D. Wash. Sept. 7, 2007) (dismissing later-filed case under first-to-file-rule). "The first-to-file rule is a generally recognized doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Walker v. Progressive Cas. Ins. Co.*, 2003 U.S. Dist. LEXIS 7871, at *4 (W.D. Wash. May 9, 2003). "The parties in the two actions need not be identical for purposes of the first-to-file rule, but there must be similarity or substantial overlap." *Id.* at *5. Similarly, "slight differences in the claims asserted do not prevent application of the rule where the underlying complained-of conduct is almost identical." *Id.* at *7-8.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 7
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Here, each of the prerequisites to the application of the first-to-file rule has been satisfied: the Adversary Proceeding was filed 54 days before the State Proceeding; the Adversary Proceeding and the instant action both name the same defendant (WMI); Plaintiffs (or their affiliates) are members of the same Equity Committee that filed the Adversary Proceeding; and the Adversary Proceeding and the instant action both assert the same claim for the same relief (under the RCW). Thus, under the first-to-file rule, the instant action should be transferred, stayed, or dismissed in favor of the Adversary Proceeding.

## B. Alternatively, the Instant Action Should Be Transferred to the Delaware District Court Under 28 U.S.C. § 1412

Alternatively, pursuant to 28 U.S.C. § 1412, the instant action should be transferred to the Delaware District Court.[1] Section 1412 provides: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added). Because § 1412 is written in the disjunctive, transfer is appropriate if either of those two criteria is satisfied. *See Creekridge Cap., LLC v. La. Hosp. Ctr., LLC*, 410 B.R. 623, 631 (D. Minn. 2009) (citing *A.B. Real Estate, Inc. v. Bruno's, Inc. (In re Bruno's, Inc.)*, 227 B.R. 311, 323-24 (Bankr. N.D. Ala. 1998)). "There is 'a strong presumption that proceedings "related to" a bankruptcy should be litigated in the judicial district where the bankruptcy itself is

---

[1] Because the State Action, at a minimum, relates to WMI's chapter 11 case, § 1412, not 28 U.S.C. § 1404(a), applies to the instant motion. *See Senorx, Inc. v. Coudert Bros., LLP*, 2007 U.S. Dist. LEXIS 66065, at *3 (N.D. Cal. Aug. 27, 2007) ("28 U.S.C. § 1412 is used to analyze the request for a change of venue in a proceeding related to a bankruptcy case."); *see also Reid-Ashman Mfg., Inc. v. Swanson Semiconductor Serv., L.L.C.*, 2008 U.S. Dist. LEXIS 14748, at *3 (N.D. Cal. Feb. 14, 2008) (same).

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 8
53000-0005/LEGAL18316819.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

pending.'" *Buck v. OrthAlliance, Inc.*, 2006 U.S. Dist. LEXIS 98128, at *6 (N.D. Tex. Nov. 20, 2006) (quoting *Zhang v. Rothrock*, 2006 U.S. Dist. LEXIS 5272, at *2 (S.D. Tex. Jan. 25, 2006)); *see also Cooper v. Daimler AG*, 2009 U.S. Dist. LEXIS 114260, at *12 (N.D. Ga. Dec. 3, 2009) ("'A majority of the courts that have considered whether change of venue is appropriate have created a presumption that the bankruptcy court in which the debtor's case is pending, the home court, is the proper venue for adjudicating all proceedings in the case, including state actions removed to a bankruptcy court in which the debtor's case is not pending.'" (quoting *In re Harnischveger Indus., Inc.*, 246 B.R. 421, 439 (Bankr. N.D. Ala. 2000))). "'The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate.'" *Cooper*, 2009 U.S. Dist. LEXIS, at *11 (quoting *In re Butcher*, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985)). The following additional factors are also relevant to the determination whether transfer would be "in the interests of justice": judicial efficiency, the ability to receive a fair trial, the state's interest in having local controversies decided within its borders by those familiar with its laws, the enforceability of the judgment, and plaintiff's original choice of forum. *Reid*, 2008 U.S. Dist. LEXIS 14748, at *5.

The following factors are relevant to the determination whether transfer would be "for the convenience of the parties": 1) location of the plaintiff and the defendant; 2) ease of access to necessary proof; 3) convenience of witnesses; 3) availability of subpoena power for the unwilling witnesses; and 4) expenses related to obtaining witnesses. *Id.* at *6.

**C.     The Interests of Justice Support Transfer**

Here, the interests of justice weigh heavily in favor of transferring the instant action to the Delaware District Court.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 9
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

<span style="text-decoration: underline">The Presumption in Favor of the Home Court, the Economics of Estate</span>

<span style="text-decoration: underline">Administration, and Judicial Efficiency.</span>  The Delaware District Court is the "home court" of

WMI's chapter 11 case, and the instant action is, at a minimum, "related to" WMI's

reorganization.  *See Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306 (9th Cir.

1989) ("the test for determining whether a civil proceeding is related to bankruptcy is

whether the outcome of that proceeding could conceivably have any effect on the estate

being administered in bankruptcy" (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d

Cir. 1984))).  Given the impact that an order requiring WMI to hold an annual shareholders'

meeting could have on the administration of WMI's estate, *see, e.g., Johns-Mansville Corp.*

*v. Equity Sec. Holders Comm. (In re Johns-Manville Corp.)*, 801 F.2d 60, 65 (2d Cir. 1986)

("bankruptcy court ha[s] jurisdiction" under 11 U.S.C. § 105 "to issue" an "injunction" to

enjoin a state court action to compel the holding of a shareholders meeting during a

bankruptcy reorganization, because such a meeting could interfere with the administration of

the estate), only the Delaware Bankruptcy Court should preside over Plaintiffs' potentially

reorganization-altering claim.  Hence, the home court presumption favors transferring this

case to the Delaware District Court.

Moreover, the efficient administration of WMI's estate strongly supports transferring

the instant case to the Delaware District Court.  It would be highly inefficient for WMI to

simultaneously litigate the same two cases in two separate courts.  *See Cont'l Grain Co. v.*

*Barge F.B.L.-585*, 364 U.S. 19, 26 (1960) ("[t]o permit a situation in which two cases

involving precisely the same issues are simultaneously pending in different district courts

leads to the wastefulness of time, energy and money that § 1404(a) was designed to

prevent"); *Shared Network Users Group, Inc. v. WorldCom Techs., Inc.*, 309 B.R. 446, 452

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 10
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

(E.D. Pa. 2004) (granting transfer to the bankruptcy court: "the overwhelming significant factor, outweighing all others, is the judicial economy to be achieved in having the entire controversy decided in one forum, in this case the bankruptcy court which is already administering the WorldCom bankruptcy. If we ruled otherwise, it is inevitable that proceedings will be delayed and to some extent duplicated for a tremendous waste of time and money for all concerned."). Avoiding the possibility of inconsistent judgments also militates in favor of transferring the instant case to the Delaware District Court. *See Pac. Coast Fed'n v. Gutierrez*, 2006 U.S. Dist. LEXIS 97853, at *11 (N.D. Cal. Jan. 24, 2006) (granting transfer in part to avoid "danger of inconsistent outcomes" in "two cases" "handled by different courts").

Indeed, transferring the instant action to the Delaware District Court would allow the case to be referred to Judge Walrath, who is already familiar with the issues in this case, and consolidated with the Adversary Proceeding. *See* Bankr. Ct. D. Del. Standing Orders, Sept. 6, 2001, June 13, 1994, and July 23, 1984 (providing that adversary proceedings related to chapter 11 cases filed in the Delaware District Court shall be referred to the Delaware Bankruptcy Court); Fed. R. Civ. P. 42(a) (providing that actions involving a "common question of law or fact" may be consolidated); *A. J. Indus., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) ("The feasibility of consolidation is a significant factor in a transfer decision, although even the pendency of an action in another district is important because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties." (citations omitted)); *Digeo, Inc. v. Gemstar-TV Guide Int'l, Inc.*, 2007 U.S. Dist. LEXIS 6255, at *12 (W.D. Wash. Jan. 29, 2007) ("[t]ransfer will also promote judicial economy in that it will facilitate consolidation

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 11
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and settlement"; in considering the interest of justice, courts should weigh "factors [such] as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case" (quotation omitted)); *Vehimax, Int'l, LLC v. Jui Li Enter. Co.*, 2010 U.S. Dist. LEXIS 42801, at *14-15 (C.D. Cal. Mar. 16, 2010) (granting transfer: "if transfer is granted, Defendants will seek to consolidate the two actions in the Eastern District of Wisconsin under Federal Rule of Civil Procedure 42(a). The Eastern District of Wisconsin would have the power to consolidate these actions. Thus, transfer will avoid duplicative discovery, separate trials, and the possibility of inconsistent judgments."); *Pac. Coast*, 2006 U.S. Dist. LEXIS 97853, at *11 ("it is in the interest of justice that any relief that may be granted in one or both cases should be fashioned by a single judge who has the ability to appreciate its broad implications").

      <u>Plaintiff's Original Choice of Forum</u>. Although Plaintiffs chose to file the State Action in Washington, the Equity Committee previously chose to file the Adversary Proceeding in the Delaware Bankruptcy Court. So, even if the instant action were transferred to the Delaware District Court, Plaintiffs would still be able to litigate their claim in the forum of their (first) choice (the Delaware Bankruptcy Court). Additionally, Plaintiffs do not allege that they have Washington contacts, much less Washington domiciles. *See Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) (applying § 1404(a): "a foreign plaintiff's [forum] choice deserves less deference than the forum choice of a domestic plaintiff" (quotations omitted)); *United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 2007 U.S. Dist. LEXIS 85148, at *12 (C.D. Cal. Nov. 13, 2007) (applying § 1404(a): plaintiff's choice of forum was "entitled to less

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 12
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

deference because" it was "not Plaintiff's domicile and Plaintiff ha[d] no contact with this district"). Accordingly, this factor is neutral.

The Ability to Receive a Fair Trial. Plaintiffs cannot reasonably argue that they would not receive a fair trial in Delaware. The Delaware Bankruptcy Court is more than capable of fairly adjudicating Plaintiffs' claim and, in fact, even granted the Equity Committee's motion seeking a declaration that the Washington State Action would not violate the automatic stay. Similarly, Plaintiffs cannot reasonably suggest that they would be treated more fairly in Washington than in Delaware. Indeed, the only party to this case that is allegedly a Washington domiciliary is WMI. So, this consideration is likewise neutral.

The State's Interest in Having Local Controversies Decided Within Its Borders by Those Familiar with Its Laws. This factor is likewise neutral. Neither the instant action nor the Adversary Proceeding involves a local controversy. Rather, the outcome of either action could affect WMI's creditors located outside the Western District of Washington and across the United States. *See Digeo*, 2007 U.S. Dist. LEXIS 6255, at *14 ("as to the public's interest in the local adjudication of local controversies, it cannot be said that either the antitrust case or the patent case is a controversy of local interest only. Both involve areas of interest to a large number of people nationwide. There is no basis for a finding that either forum better serves the public's interest in the dispute."). And there is no reason that the Delaware Bankruptcy Court cannot correctly apply Washington law. *See Creekridge*, 410 B.R. at 631 ("In the context of a motion to transfer under § 1404(a), the general view is that 'courts can just as easily apply the law of another state as easily as their own.'" (quoting *Clergy Fin., LLC v. Clergy Fin. Servs., Inc.*, 598 F. Supp. 2d 989, 995 (D. Minn. 2009))). In

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 13
53000-0005/LEGAL18316819.1

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

fact, in at least 1 area, Washington corporate law follows Delaware corporate law. *See In re F5 Networks, Inc. Derivative Litig.*, 166 Wn.2d 229, 240 (2009) (adopting Delaware's demand futility standard for shareholder derivative actions because "Delaware's courts are well versed in this area"). Further, bankruptcy courts routinely apply state law. *See Butner v. United States*, 440 U.S. 48, 54 (1979) (Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law). Last, whether relief is granted in the instant action will turn on equitable considerations; hence, simply because of its familiarity with WMI's chapter 11 case, the Delaware Bankruptcy Court is best suited to adjudicate Plaintiffs' claim.

The Enforceability of Judgment. WMI is subject to jurisdiction in this Court and the Delaware District (and Bankruptcy) Courts. Hence, each of those Courts could enter a judgment against WMI that could be easily enforced. Consequently, this factor is also neutral.

**D.      The Convenience of the Parties Supports Transfer**

The convenience of the parties provides an additional, independent ground for transferring the instant action to the Delaware District Court. It would be highly inconvenient for WMI—and its employees, some of whom likely will be WMI trial witnesses—to simultaneously litigate the same case in 2 different fora. Conversely, transferring the instant action to the Delaware District Court would enable WMI and the creditors for which its estate is being managed (WMI is insolvent) to conserve substantial resources. *See Shatzki v. Abrams*, 2010 U.S. Dist. LEXIS 7987, at *10 (E.D. Cal. Jan. 11, 2010) (transferring case: "litigation pertaining to these issues would require fewer of the limited resources of the bankruptcy estate if consolidated"); *Digeo*, 2007 U.S. Dist. LEXIS

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 14
53000-0005/LEGAL18316819.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

6255, at *11 ("the convenience of witnesses factor weighs heavily in favor of transfer to California, where other litigation is pending"); *JCA v. Tredit Tire & Wheel Co.*, 2006 U.S. Dist LEXIS 57215, at *6 (W.D. Wash. Aug. 14, 2006) (applying § 1404(a): "if this Court were to deny the instant motion, both parties would be required to litigate these cases in two different districts at the same time, causing inconvenience and additional expense to defendant").

Likewise, there is no reason to think that <u>Plaintiffs</u> could more conveniently litigate this case in Washington than in Delaware. In fact, just the opposite is true: Esopus's alleged principal place of business and Mr. Willingham's alleged residence are each closer to Delaware than Washington, and the Equity Committee has already sued WMI in Delaware.[2] *See JCA*, 2006 U.S. Dist LEXIS 57215, at *5-6 ("the Court finds no inconvenience in requiring plaintiff to litigate the instant action in" the transferee court; "On the other hand, if this Court were to deny the instant motion, both parties would be required to litigate these cases in two different districts at the same time, causing inconvenience and additional expense to defendant."). For all these reasons, it would be more convenient for all parties to litigate this case in Delaware than in this Court.

<u>Expenses Related to Obtaining Witnesses, Ease of Access to Necessary Proof, and Location of the Plaintiff and the Defendant</u>. As noted above, Plaintiffs are located closer to Delaware than to Washington; thus, it would presumably be less expensive to obtain their

---

[2] Specifically, Short Hills (New Jersey), where Esopus allegedly has its principal place of business, is approximately 2,825 miles from this Court but only approximately 124 miles from the Delaware Bankruptcy Court. Likewise, Pittsburg (Texas), where Mr. Willingham allegedly resides, is approximately 2,262 miles from this Court but approximately 1,333 miles from the Delaware Bankruptcy Court.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 15
53000-0005/LEGAL18316819.1

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

testimony in Delaware than in Washington. Likewise, there is no reason to think that Esopus or Mr. Willingham can not readily produce documents in Delaware. *See, e.g., Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F. Supp. 2d 218, 221 (D. Conn. 2003) ("modern photocopying technology and electronic storage deprive" the "issue of" location of documents of "practical or legal weight"). And although WMI is a Washington corporation, Plaintiffs do not allege that they have either Washington contacts or Washington domiciles. Hence, on balance, these 3 factors favor transfer.

The Availability of Compulsory Process to Compel Attendance of Unwilling Non-Party Witnesses. This final factor is neutral. Most of the witnesses whom WMI presently intends to call at trial are current WMI employees, Equity Committee members, Plaintiffs, or other persons who would voluntarily appear at trial. *See* Smith Decl. ¶ 6. "[I]t is generally assumed that witnesses within the control of the party calling them, such as employees, will appear voluntarily. . . ." *FUL Inc. v. Unified Sch. Dist. No. 204*, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993).

## IV.    CONCLUSION

For all the foregoing reasons, the instant action should be transferred, stayed, or dismissed in favor of the first-filed Adversary Proceeding, pursuant to the first-to-file rule or, alternatively, transferred to the District of Delaware, pursuant to 28 U.S.C. § 1412.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: May 14, 2010

**PERKINS COIE** LLP

By:/s/ John S. Kaplan
William C. Rava, WSBA No. 29948
WRava@perkinscoie.com
John S. Kaplan, WSBA No. 23788
JKaplan@perkinscoie.com
David J. Burman, WSBA No. 10611
DBurman@perkinscoie.com
Penny Fields, WSBA No. 36024
PFields@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Washington Mutual, Inc.

DEFENDANT WASHINGTON MUTUAL
INC.'S MOTION TO TRANSFER, STAY, OR
DISMISS THE INSTANT ACTION – 17
53000-0005/LEGAL18316819.1

# Exhibit 1

**Exhibit 1**
**1-1**

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
            :

*In re:*                :      **Chapter 11**

            :

**WASHINGTON MUTUAL, INC., et al.,**    :      **Case No. 08-12229 (MFW)**

            :      **(Jointly Administered)**

           **Debtors.**   :

            :

-------------------------------------------------------x

**OFFICIAL COMMITTEE OF EQUITY**      **Adversary Proceeding No. _____**

**SECURITY HOLDERS,**

**Plaintiff,**

**v.**

**WASHINGTON MUTUAL, INC.,**

**Defendant,**

## <u>COMPLAINT</u>

Plaintiff, the Official Committee of Equity Security Holders (the "Equity Committee" or "Plaintiff"), representing shareholders of Debtor, Washington Mutual, Inc. ("Debtor" or "WMI"), bring this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") 7001 and Revised Code of Washington ("RCW") 23B.07.030 and 23B.07.010 to compel a WMI shareholders' meeting.

## <u>NATURE OF ACTION</u>

1.      This action is brought as a result of Debtor's failure to convene its annual shareholders' meeting for nearly two years. Debtor, a publicly traded company, has also failed to

**Exhibit 1**
**1-2**

submit any required annual and quarterly reports, including financial statements, with the U.S. Securities and Exchange Commission ("SEC") for two years. Consequently, Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors.

2.      Accordingly, Plaintiff seeks an order pursuant to RCW 23B.07.030(1)(a) summarily compelling Debtor to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.07.030(2) and 23B.07.010.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 959, 1334, and Bankruptcy Rule 7001. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4.      Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

5.      WMI is a corporation organized and existing under the laws of the State of Washington. It maintains its registered office in Thurston County, Washington. WMI's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

6.      The Office of the United States Trustee appointed the Official Committee of Equity Security Holders on January 11, 2010 (the "Equity Committee") [Docket No. 2130]. On

**Exhibit 1**
**1-3**

January 27, 2010, the Equity Committee filed an Application to Employ Venable LLP

("Venable") as counsel nunc pro tunc to January 11, 2010 [Docket No. 2256], and the Court

entered an Order approving Venable's employment on February 22, 2010 [Docket No. 2404].

## FACTUAL ALLEGATIONS

7.      WMI is a savings bank holding company and the owner of Washington

Mutual Bank, which was the largest savings and loan association in the United States of

America.  On September 25, 2008, the United States Office of Thrift Supervision ("OTS")

seized Washington Mutual Bank from WMI and placed it into the receivership of the

Federal Deposit Insurance Corporation ("FDIC").  The FDIC sold the banking subsidiaries

(minus unsecured debt or equity claim) to JP Morgan Chase for $1.9 billion.  The next day,

September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of

the United States.

8.      WMI has issued approximately 3 million shares of Class R Preferred Stock,

approximately 20 million shares of Class K preferred stock, and approximately 1.7 billion shares

of common stock.

9.      Members of the Equity Committee are shareholders of WMI and the beneficial

owners of shares of preferred and common stock of WMI.  They are entitled to vote in the

election of directors of WMI at an annual meeting.

10.     RCW 23B.07.030(1) provides that the superior court of the county in which a

corporation's registered office is located may, after notice to the corporation, summarily order a

meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in

the election of directors at an annual meeting, if an annual meeting was not held within the

**Exhibit 1**
**1-4**

earlier of six months after the end of the corporation's fiscal year or fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

11.     WMI's 2007 fiscal year follows the calendar year, and therefore ended on December 31, 2007.

12.     WMI's last annual shareholder meeting was held on or about April 20, 2008.

13.     WMI's 2008 fiscal year ended on December 31, 2008, and an annual WMI shareholders' meeting was not held within six months after the end of WMI's 2008 fiscal year.

14.     An annual WMI shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

15.     WMI's 2009 fiscal year ended December 31, 2009. WMI has not set a date for an annual meeting of shareholders in 2010, which, under WMI's Bylaws, would normally by held on April 20, 2010.

16.     WMI has not taken any action by written consent to elect WMI directors in lieu of an annual meeting.

17.     RCW 23B.07.010 provides that a corporation shall hold an annual meeting of shareholders for the purpose of electing directors.

18.     RCW 23B.07.030(2) provides that the court may, after notice to the corporation,

Exhibit 1
1-5

fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

19.     WMI should be compelled to schedule and hold an annual shareholders' meeting on a date certain, pursuant to RCW 23B.07.030 and 23B.07.010.

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK.]**

**Exhibit 1**
**1-6**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

(i)   Directing Debtor to promptly convene and hold an annual shareholders' meeting for the nomination and election of directors;

(ii)   Designating the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by Debtor; and

(iii)   Entering further orders as necessary to accomplish the purposes of the meeting.

Dated: March 3, 2010.
Wilmington, Delaware

Respectfully submitted,

/s/ Bradford J. Sandler
Bradford J. Sandler (#4142)
BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Tel: 302-468-7750
Fax: 302-442-7012

-and-

Gregory A. Cross
Jorian L. Rose
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas
25th Floor
New York, New York 10020
Tel: 212-370-5500
Fax: 212-307-5598

Counsel to the Official Equity
Committee of Washington Mutual, Inc.

**Exhibit 1**
**1-7**

# Exhibit 2

Exhibit 2
2-8

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------x

*In re:*
        :    **Chapter 11**

WASHINGTON MUTUAL, INC., <u>et al</u>,
        :    **Case No. 08-12229 (MFW)**
        :    **(Jointly Administered)**

        **Debtors.**
        :    **Hearing Date: April 6, 2010 at 2:00 p.m.**
        :    **Objections Due: March 30, 2010 at 4:00 p.m.**

-------------------------------------------------x

-------------------------------------------------x

**OFFICIAL COMMITTEE OF**
**EQUITY SECURITY HOLDERS**
        :    **Adversary Proc. No. 10-50731(MFW)**

**Plaintiff,**

**v.**

**WASHINGTON MUTUAL, INC.,**

**Defendant.**

-------------------------------------------------x

## THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS'
## MOTION FOR SUMMARY JUDGMENT,
## <u>OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY</u>

Plaintiff Official Committee of Equity Security Holders (the "Equity Committee" or

"Plaintiff") of Washington Mutual, Inc. ("<u>WMI</u>" and, together with its chapter 11 debtor-

affiliate, WMI Investment Corp., the "<u>Debtors</u>"), by and through undersigned counsel, pursuant

to Federal Rule of Civil Procedure 56 and Federal Rules of Bankruptcy Procedure 7056, and

section 362 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy

Procedure, respectfully moves the Court for entry of an Order granting it summary judgment, or

in the alternative, entry of an Order determining that the automatic stay does not apply, or

granting relief from the automatic stay if and to the extent applicable. In support of this Motion,

the Equity Committee respectfully refers the Court to the Memorandum of Law and the

**Exhibit 2**
**2-9**

0812229100407000000000020

Declaration of Joyce M. Presnall filed contemporaneously in support of this Motion, and respectfully states as follows:

1. There is no genuine dispute of material fact, and Plaintiff is entitled to judgment as a matter of law, on its Complaint as set forth in the attached Memorandum of Law.

Wherefore, Plaintiff moves for an Order in the form attached hereto entering summary judgment in its favor and requiring WMI to:

(A) schedule an annual shareholder's meeting in April 2010;

(B) send out the required notices to shareholders;

(C) designate the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by WMI; and

(D) take such further actions as might be necessary to accomplish the purposes of the meeting.

2. In the alternative, Plaintiff requests entry of an Order by the Court determining that the automatic stay does not apply or, alternatively, grant relief from the automatic stay such that the Plaintiffs may seek the relief in its Complaint in Washington State.

*-Signature Page to Follow-*

Exhibit 2
2-10

{00388593;v1}

Dated: March 11, 2010

ASHBY & GEDDES, P.A.

_[signature]_

William P. Bowden (#2553)
Gregory A. Taylor (#4008)
Stacy L. Newman (#5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

_Proposed Delaware Counsel to the Official
Committee of Equity Security Holders of
Washington Mutual, Inc., et al._

-and-

VENABLE LLP
Gregory A. Cross
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
gacross@venable.com

Jorian L. Rose
1270 Avenue of the Americas
New York, NY 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
jlrose@venable.com

_Counsel to the Official Committee of Equity
Security Holders of Washington Mutual, Inc., et al._

**Exhibit 2
2-11**

{00388593;v1}

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------x

In re:

WASHINGTON MUTUAL, INC., et al.,

                     Debtors.

----------------------------------------x

----------------------------------------x

OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS

    Plaintiff,

    v.

WASHINGTON MUTUAL, INC.,

    Defendant.

----------------------------------------x

: Chapter 11

: Case No. 08-12229 (MFW)
: (Jointly Administered)

: Hearing Date: April 6, 2010 at 2:00 p.m.
: Objections Due: March 30, 2010 at 4:00 p.m.

: Adv. Proc. No. 10-50731(MFW)

## MEMORANDUM OF LAW OF THE OFFICIAL COMMITTEE
## OF EQUITY SECURITY HOLDERS
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT,
## OR IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY

The Official Committee of Equity Security Holders (the "Equity Committee" or

"Plaintiff") of Washington Mutual, Inc. ("WMI" and, together with its chapter 11 debtor-

affiliate, WMI Investment Corp., the "Debtors"), by and through undersigned counsel,

respectfully submits this memorandum of law in support of its motion for summary judgment, or

in the alternative, to determine the automatic stay is not applicable or grant relief from the

automatic stay to commence an action in Washington State court.

**Exhibit 2**
**2-12**



## PRELIMINARY STATEMENT

The Equity Committee filed a straightforward Complaint seeking an order compelling WMI to convene a shareholder meeting as required by Washington State law and WMI's Bylaws. In contravention of Washington State law and its Bylaws, WMI has *not* held an annual meeting of its shareholders since April 15, 2008. Pursuant to Federal Rule of Civil Procedure 56(c),[1] the Equity Committee seeks summary judgment and an order directing WMI to: (1) convene a meeting of its shareholders in April 2010; (2) send notice to the shareholders of record as of March 3, 2010 (the date on which the Equity Committee filed its Complaint); (3) designate the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by WMI; and (4) enter further orders as are necessary to accomplish the purposes of the meeting. In the alternative, the Equity Committee seeks an order determining the automatic stay is not applicable or granting relief from the automatic stay to allow the Equity Committee to commence an action in Washington State court.

## FACTUAL BACKGROUND

WMI is a savings and loan holding company and formerly the owner of Washington Mutual Bank. See Exh. A: Declaration of Stewart M. Landefeld ¶1 (Oct. 10, 2008) ("Landefeld Decl.").[2] At one point, WMI was the largest savings association supervised by the United States Office of Thrift Supervision. See Press Release, United States Office of Thrift Services, Washington Mutual Acquired by JPMorgan Chase (Sept. 25, 2008) (on file with author). WMI is incorporated in the state of Washington and is headquartered in Seattle. See Landefeld Decl. ¶1. On September 25, 2008, the OTS seized Washington Mutual Bank from

---

[1] Federal Rule of Bankruptcy Procedure 7056 incorporates by reference Federal Rule of Civil Procedure 56(c). See Fed. R. Bankr. P. 7056.

**Exhibit 2**
**2-13**

2

{00388596;v1}

WMI and placed it into a Federal Deposit Insurance Corporation ("FDIC") receivership. The FDIC then sold substantially all of WMI's assets to JP Morgan Chase. See Landefeld Decl. ¶2. On September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") [Docket No. 1].

The Equity Committee represents the shareholders of WMI, including the beneficial owners of shares of preferred and common stock of WMI. WMI's shareholders are, among other things, entitled to vote in the election of WMI's board of directors at an annual meeting. Washington corporate law requires corporations like WMI to hold annual meetings of its shareholders. WASH. REV. CODE §23B.07.010 (2009). WMI's fiscal year follows the calendar year; therefore, WMI's fiscal year ended on December 31, 2007, December 31, 2008, and December 31, 2009, respectively. See Exh. B: Article X, WMI's Bylaws. In addition, Section 3.1 of WMI's Bylaws provides that WMI shall hold an annual meeting of the shareholders on the third Tuesday in April of each year. See Exh. C: Declaration of Joyce M. Presnall (Mar. 10, 2010) ("Presnall Decl."); Exh. B: Corporate Bylaws of WMI.[3]

As WMI's filings with the Securities & Exchange Commission ("SEC") indicate, WMI last held an annual shareholders' meeting on April 15, 2008. See. Exh. D: SEC Filing: WMI Schedule 14A (Mar. 14, 2008).[4]

In short, WMI has not held an annual meeting of its shareholders since April 2008; it has not sent notice to its shareholders of an annual meeting in more than two years; there is no

---

[2] The Equity Committee adopts only the statements of Mr. Landefeld cited in this memorandum of law.

[3] As with SEC documents, the court may take judicial notice of the bylaws of public corporations. See, e.g., Omaha Tribe of Nebraska v. Miller, 311 F.Supp. 2d 816, 819 n.3 (S.D. Iowa 2004) (taking judicial notice of the bylaws and corporate charter of affiliated corporations).

[4] The Court may also take judicial notice of WMI's public filings with the Securities & Exchange Commission ("SEC"). See In re NAHC, Inc. Secs. Litig., 306 F.3d 1314, 1331 (3d Cir. 2002) (affirming district court's taking judicial notice of documents filed with the SEC (citing Fed. R. Evid. 201)). Accord Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 892-93 (D. Del. 1991) (holding "[j]udicial notice of public [SEC] filings is appropriate under Rule 201(b)(2)).

Exhibit 2
2-14

meeting of WMI's shareholders currently scheduled. See Presnall Decl.[5]

## ARGUMENT

### A.    Standard for Granting Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), the moving party is entitled to summary judgment where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial and summary judgment may be granted." In re IT Group, Inc., 377 B.R. 471, 475 (Bankr. D. Del. 2007) (Walrath, J.) (quoting Matsushita Elec. Indus. Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). As this Court has recognized, "[s]ummary judgment . . . is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole which are designed to secure the just, speedy and inexpensive determination of every action." Bank of New York v. Epic Resorts-Palm Springs Marquis Villas, LLC (In re Epic Capital Corp.), 290 B.R. 514, 520 (Bankr. D. Del. 2003) (Walrath, J.) (quoting Celotex v. Catrett, 477 U.S. 317, 327 (1986)) (quotations omitted).

### B.    Washington State Law Requires WMI To Hold An Annual Shareholders' Meeting.

Washington law provides that "a corporation shall hold a meeting of the shareholders annually for the election of directors at a time stated in or fixed in accordance with the bylaws." WASH. REV. CODE §23B.07.010(1) (2009). According to WMI's Bylaws, the annual shareholders' meeting is supposed to occur on the third Tuesday in April of each year. When a corporation fails to hold a meeting of its shareholders "within the earlier of six months after the

---

[5] WMI has not made any filings with the SEC indicating that an annual meeting has been held or scheduled since April 15, 2008. If a meeting had been held or scheduled, WMI should have filed proxy statements under Rule 14a-6 of the Securities Exchange Act of 1934 and also should have distributed an annual report to shareholders.

Exhibit 2
2-15

{00388596;v1}

4

end of the corporation's fiscal year or fifteen months after its last annual meeting," Washington law empowers the court, upon petition of a shareholder, to summarily order the corporation to hold an annual shareholders' meeting to elect directors. WAS. REV. CODE §23B.07.030(1) (2009).

WMI has entirely failed to abide by this statutory timeframe. It is undisputed that WMI last held an annual meeting of its shareholders to elect directors on or about April 15, 2008 – a period of nearly two years.

The fact that WMI operates as a debtor in possession does not obviate WMI's need to comply with the requirements of the laws of Washington State. Indeed, the Congress specifically requires that "a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager *according to the requirements of the valid laws of the State* in which the property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." 28 U.S.C. §959 (emphasis added).

The Third Circuit and this Court have confirmed that a debtor in possession must abide by all state laws and may not transgress them. See City of New York v. Quanta Resources Corp. (In re Quanta Resources Group Corp.), 739 F.2d 912, 919 (3d Cir. 1984) ("Implicit in §959(b) is the notion that the goals of the federal bankruptcy laws, including rehabilitation of the debtor, do not authorize transgression of state laws setting requirements for the operation of the business even if the continued operation of the business would be thwarted by applying state laws."); ETS v. AT & T (In re PSA, Inc.), 335 B.R. 580, 587 (Bkrptcy. D. Del. 2005) (holding that "'a debtor in possession or an operating trustee in a case under the Code must comply with all applicable state laws that regulate any aspect of 'carrying on' a business. In this fundamental respect, federal bankruptcy law offers the estate representative no relief or exemption from state

**Exhibit 2
2-16**

{00388596;v1}

regulatory law . . . .'" (quoting 1 COLLIER ON BANKRUPTCY ¶10.03 (15th ed. rev. 2005)). See also Hillis Motors, Inc. v. Hawaii Automobile Dealers' Ass'n, 997 F.2d 581, 593 (9th Cir. 1993) (finding that §959 "stands for the the uncontroversial proposition that a trustee must continue its operations in conformity with state law"). As clearly demonstrated, WMI has violated Washington corporate law by failing to hold an annual meeting to elect directors since April 2008.

Courts have recognized that a plaintiff who establishes that he is a shareholder in the company and that the company has not held a timely meeting has a "*virtually absolute*" right to hold a shareholder meeting to elect directors. See Saxon Indus., Inc. v. NKFW Partners, 488 A.2d 1298, 1301 (Del. 1984) (quoting Coaxial Communications, Inc. v. CAN Financial Corp, 367 A.2d 994 (Del. 1976)) (emphasis added); see also Newcastle Partners, L.P. v. Vesta Ins. Group, Inc., 887 A.2d 975, 979 (Del. Ch. 2005) (finding that "Delaware courts have repeatedly recognized that the policy justifications behind [the statute on annual shareholder meetings] are so strong that if the statutory elements are shown, *the right to relief is 'virtually absolute'*" (quoting Speiser v. Baker, 525 A.2d 1001 (Del. Ch. 1987)) (emphasis added).[6]

Courts also routinely have affirmed that a shareholder's state law right to have annual shareholder's meetings should not be disturbed regardless of a bankruptcy filing. In the analogous case of The Lionel Corp. v. Committee of Equity Security Holders of the Lionel Corp. (In re the Lionel Corp.), 30 B.R. 327 (Bankr. S.D.N.Y. 1983), an equity committee sought to have the directors call overdue annual shareholders' meetings, which the debtor opposed. See Lionel Corp., 30 B.R. at 328. Even though the debtor was in bankruptcy, the bankruptcy court agreed with the equity committee and affirmed its right to compel the directors "to honor their

---

[6]  Like most states, Washington generally follows Delaware corporate law. See, e.g., Noble v. Lubrin, 114 Wash.App. 812, 818 (Wash. Ct. App. 2003) (noting with approval Delaware corporate law).

**Exhibit 2**
**2-17**

{00388596;v1}

fiduciary duty to the shareholder through the calling of the long overdue annual meetings . . . ." Id. at 330.

Likewise, in In re Saxon Indus., 39 B.R. 49 (Bankr. S.D.N.Y. 1984), the debtor-in-possession sought injunctive relief to enjoin the equity committee's attempt to require that an annual shareholders' meeting be held under state law. See In re Saxon Indus., 39 B.R. at 50. The bankruptcy court held: "This court will not preclude the equity committee from resorting to all available legal remedies including the state court proceeding as a vehicle for asserting their fundamental rights against Saxon…to elect directors of their choice." Id. Accord In re Marvel Entertainment Group, Inc., 209 B.R. 832, 838 (D. Del. 1997) ("The right of shareholders to be represented by directors of their choice and thus to control corporate policy is paramount")(citations omitted); see also In re Bush Terminal Co., 78 F.2d 662, 664 (2d Cir. 1935) (discussing a lack of evidence showing why shareholders should not be able to vote for a new board to be elected that will act in accordance with their wishes if they feel the current board is not acting in their best interest).

WMI violated Washington law by failing to hold an annual shareholder meeting in April 2009, and WMI has not scheduled an annual shareholder meeting for April 2010 as required by Washington law and WMI's Bylaws. And, because it is undisputed that it has been more than fifteen months since WMI last held a meeting of its shareholders, the Court may order WMI to hold an annual shareholder meeting.

Washington law also allows the Court to prescribe the general tenets of the meeting, and the Court may issue a variety of orders to, among other things:

> [F]ix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner form, and content of the meeting notice, fix the quorum required for specific

Exhibit 2
2-18

7

matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

WASH. REV. CODE §23B.07.030(2). The Court, therefore, may issue any and all necessary orders to ensure that the meeting occurs and proceeds smoothly. The Equity Committee attaches hereto its proposed orders in accordance with the foregoing statute. See Exh. E: Proposed Orders.

Accordingly, because WMI has failed to hold a meeting as required Washington corporate law and its Bylaws, the Court should enter summary judgment in favor of the Equity Committee and enter an order compelling WMI to convene a meeting in accordance with and pursuant to the proposed orders attached hereto as Exhibit E.

### III.   CONCLUSION

For the reasons stated above, the Court should grant summary judgment to the Equity Committee, and issue an order compelling WMI to: (1) convene an annual shareholders' meeting in April 2010; (2) send notice of the meeting to the shareholders of record as of March 3, 2010 (the date the Equity Committee filed its Complaint); (3) designate the time, place, and procedures to be followed to hold the annual meeting, as well as the form of notice of the meeting to be delivered to all shareholders by WMI; and (4) enter further orders as necessary to accomplish the purposes of the meeting. In the alternative, the Court should determine that the automatic stay does not apply or grant relief from the automatic stay such that the Plaintiffs may seek such relief in Washington.

**Exhibit 2
2-19**

8

Dated: March 11, 2010

ASHBY & GEDDES, P.A.

William P. Bowden (#2553)
Gregory A. Taylor (#4008)
Stacy L. Newman (#5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

*Proposed Delaware Counsel to the Official
Committee of Equity Security Holders of
Washington Mutual, Inc., et al.*

-and-

VENABLE LLP
Gregory A. Cross
750 East Pratt Street, Suite 900
Baltimore, MD 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
gacross@venable.com

Jorian L. Rose
1270 Avenue of the Americas
New York, NY 10020
Telephone: (212) 307-5500
Facsimile: (212) 307-5598
jlrose@venable.com

*Counsel to the Official Committee of Equity
Security Holders of Washington Mutual, Inc., et al.*

**Exhibit 2
2-20**

9

# Exhibit 3

Exhibit 3
3-21

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ------------------------------------------ | X ) |  |
| *In re* | ) ) |  |
| WASHINGTON MUTUAL, INC., et al.[1] | ) ) | Chapter 11 |
| Debtors. | ) ) | Case No. 08-12229 (MFW) |
|  | ) ) | Jointly Administered |
| ------------------------------------------ | ) ) |  |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS | ) ) | Adversary Proceeding No. 10-50731 (MFW) |
| Plaintiff | ) ) |  |
| - against - | ) ) | **DEBTOR'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |
| WASHINGTON MUTUAL, INC., | ) ) |  |
| Defendant | ) ) |  |
| ------------------------------------------ | X |  |

---

[1]   The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The principal offices of the Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

**Exhibit 3**
**3-22**

RLF1 3557726v 1

## <u>DEBTOR'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT</u>

Washington Mutual, Inc. ("WMI" or the "Debtor"), by its undersigned counsel, in

its Answer to the Complaint (the "Complaint") of the Official Committee of Equity Security

Holders (the "Equity Committee") seeking an order compelling WMI to hold an annual meeting

of its shareholders (the "Action"), hereby admits, denies and/or asserts as follows:

## <u>GENERAL DENIAL</u>

Except as otherwise expressly admitted, Debtor denies each and every allegation

in the Complaint, including, without limitation, any allegations contained in the preamble,

prayer, headings, and subheadings of the Complaint. Pursuant to Federal Rule of Civil

Procedure 8(b)(6), as made applicable to this action by Fed R. Bankr. P. 7008, averments in the

Complaint to which no responsive pleading is required shall be deemed as denied. Debtor

expressly reserves the right to seek to amend and/or supplement this Answer, as may be

necessary.

> **Complaint 1:** This action is brought as a result of Debtor's failure to convene its annual shareholders' meeting for nearly two years. Debtor, a publicly traded company, has also failed to submit required annual and quarterly reports, including financial statements, with the U.S. Securities and Exchange Commission ("SEC") for two years. Consequently, Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors.

**Answer:** Debtor denies the allegations in Paragraph 1 of the Complaint, except

Debtor states that the allegation that the Debtor has failed to file "required annual and quarterly

reports, including financial statements" is a conclusion of law to which no response is required

and is otherwise denied; and the allegations set forth in the final sentence of Paragraph 1 of the

**Exhibit 3**
**3-23**

Complaint and as to the Debtor's alleged status as a "publicly traded company" are too vague to require a response and are otherwise denied.

> **Complaint 2:** Plaintiff seeks an order pursuant to RCW 23B.07.030(1)(a) summarily compelling Debtor to hold the required shareholders' meeting on a date certain, to be fixed by the Court, in accordance with Washington law, and to issue additional orders pursuant to RCW 23B.07.030(2).

**Answer:** Debtor denies the allegations in Paragraph 2 of the Complaint, except states that the allegations purporting to describe Washington law state a legal conclusion as to which no response is required, and denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

> **Complaint 3:** This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 959, 1334, and Bankruptcy Rule 7001. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**Answer:** The allegations set forth in Paragraph 3 of the Complaint state a conclusion of law to which no response is required, but, to the extent a response is required, the Debtor admits this Court has jurisdiction over this adversary proceeding, and respectfully refers the Court to 28 U.S.C. §§ 157, 959, 1334, Bankruptcy Rule 7001, and 28 U.S.C. § 157(b)(2) for the content thereof.

> **Complaint 4:** Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1408 and 1409.

**Answer:** Debtor states that the allegations set forth in Paragraph 4 of the Complaint state a conclusion of law as to which no response is required, but, to the extent a response is required, the Debtor admits venue of this adversary proceeding in this Court is proper , and respectfully refers the Court to 28 U.S.C. §§ 1408 and 1408 for the content thereof.

**Exhibit 3**
**3-24**

## PARTIES

**Complaint 5:** WMI is a corporation organized and existing under the laws of the State of Washington. It maintains its registered office in Thurston County, Washington. WMI's registered agent for service of process in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

**Answer:** Debtor admits the allegations set forth in Paragraph 5 of the Complaint

**Complaint 6:** The Office of the United States Trustee appointed the Official Committee of Equity Security Holders on January 11, 2010 (the "Equity Committee") [Docket No. 2130]. On January 27, 2010, the Equity Committee filed an Application to Employ Venable LLP ("Venable") as counsel nunc pro tunc to January 11, 2010 [Docket No. 2256], and the Court entered an Order approving Venable's employment on February 22, 2010 [Docket No. 2404].

**Answer:** Debtor denies the allegations in Paragraph 6 of the Complaint, except respectfully refers the Court to the documents referenced for the content thereof.

## FACTUAL ALLEGATIONS

**Complaint 7:** WMI is a savings bank holding company and the owner of Washington Mutual Bank, which was the largest savings and loan association in the United States of America. On September 25, 2008, the United States Office of Thrift Supervision ("OTS") seized Washington Mutual Bank from WMI and placed it into the receivership of the Federal Deposit Insurance Corporation ("FDIC"). The FDIC sold the banking subsidiaries (minus unsecured debt or equity claim to JP Morgan Chase for $1.9 billion. The next day, September 26, 2008, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States.

**Answer:** Debtor denies the allegations in Paragraph 7 of the Complaint, except admits OTS seized WMB on September 25, 2008 and placed it into the receivership of the FDIC; states the allegations that WMI is "a savings bank holding company and the owner of Washington Mutual Bank," that the "FDIC sold the banking subsidiaries (minus unsecured debt or equity claim to JP Morgan Chase for $1.9 billion)" and that "Debtor filed a voluntary petition

for relief under Chapter 11 of Title 11 of the United States" are conclusions of law to which no response is required, and otherwise denies except respectfully refers the Court to the Purchase and Assumption agreement between JP Morgan Chase ("JPMC") and the FDIC and the Debtor's petition for protection under chapter 11 for the full content therein.

**Complaint 8:** WMI has issued approximately 3 million shares of Class R Preferred Stock, approximately 20 million shares of Class K preferred stock, and approximately 1.7 billion shares of common stock.

**Answer:** Debtor denies the allegations in Paragraph 8 of the Complaint, except admits WMI has issued approximately 3 million shares of Series R Non-Cumulative Perpetual Convertible Preferred Stock ("Series R Preferred Stock"), and admits WMI has issued approximately 1.7 billion shares of common stock.

**Complaint 9:** Members of the Equity Committee are shareholders of WMI and the beneficial owners of shares of preferred and common stock of WMI. They are entitled to vote in the election of directors of WMI at an annual meeting.

**Answer:** Debtor denies the allegations in Paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 and therefore denies same, and states the second sentence of Paragraph 9 is a conclusion of law to which no response is required and is otherwise denied.

**Complaint 10:** RCW 23B.07.030(1) provides that the superior court of the county in which a corporation's registered office is located may, after notice to the corporation, summarily order a meeting to be held: (a) On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting, if an annual meeting was not held within the earlier of six months after the end of the corporation's fiscal year or fifteen months after

**Exhibit 3**
**3-26**

its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting; or (b) On application of a shareholder who executed a demand for a special meeting valid under RCW 23B.07.020, if (i) Notice of the special meeting was not given within thirty days after the date the demand was delivered to the corporation's secretary; or (ii) The special meeting was not held in accordance with the notice.

**Answer:**     Debtor states that the allegations set forth in Paragraph 10 of the

Complaint state a conclusion of law as to which no response is required and otherwise denies

same, except respectfully refers the Court to RCW 23B.07.030(1) for the content thereof.

**Complaint 11:** WMI's 2007 fiscal year follows the calendar year, and therefore ended on December 31, 2007.

**Answer:**     Debtor admits the allegations in Paragraph 11 of the Complaint.

**Complaint 12:** WMI's last annual shareholder meeting was held on or about April 20, 2008.

**Answer:**     Debtor denies the allegations in Paragraph 12 of the Complaint, and avers

that WMI last held an annual meeting of its shareholders on April 15, 2008, and that it held a

special meeting of its shareholders on June 24, 2008.

**Complaint 13:** WMI's 2008 fiscal year ended on December 31, 2008, and an annual WMI shareholders' meeting was not held within six months after the end of WMI's 2008 fiscal year.

**Answer:**     Debtor admits the allegations in Paragraph 13 of the Complaint.

**Complaint 14:** An annual WMI shareholders' meeting was not held within fifteen months after its last annual meeting or approval of corporate action by shareholder consent in lieu of such a meeting.

**Exhibit 3**
**3-27**

**Answer:**     Debtor admits the allegations in Paragraph 14 of the Complaint.

**Complaint 15:** WMI's 2009 fiscal year ended December 31, 2009. WMI has not set a date for an annual meeting of shareholders in 2010, which, under WMI's Bylaws, would normally by [*sic*] held on April 20, 2010.

**Answer:**     Debtor denies the allegations in Paragraph 15 of the Complaint, except admits WMI's 2009 fiscal year ended December 31, 2009, admits it has not set a date for an annual meeting of shareholders in 2010, and respectfully refers the Court to the WMI Bylaws for the content therein.

**Complaint 16:** WMI has not taken any action by written consent to elect WMI directors in lieu of an annual meeting.

**Answer:**     The allegations set forth in Paragraph 16 of the Complaint, which fail to specify any time frame, are so generalized and vague as to require no response and are therefore denied.

**Complaint 17:** RCW 23B.07.010 provides that a corporation shall hold an annual meeting of shareholders for the purpose of electing directors.

**Answer:**     Debtor states that the allegations set forth in Paragraph 17 of the Complaint state a conclusion of law as to which no response is required and otherwise denies same, except respectfully refers the Court to RCW 23B.07.010 for the content thereof.

**Complaint 18:** RCW 23B.07.030(2) provides that the court may, after notice to the corporation, fix the time and place of the meeting, determine the shares and shareholders entitled to participate in the meeting, specify a record date for determining shareholders entitled to notice of and to vote at the meeting, prescribe the manner, form, and content of the meeting notice, fix the quorum required for

specific matters to be considered at the meeting, or direct that the votes represented at the meeting constitute a quorum for approval of those matters, and enter other orders necessary to accomplish the purpose or purposes of the meeting.

**Answer:**     Debtor states that the allegations set forth in Paragraph 18 of the

Complaint state a conclusion of law as to which no response is required and otherwise denies

same, except respectfully refers the Court to RCW 23B.07.030(2) for the content thereof.

> **Complaint 19:** WMI should be compelled to schedule and hold an annual shareholders' meeting on a date certain, pursuant to RCW 23B.07.030 and 23B.07.010.

**Answer:**     Debtor denies the allegations in Paragraph 19 of the Complaint, and denies

the Plaintiff is entitled to any relief whatsoever.


## DEFENSES, AFFIRMATIVE DEFENSES, AND RESERVATION OF RIGHTS

The statement of any defense hereinafter does not assume the burden of proof for

any issue as to which applicable law places the burden upon Plaintiff. Debtor expressly reserves

the right to assert, and hereby gives notice that it intends to rely upon, any other defense and/or

affirmative defense that may become available or appear during discovery proceedings or

otherwise in this case and hereby reserves the right to amend this Answer to assert any such

defense and/or affirmative defense. Debtor hereby incorporates into this Answer and asserts any

and all defenses asserted or pled in this proceeding by any other party to the extent the defenses

are applicable to the Debtor under the facts and law.

Debtor has not knowingly or intentionally waived any applicable affirmative

defenses. Debtor presently lacks sufficient knowledge or information on which to form a belief

as to whether they may have as yet unstated affirmative defenses, and expressly reserves all

**Exhibit 3**
**3-29**

rights with respect to all affirmative defenses that may be revealed during the course of discovery or otherwise. Debtor further reserves all rights to assert any and all applicable defenses or affirmative defenses against Plaintiff.

Debtor asserts the following defenses and affirmative defenses, without assuming the burden of proof when the burden of proof would otherwise be on Plaintiff:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff is not a real party in interest with respect to some or all of its claims.

### Third Defense

Plaintiff lacks standing to assert some or all of its claims.

### Fourth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105 and Washington law RCW 23B.07.030.

### Fifth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to 11 U.S.C. § 105.

### Sixth Defense

Requested relief should be denied under authority and discretion permitted the court pursuant to Washington law RCW 23B.07.030.

### Seventh Defense

Requested relief should be denied because it constitutes "clear abuse" as defined under relevant case law.

**Exhibit 3**
**3-30**

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with applicable procedures under federal securities law, Washington law, or the Debtor's corporate regulations, including but not limited to its Amended Articles of Incorporation, Bylaws, or board resolutions.

## Ninth Defense

Some or all of the Plaintiff's claims and requested relief should be denied as seeking to obtain substantive rights the Plaintiff does not presently have--either under the law, via contract, or otherwise--and which the Court does not have authority in law or equity to grant.

## Tenth Defense

Requested relief should be denied as improper because granting it could force the Debtor to violate federal securities laws.

## Eleventh Defense

Plaintiff's claims are not justiciable.

## Thirteenth Defense

Plaintiff's claims are barred, in whole or in part, by waiver.

## Fourteenth Defense

By virtue of its conduct, Plaintiff is estopped from asserting the claims in the Complaint.

## Fifteenth Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unlawful conduct.

## Sixteenth Defense

Plaintiff's claims are barred, in whole or in part, by the release of Plaintiff's claims.

## Seventeenth Defense

Plaintiff's claims, in whole or in part, have been or will be discharged in the bankruptcy.

**Exhibit 3**
**3-31**

### Eighteenth Defense

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### Nineteenth Defense

Plaintiff's Complaint is barred, in whole or in part, for failure to comply with applicable rules under the Federal Rules of Bankruptcy Procedure.

### Twentieth Defense

Requested relief should be denied pursuant to the automatic stay provisions under 11 U.S.C. § 362(a), relief from which is unwarranted and without a showing of "cause," which the Plaintiff has not even attempted to make.

### Twenty-First Defense

Relief requested should be denied under the court's equitable and/or inherent authorities.

### Twenty-Second Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Twenty-Third Defense

Plaintiff's requested relief should be denied as impossible to implement in the timeframe requested.

### Twenty-Fourth Defense

Debtor reserves the right to assert additional affirmative defenses of which it becomes aware during the course of the litigation of this matter.

**Exhibit 3**
**3-32**

RLF1 3557726v 1

## DEBTOR'S COUNTERCLAIM

The Debtor, through its undersigned counsel, brings the following Counterclaim against the Equity Committee. The Debtor asserts and expressly reserves all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery, including the right to amend to assert any counterclaims or cross-claims that may hereafter be revealed during discovery.

## NATURE OF ACTION

1.      This suit is brought to protect the integrity, equity and progress to date of the Debtor's chapter 11 proceedings, to avoid waste of the assets of the Debtor's estate, and in pursuit of an efficient and equitable distribution of the Debtor's assets to the benefit of all parties in interest, which is the purpose of these chapter 11 proceedings.

2.      The Debtor seeks an order, pursuant to 11 U.S.C. § 105, enjoining the Equity Committee from bringing suit or prosecuting an action, in any forum, that seeks to compel a meeting of WMI shareholders.

## JURISDICTION AND VENUE

3.      This is an action pursuant to Federal Rule of Bankruptcy Procedure 7001 and 11 U.S.C. §§ 541, 544, 547, 548, and 550.

4.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).

5.      Venue is proper in this Court under 28 U.S.C. § 1409(b).

6.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

RLF1 3557726v 1

**Exhibit 3**
**3-33**

## THE PARTIES

7.      Counterclaim-Plaintiff Washington Mutual, Inc. ("WMI" or the "Debtor") is a corporation organized under the laws of the State of Washington with its principal place of business located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

8.      Counterclaim-Defendant the Official Committee of Equity Security Holders (the "Equity Committee") was appointed by the U.S. Trustee.

## FACTUAL ALLEGATIONS

9.      Since the Petition Date, the Debtor has worked diligently to maximize the value of its estate, pursuing billions of dollars in claims through complex litigation, and filing thirty omnibus claims objections to date.

10.     The Debtor, the Creditors' Committee, JPMC, the FDIC and other significant parties in interest have engaged in protracted and hard-fought negotiations seeking to reach a global resolution of the many issues of dispute among the parties. On March 12, 2010, these efforts bore fruit, as the Debtor, JPMC, the FDIC, and several of the Debtor's significant creditor constituencies reached a global agreement (the "Agreement").

11.     On March 26, 2010, the final day to file during the exclusivity period, the Debtor filed its Plan, referencing and incorporating the Agreement, and a disclosure statement in connection therewith (the "Disclosure Statement"). The Debtor anticipates seeking Court-approval of the Disclosure Statement as soon as the final terms of the Agreement are documented.

12.     Under the Plan, the preferred shareholders of WMI are out of the money by over $400 million, and the common shareholders of WMI are more than $8 billion further out of the money than the preferred shareholders.

13

**Exhibit 3**
**3-34**

13.     Under the WMI Amended Articles of Incorporation, under no circumstances at an annual meeting of shareholders could preferred shareholders have a right to vote, as a group, for more than two directors, which would be added to the current total of nine directors (of the eleven authorized seats) now serving on the WMI board. Therefore, only common shareholders have voting rights sufficient to precipitate a change in control of WMI via the election of directors at an annual meeting.

14.     The U.S. Trustee formed the Equity Committee so that the interests of shareholders of the Debtor would have a voice in these chapter 11 cases. Yet, just two months after its formation, the Equity Committee seeks to abandon this sensible and balanced approach, and seize a dominant position over the other parties, and the entire rehabilitation process, by reconstituting the board of the Debtor with their own nominees for director.

15.     In pursuit of this design, the Equity Committee seeks to compel the Debtor to hold an annual meeting of its shareholders for the purpose of election of directors beholden to the Plaintiffs. It does so in order to see the Debtor withdraw the Plan, repudiate the Agreement, and undo the tremendous progress toward rehabilitation of the Debtor and repayment of creditors made over the past 18 months of these chapter 11 proceedings and over one year of negotiation of the Agreement.

16.     Through its Action and the relief it requests, the Equity Committee seeks to exercise control over property of the Debtor's estate.

17.     The Equity Committee has publicly stated its opposition to the Agreement and the Plan.

18.     Permitting the Equity Committee to call such a meeting poses a serious threat and real jeopardy to the Agreement, the Plan, and the Debtor's reorganization. The Plan and the Debtor's reorganization are based upon the Agreement, which is sufficiently tentative and tenuous such that it

RLF1 3557726v 1

**Exhibit 3**
**3-35**

will not survive the dislocation engendered by a shareholders meeting. The Agreement was reached only after many compromises by the Debtor, its creditors, the FDIC, and JPMC. If the Agreement is upset, the Plan will likely not be confirmed, and the chapter 11 cases will be disrupted significantly. The current negotiating postures of the parties will change significantly. This will most certainly mean a return to aggressive positions held previously in the chapter 11 cases, erasing over a year's worth of progress toward a negotiated settlement.

19. Pursuant to Washington law, a WMI common shareholder could have applied to the court seeking an order to compel an annual meeting at any time since July 15, 2009. Yet, prior to filing of the Equity Committee's Complaint, neither the Equity Committee, any of its individual members, any WMI shareholder, nor any party had done so. The Equity Committee's motion for summary judgment on its Complaint (the "Motion") was filed less than 24 hours prior to announcement before this Court that the Agreement had been reached, and that under its terms equity would receive no recovery.

20. The Equity Committee has requested the Court compel an annual meeting on April 24, 2010, less than three weeks from the deadline for responding to its Motion. *See* Proposed Order at ¶ 2, attached to Plaintiff's Memorandum of Law in support of the Motion.

21. The Equity Committee has asked the Court to compel the Debtor to distribute the Equity Committee's (as yet unnamed) nominees for director with the Debtor's own proxy materials. *See* Proposed Order at ¶ 2j, attached to Plaintiff's Memorandum of Law in support of the Motion.

22. Compelling an issuer of public securities to include a dissident slate of directors on its own proxy disclosure statement and proxy ballot is contrary to applicable federal law.

**Exhibit 3
3-36**

23.     The Equity Committee requested the Court "[d]irect that the votes represented at the [annual] meeting constitute a quorum." *See* Proposed Order at ¶ 2f, attached to Plaintiff's Memorandum of Law in support of the Motion.

24.     Under the WMI Bylaws, the director candidates receiving a plurality of votes are to be seated as directors. *See* Bylaws section 3.11.2.

25.     If a shareholder meeting is called, creditor constituencies are likely to move for appointment of a chapter 11 trustee, causing substantial delay and leading to submission of competing plans. The problems and complexities of the proceedings would increase exponentially. These events would have a deleterious effect on the Chapter 11 cases, causing significant diminution in value and forcing creditors to go without recovery for a significantly longer period of time than already endured.

26.     Shareholders of WMI have a voice in the confirmation process of the Plan via the Equity Committee.

27.     11 U.S.C. § 105 grants this court authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

28.     The Court also has discretionary authority pursuant to Revised Code of Washington ("RCW") section 23B.07.030, which states: "The superior court of the county in which the corporation's registered office is located <u>may</u>, after notice to the corporation, summarily order a meeting to be held ... On application of any shareholder of the corporation entitled to vote in the election of directors at an annual meeting ...." (emphasis added).

RLF1 3557726v 1

## COUNTERCLAIM

### Legal Action By Plaintiff That Seeks To Compel a Meeting of WMI Shareholders Should Be Stayed Pursuant to Court's Authority Under 11 U.S.C. § 105(a)

29. Debtor repeats and re-alleges each and every allegation contained in the preceding paragraphs 1-28.

30. In a desperate, self-interested, and reckless attempt to scuttle the Plan, which leaves its constituents out of the money, the Equity Committee seeks to seize control of the Debtor. Plaintiff's scheme is to convince this Court to compel a hasty annual meeting, force the Debtor (contrary to law) to bear the cost of a proxy contest by including the Plaintiff's slate of hand-picked directors on the Debtor's proxy materials, and gain a waiver of quorum. In combination, these series of requests could, within a matter of weeks, allow a handful of common shareholders – who are over $8 billion out of the money – to seize control of the Debtor, withdraw the Plan, and terminate the Agreement, erasing 18 months of progress in these proceedings and doing irreparable harm to the Debtor and its creditors – the true parties in interest of these Chapter 11 proceedings.

31. To allow this result would be antithetical to very purpose and principles of the Bankruptcy Code--equitable and efficient distribution of a debtor's assets and a fresh start for the debtor. In order to protect the integrity and equity of these Chapter 11 cases, preserve this Court's expertise and management over the settlement process, and maintain the delicate balance of interests among the stakeholders that would be jeopardized by a change in control of the Debtor at this critical juncture in the proceedings, this Court should stay Plaintiff's Action and/or otherwise bar the Equity Committee from seeking relief in Washington state court, or any other forum, in order to compel a WMI shareholders meeting.

**Exhibit 3**
**3-38**

## PRAYER FOR RELIEF

WHEREFORE, Debtor WMI respectfully requests that the Court enter judgment in favor of Debtor, and:

(a) Issue an Order staying Plaintiff's Action and/or otherwise enjoining Plaintiff from bringing suit, or otherwise seeking judicial relief in any forum, to compel a WMI shareholders meeting.

(b) Granting Debtor such other legal or equitable relief as is just and proper.

Dated: April 7, 2010
Wilmington, Delaware

Mark D. Collins (No. 2981)
Chun I. Jang (No. 4790)
Drew G. Sloan (No. 5069)
RICHARDS, LAYTON & FINGER, P.A
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

-- and --

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

RLF1 3557726v 1

**Exhibit 3**
**3-39**