# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>Jointly Administered |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | Adv. Pro. No. 10-50731 (MFW)<br><br>Related Docket Nos. 1, 3, 4, 7- 9, 11, 14, 15, 19, 20, and 26 - 29 |

## NOTICE OF ENTRY OF ORDER BY UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON TRANSFERRING SHAREHOLDER ACTION TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE AND REQUEST FOR HEARING

Plaintiff the Official Committee of Equity Security Holders (the "Equity Committee"), by and through their respective attorneys, respectfully submits a true and correct copy of the Order dated June 21, 2010 (the "Transfer Order") entered by the United States Bankruptcy Court for the Western District of Washington transferring the Shareholder Action (as defined below) to this Court. The Equity Committee further respectfully states as follow:

1. On March 3, 2010, the Equity Committee filed its *Complaint* against debtor Washington Mutual Inc. ("WMI") commencing Adv. Pro. No. 10-50731 (MFW) in which the

---

[1] Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

Equity Committee seeks an order from this Court compelling WMI to hold a long overdue annual shareholders meeting (Adv. Dkt. No. 1). On March 11, 2010, the Equity Committee filed its *Motion for Summary Judgment* (Adv. Dkt. No. 3).

2. On April 21, 2010, the Court granted the alternative relief sought in the Equity Committee's Motion for Summary Judgment concluding that the automatic stay does not preclude the filing or prosecution of an action by shareholders of WMI in Washington state court to compel WMI to convene an annual shareholders meeting.[2] The Court entered an Order on April 26, 2010 (Adv. Dkt. No. 20) memorializing the Court's April 21st ruling.

3. On April 26, 2010, two WMI shareholders ("Plaintiffs") filed a *Complaint to Compel Shareholders' Meeting* (the "Shareholders' Complaint") in the Superior Court for the State of Washington for the County of Thurston commencing Case No. 10-2-00854-1 (the "Shareholder Action"). On May 5, 2010, Plaintiffs filed a *Motion to Compel Shareholders' Meeting* that was scheduled to be considered by the Washington state court on June 11, 2010.

4. On May 13, 2010, WMI filed a *Notice of Removal of the Shareholder Action* ("Notice of Removal") to the United States District Court for the Western District of Washington, and by reference and applicable local rules, to the United States Bankruptcy Court for the Western District of Washington.

5. On May 14, 2010, WMI filed in the Washington Bankruptcy Court, to which it had removed the Shareholder Action, its *Motion to Transfer, Stay, or Dismiss the Instant Action* (the "Motion to Transfer"). (*See* Adv. Dkt. No. 27, Exhibit C). In the Motion to Transfer, WMI argues that the Shareholder Action "should be transferred, stayed, or dismissed, so that Plaintiff's claim can be litigated in the context of the Adversary Proceeding in the Delaware Bankruptcy

---

[2] Transcript of Hearing, Apr. 21, 2010 (Dkt. No. 3593), at 64-65.

Court." (Motion to Transfer 1) In order to expedite a decision on the merits of the Shareholder Action, Plaintiffs advised WMI that they would consent to the immediate transfer of the Shareholder Action to this Court, which was one of the alternative forms of relief that WMI requested in its Motion to Transfer. WMI, however, *refused to consent to entry of an order granting the relief it requested.* On May 21, 2010, Plaintiffs filed in the Washington Bankruptcy Court a *Motion to Remand or, in the Alternative, Transfer for Hearing on Remand* (the "Motion to Remand")

6. On May 20, 2010, the Equity Committee filed its *Application for Oral Argument* (Adv. Dkt. No. 27) and *Notice of Completion of Briefing* (Adv. Dkt. No. 28) regarding the Motion for Summary Judgment.

7. On June 4, 2010, the Debtors filed a *Response* (Adv. Dkt. No. 29) to the Equity Committee application for argument in which the Debtors argued "in the interest of judicial efficiency, this Court should defer considering the Motion for Summary Judgment until the Washington Bankruptcy Court has ruled on the Motions to Transfer and Remand...." (Response, ¶8)

8. On June 11, 2010, the Washington Bankruptcy Court convened a hearing to consider the Motions to Transfer and Remand. On June 17, 2010, the Washington Bankruptcy Court convened a further hearing to render its decision whereby the Court: 1) granted the Motion to Transfer sending the Shareholder Action to this Court, and 2) preserved and transferred the Motion to Remand to this Court for determination. (*See* Transfer Order (attached hereto)) On June 21, 2010, the Washington Bankruptcy Court entered the Transfer Order memorializing its June 17th decision.

9. The Debtors now have what they want – the Shareholder Action has been transferred to this Court. The Equity Committee is informed that the Plaintiffs in the Shareholder Action intend to withdraw the Motion to Remand as soon as practical following the docketing of the Shareholder Action in this Court, leaving for determination by this Court the sole substantive issue (common to both the Shareholder Action and the Motion for Summary Judgment) of whether WMI should be compelled to convene its long overdue annual shareholders meeting. Thus, the complex procedural posture about which the Debtors complained so much no longer exists and the matter is ripe for determination.

10. In an apparent attempt to focus this Court's attention away from the Debtors' violation of the spirit, if not express terms, of this Court's April 26th Order (Adv. Dkt. No. 20) by their filing of the Motion to Transfer, the Debtors complain in their Response that the Equity Committee's application for argument and notice of completion of briefing were untimely filed. (Response at fn.1) This is just another example of the Debtors running roughshod over this Court's views and rulings while attempting to hold others to a higher standard. As this Court is well aware, the Local Rules permit modification "by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c). To the extent the Court entertains the Debtors' claim that the request for argument is untimely, the Equity Committee submits that in light of the Debtors' improper tactics to delay an annual shareholders meeting, the interests of justice certainly warrant the exercise of discretion by the Court as permitted under the Local Rules to extend the deadlines imposed by LR 7007-3 and LR 7007-4.

11. It cannot be overstated – time is of the essence if a shareholder meeting is to have any real meaning for WMI's owners. The Motion for Summary Judgment is fully briefed and the Equity Committee respectfully requests the scheduling of argument as soon as the Court's

calendar permits so that a decision on the merits of the claims asserted therein may be obtained without any further undue delay.

Dated: June 24, 2010

ASHBY & GEDDES, P.A.

/s/ William P. Bowden

William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
E-mail:  wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

-And-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
E-mail:
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
E-mail:
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel for the Official Committee of Equity Security Holders of Washington Mutual, Inc., et al.*