IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* | Chapter 11 |
| WASHINGTON MUTUAL, INC., et al. | Case No. 08-12229 (MFW) |
| Debtors. | Jointly Administered |
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS, | Adv. Pro. No. 10-50731 (MFW) |
| | Re: D.I. 41 |
| Plaintiff, | |
| - against - | |
| WASHINGTON MUTUAL, INC., | |
| Defendant | |

**DEFENDANT WASHINGTON MUTUAL, INC.'S
RESPONSE TO THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS' REQUEST FOR HEARING**

Defendant Washington Mutual, Inc. ("WMI") hereby responds to the Official Committee of Equity Security Holders' (the "Equity Committee") *Notice of Entry of Order by United States Bankruptcy Court for the Western District of Washington Transferring Shareholder Action to United States Bankruptcy Court for the District of Delaware and Request for Hearing* (the "Request for Hearing") [D.I. 41] and, in support thereof, states as follows:

**The Bankruptcy Filings and Adversary Proceeding**

1. On September 26, 2008, WMI and WMI Investment Corp. filed cases in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.     On March 3, 2010, the Equity Committee filed the above-captioned adversary proceeding (the "Adversary Proceeding"), seeking an order under Washington law compelling WMI to convene an annual shareholders' meeting.

3.     Eight days later, the Equity Committee filed its *Motion for Summary Judgment, or in the Alternative, for Relief from the Automatic Stay* (the "Motion for Summary Judgment"). [D.I. 3.]

4.     On April 7, 2010, WMI filed its *Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, for Relief from the Automatic Stay*. [D.I. 9.] WMI argued four principal grounds for opposing the Motion for Summary Judgment: (i) the commencement of the Adversary Proceeding constituted clear abuse of process, (ii) the holders of WMI's equity are not real parties in interest, because WMI is insolvent, (iii) the denial of the Motion for Summary Judgment was consistent with Washington law, and (iv) this Court should exercise its equitable powers to protect the interests of WMI's chapter 11 estate and true economic parties in interest. (See Opp. to Mot. for Summ. J. at 2, 8.) In addition, WMI argued that, "[a]t a minimum, the Debtors should be permitted to obtain discovery into several genuine issues of fact so that they may present evidence at trial demonstrating that (1) the Equity Committee's efforts will severely jeopardize, and are in fact designed to upset, the Debtors' chapter 11 efforts at this critical juncture, and (2) the Debtors are insolvent." (Id. at 4-5.)

5.     The same day, WMI filed its *Answer and Counterclaim to Plaintiff's Complaint*, seeking a stay of the Adversary Proceeding under 11 U.S.C. § 105(a). [D.I. 8.]

2

6. On April 18, 2010, the Equity Committee filed its *Reply to Opposition of Defendant Washington Mutual, Inc. to Plaintiff's Motion for Summary Judgment, or in the Alternative, for Relief from the Automatic Stay.* [D.I. 15.]

7. On April 26, 2010, this Court issued an order finding that the automatic stay was "inapplicable to an action by any one or more shareholders of WMI . . . seeking to compel WMI to hold an annual shareholders meeting" and stating that the "foregoing is without prejudice to the rights of WMI to contest the relief requested in any such action and in any such court" and that the "relief granted herein does not affect, nor is it intended to affect, the rights of WMI with respect to the Counterclaim. . . ." [D.I. 20.]

8. On May 20, 2010, the Equity Committee filed the *Application of the Official Committee of Equity Security Holders for Oral Argument* (the "Application") with respect to the Motion for Summary Judgment. [D.I. 27.]

9. On June 4, 2010, WMI filed its *Response to the Official Committee of Equity Security Holders' Request for Oral Argument* [D.I. 29] and served document requests and notices of deposition of the members of the Equity Committee in connection with this action. [D.I. 32-39.]

10. On July 2, 2010, the Equity Committee served its *Responses and Objections to Debtor's First Request for Production of Documents.* Therein, the Equity Committee asserted various objections to the requested documents, claimed privilege with respect to certain others and informed WMI that it intends to produce documents responsive to WMI's document requests during the week of July 5, 2010. As of the date hereof, WMI has not received any documents, has not received a privilege log, and is unable to state how responsive the Equity Committee has been. WMI is in the process of "meeting and conferring" with counsel for the Equity

3

Committee. At this time, WMI cannot state whether it will need to file a motion to compel or otherwise seek the intervention of the Court. On July 1, 2010, the Equity Committee agreed to make Michael Willingham, the chairperson of the Equity Committee, and a representative of Esopus Creek Value LP available for deposition during the week of July 12, 2010. Depending upon the level of the Equity Committee's production, it is unclear whether the depositions will go forward at that time.

**The Washington State Action**

11. On April 26, 2010, the same day that this Court issued an order that the automatic stay did not apply to an action to compel a shareholders meeting, Mr. Willingham and another member of the Equity Committee (or its affiliate) (collectively, "Plaintiffs") filed an action (the "Washington State Action") in the Superior Court of the State of Washington, for the County of Thurston, seeking the same relief under the same statute against the same defendant (WMI) as in the Adversary Proceeding. [Bankr. W.D. Wash. D.I. 2, Exh. F.]

12. On May 13, 2010, WMI timely filed in the United States Bankruptcy Court for the Western District of Washington (the "Western District of Washington Bankruptcy Court") a *Notice of Removal* of the Washington State Action to that court pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) and Rule 9027 of the Federal Rules of Bankruptcy Procedure. [Bankr. W.D. Wash. D.I. 1.]

13. The next day, WMI filed a *Motion to Transfer, Stay, or Dismiss* (the "Motion to Transfer") the Washington State Action in favor of the Adversary Proceeding. [Bankr. W.D. Wash. D.I. 11.]

14. On May 21, 2010, Plaintiffs filed in the Western District of Washington Bankruptcy Court a *Motion to Remand or, in the Alternative, Transfer for Hearing on Remand* (the "Motion to Remand"). [Bankr. W.D. Wash. Adv. D.I. 20.]

15. On June 17, 2010, the Honorable Paul D. Snyder of the Western District of Washington Bankruptcy Court orally ruled that the Washington State Action had been properly removed and granted the Motion to Transfer. (Transcript of Ruling by Hon. Paul D. Snyder, Michael Willingham v. Washington Mutual, Inc., No. 10-2-00854-1 (2010) at 12:8-10.) Judge Snyder ruled that the Washington State Action should be transferred to this Court. (Id.) Subsequently, this ruling was memorialized in an order, dated June 21, 2010. [Bankr. W.D. Wash. Adv. D.I. 40.]

**The Request for Hearing**

16. On June 24, 2010, notwithstanding that this Court had not ruled on the Application, the Equity Committee filed the Request for Hearing on the Motion for Summary Judgment. In the Request for Hearing, the Equity Committee disclosed that "Plaintiffs in the [Washington] Shareholder Action intend to withdraw the Motion to Remand as soon as practical following the docketing of the Shareholder Action in this Court." (Request for Hearing ¶ 9.) According to the Equity Committee, this anticipated withdrawal "leav[es] for determination by this Court the sole substantive issue (common to both the Shareholder Action and the Motion for Summary Judgment) of whether WMI should be compelled to convene its long overdue annual shareholders meeting." (Id.)

17. Four days later, Plaintiffs filed the *Notice of Withdrawal of Plaintiffs' Motion to Remand the Adversary Proceeding to Washington State Court*. [Adv. Proc. No. 10-51297 D.I. 3.]

5

### WMI's Response to the Request for Hearing

18.     WMI respectfully submits that the Request for Hearing should be denied. As argued in its Opposition to the Motion for Summary Judgment, WMI believes that there are genuine issues of material fact that preclude summary judgment for the Equity Committee. Accordingly, WMI's position is that this Court should deny the Motion for Summary Judgment. But assuming <u>arguendo</u> that, at this juncture, this Court were not inclined to deny the Motion for Summary Judgment, WMI submits that, <u>before</u> this Court holds a hearing or rules on the Motion for Summary Judgment, WMI be permitted to complete discovery relevant to the Equity Committee's claim and WMI's counterclaim. (<u>See</u> Opp. to Mot. for Summ. J. at 2, 8.)[1]

19.     WMI has served document requests and notices of deposition on the Equity Committee concerning the Equity Committee's claim and WMI's counterclaim. Such discovery is necessary to confirm (among other things) that the Equity Committee's claim constitutes "clear abuse," a triable issue of fact. See <u>Manville Corp. v. Equity Security Holders Comm. (In re Johns-Manville Corp.)</u>, 801 F.2d 60, 69 (2d Cir. 1986) ("Whether [an] Equity Committee's

---

[1] In addition, the Request for Hearing should be denied as untimely. Under Local Rules 7007-3 and 7007-4 of this Court, a party seeking oral argument on a motion must file an application for oral argument and notice of completion of briefing within seven days of the completion of briefing. See Del. Bankr. L.R. 7007-3, 7007-4. Here, briefing on the Motion for Summary Judgment was completed no later than April 18, 2010. Hence, the Equity Committee's Request for Hearing should have been filed no later than April 26, 2010. Yet, the Equity Committee first sought oral argument on the Motion for Summary Judgment more than three weeks later, on May 20, 2010.

The Equity Committee now requests an after-the-fact enlargement of time to move for a hearing on the Motion for Summary Judgment. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure governs motions for enlargement of time. See Fed. R. Bankr. P. 9006(b). Under Rule 9006(b)(1), this Court may "order the period enlarged if the request therefor is made <u>before</u> the expiration of the period originally prescribed or as extended by previous order. . . ." See id. 9006(b)(1) (emphasis added). Alternatively, this Court may order enlargement "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Id. Here, the Equity Committee did not seek enlargement time before April 26, 2010, and has not even attempted to demonstrate "excusable neglect." Id.

6

RLF1 3588272v. 1

call for a shareholders' meeting constitutes clear abuse and whether such a meeting would cause irreparable harm to [a debtor's] reorganization are triable issues of fact."). As noted above, the Equity Committee has responded previously to WMI's document requests and agreed to produce documents during the week of July 5, 2010. In addition, the Equity Committee has agreed to make two witnesses available for deposition during the week of July 12, 2010. As a consequence, the discovery to which WMI believes that it is entitled has begun but is far from being completed.

20. Accordingly, unless this Court intends to deny the Motion for Summary Judgment, WMI believes that, at this time, it would be premature for this Court to hold a hearing or rule on the Motion for Summary Judgment.

Dated: July 7, 2010
Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Marcos A. Ramos (No. 4450)
Chun I. Jang (No. 4790)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

– and –

Marcia L. Goldstein, Esq.
Brian S. Rosen, Esq.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

ATTORNEYS FOR WASHINGTON MUTUAL, INC.