# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC., *et al.*,[1]<br><br>Debtors. | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

| | |
|---|---|
| OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC.,<br><br>Defendant. | ) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) )<br>) ) |

Chapter 11

Case No. 08-12229 (MFW)

Jointly Administered

Adv. Pro. No. 10-50731 (MFW)

### THE OFFICIAL COMMITTEE OF EQUITY SHAREHOLDERS OF WASHINGTON MUTUAL INC.'S RESPONSES and OBJECTIONS TO DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The Official Committee of Equity Shareholders of Washington Mutual Inc. ("EC") provides the following responses and objections to the Debtors' first request for production of documents.

### GENERAL OBJECTIONS

The EC objects to the Debtors' requests to the degree that they call for production of documents protected by the attorney client privilege, the work product doctrine, and other applicable privileges. The EC will produce only non-privileged documents in response to these requests.

---

[1] Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: (i) Washington Mutual, Inc. (3725) and (ii) WMI Investment Corp. (5395). The Debtors are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

The EC objects to the Debtors' requests, including the definitions and instructions, to the extent they seek to modify or impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Delaware and the Bankruptcy Court for the District of Delaware, or any other applicable law or rule. The EC will respond to these requests according to the obligations imposed by the applicable rules.

The EC objects to the Debtors' requests to the degree that they call for production of documents not within the custody or control of the EC. The Debtors' requests are overbroad and burdensome in any demand that requires the EC to produce documents or other information maintained by entities other than the EC and its current individual members.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS

1. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the Action, including but not limited to your request for an order requiring that WMI convene and hold an annual shareholders' meeting for the nomination and election of WMI directors and any of the issues raised in and bases for the Action and your request for such an order.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

2. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to your decision to file the Action and the timing thereof.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

3. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the Counterclaim and any of the issues raised in and bases for the Counterclaim.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

4. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the Plan, including but not limited to whether you support or oppose the Plan and the bases for your support or opposition to the Plan.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

1053050v1/011970

5. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the Agreement, including but not limited to whether you support or oppose the Agreement and the bases for your support or opposition to the Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

6. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning your ownership of WMI equity securities, including: (i) the number of such shares owned; (ii) the date(s) on which such shares were purchased by you; (iii) the purchase price of such shares; (iv) the date(s) on which such shares were sold by you; (v) the sale price of such shares; and (vi) the net proceeds from sales of such shares by you.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

The EC objects to this request as unduly burdensome because it contains no restriction as to time. Information about securities held by EC members prior to their joining the committee is neither relevant to any claim or defense in this action nor likely to lead to the discovery of admissible evidence. The EC will produce documents sufficient to show the WMI equity securities held by EC members at the time they joined the committee.

4

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

7. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning your tax or accounting treatment of your ownership of WMI stock and any financial statement (audited, unaudited, or otherwise) concerning your ownership of WMI stock.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

The EC objects to this request as unduly burdensome in its request for information concerning individual committee members taxes or personal accounting records. Such information is neither relevant to any claim or defense in this action nor likely to lead to the discovery of admissible evidence and production of this material is an unjustified invasion of the EC members' privacy. The EC will not produce personal tax or accounting records in response to these requests.

The EC objects to this request as unduly burdensome because it contains no restriction as to time. Information about securities held by EC members prior to their joining the committee is neither relevant to any claim or defense in this action nor likely to lead to the discovery of admissible evidence. The EC will produce document sufficient to show the WMI equity securities held by EC members at the time they joined the committee.

Without waiving these objections or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

1053050v1/011970

8. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the projected value of your WMI shares under the Plan and Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

9. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to any projected economic distributions that you may obtain under the Plan and Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

10. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the treatment of holders of WMI common and preferred equity under the Plan and Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

11. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning any public statements that you have made concerning Debtors, their chapter 11 cases, the Plan, the Agreement, the Action, and the Counterclaim.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

12. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning whether: (i) WMI preferred shareholders are entitled to vote, as a group, for WMI directors and (ii) WMI common shareholders are entitled to vote, as a group, for WMI directors.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

13. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the earliest date

when, under Washington law, a WMI shareholder could have applied to any court seeking an order to compel WMI to convene and hold an annual shareholders' meeting.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

14. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the possible impact of the convening and holding of a WMI annual shareholders' meeting on the Debtors' chapter 11 cases, the Plan, and the Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

15. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the first time that you learned of a possible settlement of any litigation among Debtors, JPMorgan Chase, N.A., and the Federal Deposit Insurance Corp.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

16. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the projected expenses that WMI would incur if its annual shareholders meeting were convened and held and it waged a proxy contest for the election of WMI directors at such a meeting.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

17. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the projected expenses that you would incur waging the proxy contest referred to in Request Number 16.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

18. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the financial resources of the Equity Committee and/or the members thereof, including but not limited to whether the

9

Equity Committee or its members have cash and other assets necessary to wage the proxy contest referred to in Request Number 16.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

The EC objects to this request as unduly burdensome in its request for information concerning individual committee members' financial resources. Such information is neither relevant to any claim or defense in this action nor likely to lead to the discovery of admissible evidence and production of this material is an unjustified invasion of the EC members' privacy. The EC will not produce information about its individual members financial resources in response to this request.

Without waiving these objections or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

19. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning your objectives in seeking to have a WMI annual shareholders' meeting convened and held.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

20. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to how you would

10

vote at any WMI annual shareholders' meeting, including but not limited to which particular candidates for director (by name) the Equity Committee intends to nominate, which particular candidates for director whom you intend to vote for and why you intend to vote for them.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

The EC objects to this request to the degree that it calls for the nomination or voting intentions or plans of individual members of the EC. Such information about individual shareholders is not discoverable because it is not relevant to any claim or defense and is unlikely to lead to the production of admissible evidence. Any relevance that such information arguably has is outweighed by the invasion of the individual shareholders' privacy and right to confidentiality in corporate voting. In response to this request the EC will produce only documents referring or relating to discussions by the EC as a whole concerning nominations and voting for directors.

Without waiving these objections or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

21. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to whether any candidates for director that the Equity Committee would seek to appoint to WMI's board of directors would support and vote for the Plan and Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

11

The EC objects to this request to the degree that it calls for the nomination or voting intentions or plans of individual members of the EC. Such information about individual shareholders is not discoverable because it is not relevant to any claim or defense and is unlikely to lead to the production of admissible evidence. Any relevance that such information arguably has is outweighed by the invasion of the individual shareholders' privacy and right to confidentiality in corporate voting. In response to this request the EC will produce only documents referring or relating to discussions by the EC as a whole concerning potential directors.

Without waiving these objections or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

22. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the credentials of the candidates for director whom you would support for nomination to WMI's board of directors if a WMI annual shareholders' meeting were convened and held.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

The EC objects to this request to the degree that it calls for the nomination or voting intentions or plans of individual members of the EC. Such information about individual shareholders is not discoverable because it is not relevant to any claim or defense and is unlikely to lead to the production of admissible evidence. Any relevance that such information arguably has is outweighed by the invasion of the individual shareholders' privacy and right to confidentiality in corporate voting. In response to this request the EC will

12

produce only documents referring or relating to discussions by the EC as a whole concerning potential directors.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

23. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to how many WMI directors WMI preferred and common equity security holders would be entitled to appoint if a WMI annual shareholders' meeting were convened and held.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

24. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning whether if a WMI annual shareholders' meeting were convened and held, the Equity Committee could effect a change of control of WMI, i.e., could nominate and elect a majority of WMI's board of directors.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

13

25. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning any alternative to the Plan that you would support.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

26. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the economic values that you assign to any and all WMI assets and liabilities, including causes of action that have been asserted and could be asserted for the WMI estate's benefit.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

27. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning any potential economic distribution to you on account of any recovery by WMI on any claims that have been asserted and could be asserted for the WMI estate's benefit.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

28. All documents and communications (including but not limited to communications between or among members of the Equity Committee) purporting to demonstrate Debtors' solvency.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

29. All documents and communications (including but not limited to communications between or among members of the Equity Committee) concerning the Debtors' current and projected financial condition, including but not limited to whether Debtors are now insolvent or may be insolvent in the future and the bases for any such projections.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

1053050v1/011970

30. All documents and communications (including but not limited to communications between or among members of the Equity Committee) that refer or relate to the likelihood that if a WMI annual shareholders' meeting were convened and held, WMI's creditor constituencies might move for appointment of a chapter II trustee and the effect that such a motion could have on the approval of the Plan and the Agreement.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

31. All documents, correspondence, and communications concerning your document retention policy.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

32. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to any agreements between or among the members of the Equity Committee relating to the above-captioned chapter 11 cases and adversary proceeding.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

33. All documents and communications (including but not limited to communications between or among the members of the Equity committee) concerning the replacement of advisors to or management of Debtors.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

34. All documents and communications (including but not limited to communications between or among the members of the Equity committee) concerning any document or communication called for by these Requests.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it objects to this document request as unintelligible. The EC interprets this request as calling for documents concerning the subjects identified in the other requests and responds that such documents are being produced in response to the other requests.

1053050v1/011970

35. All documents and communications (including but not limited to communications between or among the members of the Equity committee and between or among members of the Equity Committee and anyone else) relating to any messages and communications regarding Debtors, their chapter 11 cases, the Action, the Counterclaim, the Plan, and the Agreement posted on any blogs and electronic message and bulletin boards and in any chat rooms.

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

36. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to and purport to support your allegation in the Action that "Debtor has deprived the Equity Committee and other shareholders of useful and relevant information regarding WMI's operations and has prevented them from nominating and voting for WMI directors." (Compl. 'lll.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

37. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that "The Board of Directors that oversaw the destruction of

18

WMI now wants to prevent shareholders -- who would receive nothing in the proposed settlement -- from exercising their statutory right to call a long-overdue annual meeting in order to protect the rights of all interested parties." (Reply Mem. I.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

38. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that there has been no "type of shareholder input in corporate governance since well before the [WMI] bankruptcy." (Reply Mem. 1.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

39. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to your statement in the Action that you have "concerns that the global settlement may not reflect a fair and appropriate valuation of the underlying litigation in a manner that maximizes the value of the Debtors' estates" and any purported support for your alleged concerns. (Reply Mem. 2.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

40. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that there are "potential conflicts in the existing Board of Directors." (Reply Mem. 2.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

41. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that WMI "grossly overstates the costs of holding an annual meeting and soliciting votes for a dissident slate of directors." (Reply Mem. 5.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

42. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that "The proposed plan of reorganization in this case does not present a genuine reorganization effort." (Reply Mem. 8.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

43. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that "approval of the global settlement and confirmation of the proposed plan of reorganization would effectuate an orderly liquidation of the Debtors' affairs." (Reply Mem. 8 (emphasis in original).)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

44. All documents and communications (including but not limited to communications between or among the members of the Equity Committee) that refer or relate to or purport to support your statement in the Action that "other avenues of litigation may yield large recoveries without any corresponding claims back against the estate." (Reply Mem. 10, n.3.)

RESPONSE: The EC objects to this request as calling for the production of documents protected by the attorney client privilege and the work product doctrine. The EC will produce only non-privileged documents in response to this request.

Without waiving this objection or the general objections above, the EC responds that it will produce non-privileged, responsive documents in its possession, custody, or control at a time and in a manner to be mutually agreed upon by the parties.

1053050v1/011970

Dated: July 2, 2010
     Wilmington, Delaware

**ASHBY & GEDDES, P.A.**


  /s/ William Bowden
William P. Bowden (DE Bar No. 2553)
Gregory A. Taylor (DE Bar No. 4008)
Stacy L. Newman (DE Bar No. 5044)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile : (302) 654-2067
wbowden@ashby-geddes.com
gtaylor@ashby-geddes.com
snewman@ashby-geddes.com

*Co- Counsel to the Official Committee of Equity
Security Holders of Washington Mutual, Inc. et al.*

    -and-

**SUSMAN GODFREY, L.L.P.**
Stephen D. Susman (NY Bar No. 3041712)
Seth D. Ard (NY Bar No. 4773982)
654 Madison Avenue, 5th Floor
New York, NY 10065
ssusman@susmangodfrey.com
sard@susmangodfrey.com

Parker C. Folse, III (WA Bar No. 24895)
Edgar Sargent (WA Bar No. 28283)
Justin A. Nelson (WA Bar No. 31864)
1201 Third Ave., Suite 3800
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
pfolse@susmangodfrey.com
esargent@susmangodfrey.com
jnelson@susmangodfrey.com

*Co-Counsel to the Official Committee of Equity
Security Holders of Washington Mutual, Inc. et al.*

## CERTIFICATE OF SERVICE

Pursuant to an agreement between the parties, I certify that on July 2, 2010 I served via email the attached **THE OFFICIAL COMMITTEE OF EQUITY SHAREHOLDERS OF WASHINGTON MUTUAL INC.'S RESPONSES and OBJECTIONS TO DEBTOR'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** on counsel of record for the Debtors in this proceeding including the following:

Mark. D. Collins—Collins@rlf.com
Marcos A. Ramos—ramos@rlf.com
Chun I. Jang—jang@rls.com
RICHARDS, LAYTON & FINGER, P.A.

Brian S. Rosen—brian.rosen@weil.com
Marcia L. Goldstein—marcia.goldstein@weil.com
Adam M. Schloss—adam.schloss@weil.com
Michael Walsh—michael.walsh@weil.com
WEIL, GOTSHAL & MANGES LLP

Edgar Sargent (WA Bar No. 28283)

1053050v1/011970